UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:  6:22-CV-394-CEM-LHP

JANET FELICIANO,
JANET FELICIANO as next friend and
guardian of D.F.;
ETHAN GONZAGA; EDGARDO
GONZAGA; and JALISA GONZAGA,

      Plaintiffs,

vs.

THE CITY OF ORLANDO;
WILLIAM JIMENEZ, individually,
LUKE AUSTIN, individually;
JOHN EARLE, individually, and
MICHAEL BROWN, individually,

      Defendants.

_____/

## CORRECTED AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL[1]

Plaintiffs, JANET FELICIANO ("Janet Feliciano"), JANET FELICIANO as next friend and guardian of D.F. ("D.F."), ETHAN GONZAGA ("Ethan Gonzaga"), EDGARDO GONZAGA ("Edgardo Gonzaga"), and JALISA GONZAGA ("Jalisa Gonzaga") (collectively "Plaintiffs"), by and through their undersigned counsel, sue Defendants, THE CITY OF ORLANDO ("City" or "Orlando Police Department" or "OPD"); WILLIAM JIMENEZ, individually

_____

[1] Pursuant Court's Order of October 6, 2022 (Doc. 20), Plaintiffs file this Amended Complaint.

("Jimenez"); LUKE AUSTIN, individually ("Austin"); JOHN EARLE, individually ("Earle"); and MICHAEL BROWN, individually ("Brown") (collectively, the "Defendants"), and seek damages against Defendants and any other and further relief as this Court deems just and proper, and states as follows:

## **PARTIES**

1.     At all times material to this Complaint, Janet Feliciano was a resident of Orange County, Florida.

2.     At all times material to this Complaint, D.F. was a resident of Orange County, Florida and resided with her aunt and legal guardian, Janet Feliciano.

3.     At all times material to this Complaint, Ethan Gonzaga was a resident of Orange County, Florida.

4.     At all times material to this Complaint, Edgardo Gonzaga was a resident of Orange County, Florida.

5.     At all times material to this Complaint, Jalisa Gonzaga was a resident of Orange County, Florida.

6.     City is a municipal corporation of the State of Florida, situated in Orange County, Florida, and through its law enforcement agency, the Orlando Police Department ("OPD"), is responsible for the policies and conduct of the

49236734 v1

officers of the OPD and any other law enforcement investigators working in concert with OPD.

7.    Jimenez is a police officer who, at all times relevant to this Complaint, was employed by the OPD, working within the course and scope of his employment and acting under color of state law. Officer Jimenez is over the age of eighteen (18) years old.  Jimenez is being sued in his individual capacity.

8.    Austin is a police officer who, at all times relevant to this Complaint, was employed by the OPD, working within the course and scope of his employment and acting under color of state law. Officer Austin is over the age of eighteen (18) years old.  Austin is being sued in his individual capacity.

9.    Officer Austin has received 11 supervisory referrals, two oral reprimands, and a written censure.

10.    Earle is a police officer who, at all times relevant to this Complaint, was employed by the OPD, working within the course and scope of his employment and acting under color of state law. Officer Earle is over the age of eighteen (18) years old. Earle is being sued in his individual capacity.

11.    Officer Earle was previously found to have violated eight different policies and received discipline ranging from reprimand to suspension.

12.    Brown is a police officer who, at all times relevant to this Complaint, was employed by the OPD, working within the course and scope of

his employment and acting under color of state law. Officer Brown is over the age of eighteen (18) years old.  Brown is being sued in his individual capacity.

13.     Officer Brown has received 15 supervisory referrals and two oral reprimands.

## VENUE AND JURISDICTION

14.     This action is proper in the Circuit Court in and for Orange County, Florida, as all material facts in this cause of action occurred in Orange County, Florida, and this is where the cause of action accrued.

15.     The causes of action alleged herein are for damages in excess of $30,000.00, exclusive of attorneys' fees and costs.

16.     Jurisdiction to hear all Plaintiffs' claims is conferred to the Circuit Court in and for Orange County, Florida by Article V, Section 5(b) of the Florida Constitution.

17.     This is an action brought pursuant to 42 U.S.C. § 1983, which provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory . . . subjects or causes to be subjected any citizen of the United States or others person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or others proper proceeding for redress."

4

18.    Pursuant to § 768.28(6)(a), Florida Statutes, Plaintiffs notified Orlando Rolon, in his official capacity as OPD's Chief of Police, and Mayor Buddy Dyer, in his official capacity as the Mayor of the City of Orlando, of their claims six months or more prior to the filing of this action, and said claims were not resolved. Plaintiffs fully complied with § 768.28(6)(a), including providing notice and service, if applicable, to the Florida Department of Financial Services.

19.    All conditions precedent to the filing of this action have occurred, accrued, or have been waived as a matter of law.

## GENERAL FACTS

20.    On July 16, 2019 at approximately 1:00 p.m., Janet Feliciano was driving her car to her home at 740 West South Street, Orlando, Florida.

21.    Janet Feliciano was traveling with her grandson, A.H. (who was approximately 4 years old at the time), and a friend of the family, Deondre Jackson ("Jackson").  From South Street, Janet Feliciano pulled into her yard area where she normally parks her car, and Jackson got out and walked into the house.

22.    Janet Feliciano got out of the car and started getting A.H. out of the vehicle, when she noticed a police car rushing toward them.

23.    A.H. was standing up in the front seat of the car, and Janet Feliciano was outside the driver's door.

24.    The police car came to a sudden stop behind her car, and two OPD officers got out of the police car and quickly walked towards Janet Feliciano.

25.    The two OPD officers were Officer Jimenez and Officer Austin. Officer Jimenez went to the driver's side of Janet Feliciano's car, and Officer Austin went to the passenger side of the car.  Both car doors were open.

26.    Officer Jimenez started yelling in a loud voice for Janet Feliciano to "go get the guy in the red shirt" from her home.  Janet Feliciano was aware that both Jackson and her son, Ethan Gonzaga, had on red shirts at the time, and both were inside her home.

27.    Inside the home were: (1) Jackson; (2) Keyarri Blackshear (Janet Feliciano's son's girlfriend) ("Blackshear"); (3) Janet Feliciano's niece, D.F. (a minor child who is disabled and of whom, because of the death of D.F.'s mother, Janet Feliciano has custody); (4) Edgardo Gonzaga (Janet Feliciano's son); (5) Jalisa Gonzaga (Janet Feliciano's daughter); and (6) Ethan Gonzaga (Janet Feliciano's son).

28.    Officer Austin told A.H. to stay in the car and not exit.

29.    Janet Feliciano told Officer Jimenez to hold on and relax and she would go get them, not knowing to which person the officer was referring as "the guy in the red shirt."

6

30.    Officer Jimenez became agitated with Janet Feliciano's response and started demanding that Janet Feliciano give him her house keys.  Janet Feliciano refused to give him the keys.

31.    Janet Feliciano did not want the officers to go into her house, because she knew her niece, D.F., was in the house and that police officers coming in the home would severely upset her.  Because of her disability, D.F. was scared of strangers, and the loud and boisterous entry of screaming police officers in the home would traumatize her.  Knowing this, but still unsure who the police were looking for, Janet Feliciano told Officer Jimenez, "I will just go and have them all come."

32.    A.H. was not allowed to exit the car. Janet Feliciano began walking toward her home with Officer Jimenez directly behind her.

33.    A.H. was now alone with Officer Austin and began crying. While Officer Jiminez was approaching the house, Officer Austin searched Janet Feliciano's car without a warrant, probable cause, or extenuating circumstances.

34.    Officer Jimenez continued to yell at Janet Feliciano as they approached the house.

35.    At this time, Edgardo Gonzaga heard the commotion outside and looked out the window to see what was going on.

49236734 v1

36.    Edgardo Gonzaga then went outside. The front door was closed and locked behind him. Edgardo Gonzaga asked Officer Jimenez why he was screaming at his mother, Janet Feliciano. Officer Jimenez told Edgardo Gonzaga that he would kick the front door open if the person they sought did not come out of the house. Edgardo Gonzaga told Officer Jimenez he would go inside and get people out of the house.

37.    Edgardo Gonzaga turned back and walked to the front door. Janet Feliciano and Officer Jimenez were close behind.

38.    Jalisa Gonzaga partially opened the front door for Edgardo Gonzaga. Edgardo Gonzaga entered the home.

39.    Officer Jimenez saw the door open, grabbed Janet Feliciano by the arm and threw her out of the way.

40.    Edgardo Gonzaga stopped inside the door, turned around, and was confronted by Officer Jimenez. Edgardo Gonzaga told him he did not have a warrant and to "stop, get out, you don't have permission or a right to come in the house."

41.    Jalisa Gonzaga pulled out her telephone and began recording the situation.

42.    Officer Jimenez jammed his foot in the door preventing it from closing. Janet Feliciano saw this and grabbed Officer Jimenez's foot to prevent him from going in the house.

43.     Edgardo Gonzaga and Jalisa Gonzaga pushed back on the door to prevent Officer Jimenez from entering.  It was at this point that Officer Austin came running up, and he and Officer Jimenez slammed against the door to gain entry.

44.     When the officers pushed against the door, the telephone that Jalisa Gonzaga had been using to record the situation was knocked out of her hand and smashed against her face, causing a bloody nose.

45.     Officers Jimenez and Austin crushed Edgardo Gonzaga's fingers in the door jam.

46.     At this point, Ethan Gonzaga, who was sleeping, was aroused by the commotion and went to the front door.  Seeing the altercation, Ethan Gonzaga pushed past Jalisa Gonzaga and Edgardo Gonzaga and went out the door. Ethan Gonzaga was grabbed by one of the officers and told to take a seat on the porch. He did.

47.     Jackson exited directly behind Ethan Gonzaga. He too was told to sit, and he did.

48.     At this time, Officer Brown came to the door.

49.     Jackson and Ethan Gonzaga were wearing red shirts. No one else in the home was wearing a red shirt. Still, the officers continued the altercation.

50.    Officer Jimenez entered the doorway of the home, grabbed Jalisa Gonzaga, and dragged her out of the home. He violently threw her against a chair on the front porch. Janet Feliciano, Edgardo Gonzaga, and Ethan Gonzaga were screaming at Officer Jimenez at this time that Jalisa Gonzaga was pregnant. Jalisa Gonzaga yelled, "My baby, my baby."

51.    Edgardo Gonzaga, seeing his sister being tossed around and manhandled, came out of the home and told the officers to relax and let him calm his sister down. He was immediately grabbed by Officers Austin and Brown.

52.    Officer Jimenez continued to assault Jalisa Gonzaga and dragged her over the chair, over a dog crate, and into the yard, where he threw her to the ground.   Everyone was still yelling at him that Jalisa Gonzaga was pregnant.

53.    Officer Jimenez put handcuffs on Jalisa Gonzaga while she was face down in the front yard.

54.    Officers Brown and Austin violently threw Edgardo Gonzaga to the ground on the other side of the yard. Edgardo Gonzaga was not resisting the officers.

55.    At this point, Officer Earle arrived at the scene. He ran into the front yard and jumped on Edgardo Gonzaga, who was lying face down in the front yard and not resisting any Officers.

56.    Officer Earle placed his knee on Edgardo Gonzaga's neck and used his body weight on the knee to hold Edgardo Gonzaga to the ground.

57.    Edgardo Gonzaga was screaming, "I can't breathe. I have asthma." Janet Feliciano was also screaming at the officers from across the yard that her son could not breathe. By this time, A.H. had exited the car and run to Janet Feliciano, crying with fear.

58.    Officer Earle continued with the neck restraint until handcuffs were placed on Edgardo Gonzaga by the other officers several minutes later. While Edgardo Gonzaga was laying on the ground in handcuffs, Officer Earle shifted his weight to Edgardo Gonzaga's shoulder area and continued to hold him to the ground.

59.    No OPD officer at the scene or on videotaped footage or police body camera footage indicated at the time of the OPD officers' illegal entry into the home or at the time of the arrests of Jalisa Gonzaga and Edgardo Gonzaga that an OPD officer smelled marijuana in the home.

60.    After Edgardo Gonzaga and Jalisa Gonzaga were taken away in police cars, OPD body camera footage shows an officer coming from the backyard of the house, who then shouts out loud that he smells marijuana.

61.    The windows were closed on the backside of the home where the officer said he smelled marijuana.

11

62.    Janet Feliciano had already been told that her home was going to be searched and she was not allowed to enter or leave.

63.    There was no marijuana being smoked in the house, and it was impossible for marijuana to be smelled from outside the front door or from the backside of the house.

64.    Any allegation that an officer smelled marijuana in the house is and was known to be false when made and used to justify the illegal search of Plaintiffs' house.

65.    The officers who originally instigated this incident, Officer Jimenez and Officer Austin, were on patrol and racially profiled the Plaintiffs. The officers, who admittedly were on a "proactive patrol," decided to utilize an alleged seatbelt offense to justify their actions. None of the Plaintiffs committed any crime, nor were they suspected of committing a crime, at the time that the illegal stop was conducted.

## THE ALLEGED CRIME

66.    The actions and conduct of the OPD officers referenced herein on July 16, 2019, were taken for an alleged adult passenger, in the front seat of a car, not wearing a seat belt.

67.    A seat belt violation is a civil penalty and not a criminal law violation. *See* §§ 316.614(8) and 318.14(1), Florida Statutes.

12

49236734 v1

68.    Even assuming that Officer Jimenez and Officer Austin saw a seat belt violation, which is disputed, there was no justification for the actions taken against Plaintiffs on July 16, 2019.

## THE ILLEGAL ARRESTS

69.    Jalisa Gonzaga was searched and then placed into a police car by an Officer Wilson.

70.    Janet Feliciano asked Officer Wilson why Jalisa Gonzaga was being arrested. He told her he did not know. She told Officer Wilson that Jalisa Gonzaga was pregnant and needed shoes. He said he would find out why she was being arrested, then promptly got into his car and drove off with Jalisa Gonzaga.

71.    At no point in the altercation did any female police officer come to do the search of Jalisa Gonzaga, nor did any female police officer show up to transport her to jail.

72.    Edgardo Gonzaga was arrested, placed in a police car, and taken to jail.

73.    Jalisa Gonzaga was charged with Battery on a Law Enforcement Officer, Resisting Officer with Violence, and Assault on a Law Enforcement Officer.

74.    Edgardo Gonzaga was charged with Battery on a Law Enforcement Officer and Resisting an Officer with Violence.

49236734 v1

75.    Officer Jimenez and Officer Austin arrested or directed the arrest of Jalisa Gonzaga and Edgardo Gonzaga. Officer Austin was the charging officer for all charges against Jalisa Gonzaga and Edgardo Gonzaga.

76.    Jalisa Gonzaga and Edgardo Gonzaga were held in interrogation rooms at OPD headquarters until after 10:00 p.m. and were then transported to the Orange County Jail.

## THE ILLEGAL DETENTIONS

77.    When Jalisa Gonzaga and Edgardo Gonzaga were taken away, Janet Feliciano told the OPD officers, "That's it. Time for everyone to get off my property."

78.    Officer Jimenez told her no.  He said the officers were getting a warrant to search the house.

79.    Officer Brown told Janet Feliciano that he needed her to have D.F. and Blackshear come out of the house. Janet Feliciano went to the door and tried to get D.F. to come out. She would not come out.

80.    Officer Brown told Janet Feliciano that if D.F. did not come out, he would kick the door down and followed this with the comment, "How hard is it to get a retarded child to come out of the house?"

81.    Janet Feliciano and Blackshear coaxed D.F. into coming out of the house.

14

82.     When D.F. exited the house, she had the picture of her deceased mother in her hand and was holding it to her chest.

83.     Janet Feliciano, Ethan Gonzaga, D.F., and Blackshear had to remain seated in the front yard while a search warrant was obtained. During this time, no one was allowed to leave, and no one was allowed to use the bathroom or drink water. Janet Feliciano soiled herself during the wait, and the officers still would not let her leave the scene.

84.     Janet Feliciano, Ethan Gonzaga, D.F., and Blackshear spent approximately nine (9) hours in detention in the front yard of the home, without being allowed to leave, get water, or use the bathroom.

## THE ILLEGAL ENTRY, ILLEGAL SEARCH AND ILLEGAL EXCESSIVE SEARCH

85.     Officer Jimenez had already entered the house without a warrant and without consent. In addition, Officer Jimenez and the other OPD officers continued to go into the home prior to obtaining a search warrant.

86.     Thereafter, Officer Jimenez sought and obtained a search warrant based on the false representation that he or another officer smelled marijuana in the house.

87.     No officers smelled marijuana in the house, and any statement attesting to that fact was false and known to be false.

15

88.    After obtaining a search warrant, the OPD officers again went into the home and physically destroyed the Plaintiffs' personal property. The scene was so bad that when the Plaintiffs were allowed to re-enter the home and use the bathroom, even the toilet had been ripped off the floor. OPD officers destroyed a bed, ripped a mirror off the wall, destroyed wireless ear pods, broke an Xbox, broke dresser drawers, ripped the toilet out of the floor, destroyed a safe, and broke numerous other items, and at least one officer spit tobacco in the home.

89.    Jalisa Gonzaga had a safe in the house. The safe was destroyed and opened with crowbar. Jalisa Gonzaga, who worked at the Orlando airport, had several hundred dollars in cash in the safe. The money was missing, and as of this date, has not been accounted for by any OPD officer.

90.    The illegal search did not find any evidence of drug paraphernalia, evidence of sales of controlled substances, weighing, packaging or concealment of controlled substances, or money derived from drugs or the distribution of controlled substances or contraband.

91.    According to the search warrant inventory, a small amount of marijuana was found in a small jar.

## CASES OF JALISA GONZAGA AND EDGARDO GONZAGA

92.    On September 10, 2019, Joni M. Gerrity ("Gerrity"), Assistant

State Attorney, completed her investigation of the charges against Jalisa

Gonzaga. A No Information Notice was filed, indicating in part:

> 1.    From the investigation which has been made, it is the opinion of the writer that this case is not suitable for prosecution.
>
> 2.    This action is taken to clear the records and to release subject's bond if any has been posted responsive to the above charge(s).

93.    On September 10, 2019, Gerrity completed her investigation of the

charges against Edgardo Gonzaga. A No Information Notice was filed,

indicating in part:

> 1.    From the investigation which has been made, it is the opinion of the writer that this case is not suitable for prosecution.
>
> 2.    This action is taken to clear the records and to release subject's bond if any has been posted responsive to the above charge(s).

94.    All charges alleged against Jalisa Gonzaga and Edgardo Gonzaga

were dropped and/or dismissed in their favor. The dismissals were a bona fide

termination in favor of both Jalisa Gonzaga and Edgardo Gonzaga.

95.    Furthermore, prior to filing the No Information Notice for Jalisa

Gonzaga, the State Attorney Office's investigation determined in the matter of

Jalisa Gonzaga that OPD and its officers:

> (a)    Had no legal authority to put foot in door and hold open.

17

49236734 v1

> (b)    OPD legal called, conducted search warrant in this case was
> over zealous in its execution.

96.    Also, prior to filing the No Information for Edgardo Gonzaga, the

State Attorney Office's investigation determined in the matter of Edgardo

Gonzaga that Orlando Police Department and its officers:

> (a)    Had no legal authority to put foot in door and hold open.
> (b)    OPD legal called, conducted search warrant in this case was
> over zealous in its execution.

## THE OPD INVESTIGATION

97.    Janet Feliciano, upon seeing what OPD officers had done to her

home when the illegal search was conducted, filed a complaint with OPD. The

Office of Business and Financial Services, Risk Management Division for OPD

agreed that Janet Feliciano's personal property was wrongfully damaged, and

as a result, partially resolved Janet Feliciano's property damage claim.

Plaintiffs' remaining property damage claims have not been resolved to date.

98.    The OPD investigation revealed that the initial stop in this matter

was allegedly for a seatbelt violation by Janet Feliciano's passenger, Deondre

Jackson.

99.    The arrest affidavit for Jalisa Gonzaga indicated that Officer

Jimenez and Officer Austin were on "proactive patrol." Proactive patrol is a

police tactic that involves police maintaining a continual presence in high-

crime areas, rather than waiting to respond to crimes.

49236734 v1

100.   OPD does not maintain proactive patrols to search for seatbelt violations.

101.   The arrest affidavit further states that the passenger, Jackson, got out of the vehicle [Janet Feliciano's car] and proceeded toward the front door [of Janet Feliciano's house]. It does not indicate that Jackson was attempting to elude or evade the police. In fact, nothing in any report indicates that the police were even behind Janet Feliciano's car when Jackson exited and went inside the home.

102.   The arrest affidavit indicates that Jackson saw the police and they said, "Stop, Police."  This is contradicted by the fact that Jackson was in the home by the time the police pulled up behind Janet Feliciano, who had enough time to get out of the car, start gathering her belongings, and get A.H. from the back seat to the front seat *before* being approached by Officer Jimenez and Officer Austin. However, OPD officers indicate in the arrest warrant that Jackson's actions gave rise to a charge of resisting an officer without violence, purportedly allowing them to proceed with the actions more fully described above.

103.   Contrary to the arrest affidavit, the OPD investigation found that Jackson exited the vehicle and entered the front door of the residence before Officers Austin and Jimenez could make contact with him.

49236734 v1

104.   OPD Police Chief Orlando Rolon has made public statements about this case, including the following:

    (a)    Orlando Police Officers are not trained to use neck restraints.

    (b)    We don't want to see an officer's knee on a neck.

    (c)    We tell our officers, you can put your leg on a shoulder blade, but you don't want your leg to transition over to the neck area.

    (d)    The reason they [the Plaintiffs] were trying to shut the door was that they were trying to prevent the officers from having access to the inside.

    (e)    [When discussing how a seatbelt violation could lead to the actions taken by OPD officers on July 16, 2019]: It is a valid concern if you see the disparity of vehicle stops in one segment of the community versus other.  I think this is one scenario that allows us to reflect on that.  That allows us to look at ourselves and say, "Hey, to what extent do we want to exercise vehicle stops for seat belt violations in the city as a whole?"  So our biggest takeaway is not only the vehicle stop, what reason they had to do the vehicle stop.

105.   OPD Police Chief Orlando Rolon, after investigating the actions of the officers that day, found "no policy violations, but rather an opportunity to use the incident to provide better training for officers."

## **PLAINTIFFS' DAMAGES**

106.   As a result of the aforementioned actions, Plaintiffs have been damaged.

49236734 v1

107.    Plaintiffs have suffered damages associated with the violation of their constitutional rights, which exist to this day and are likely to continue into the future.

108.    Plaintiffs have suffered damages including, but not limited to, economic damages, loss of reputation, loss of property, medical expenses, expenses associated with defending the prosecution of this matter, loss of earnings, loss of earning capacity, inconvenience, humiliation, injury to feelings, embarrassment, mental suffering, and pain.

## COUNT I - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/DETENTION)
### (Federal Claim – Against William Jimenez by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

109.    This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Officer Jimenez.

110.    Janet Feliciano re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

111.    Janet Feliciano has the right under the Constitution of the United States to be secure from unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

21

112.   Jimenez, acting under color of law and as an employee of OPD, deprived Janet Feliciano of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that Jimenez's actions were a proximate cause of the illegal detention of Janet Feliciano outside of her home on July 16, 2019 from approximately 1:00 p.m. until 10:00 p.m.

113.   Jimenez's actions proximately caused the detention of Janet Feliciano in the absence of probable cause that Janet Feliciano had committed any criminal offense.   Jimenez either accomplished the illegal detention, or participated in, investigated, or procured Janet Feliciano's nine (9) hour detention in her front yard.

114.   Jimenez caused Janet Feliciano to be deprived of her freedom and liberty and caused her to be restrained in her movements while forcing her to sit/stand in her front yard of her home for nine (9) hours, which continued until a search of her home was performed.

115.   The detention was accomplished without a valid, legal warrant, without probable cause, and without an exception to the warrant requirement.

116.   Janet Feliciano's detention and confinement to a specific area in her front yard were caused by and accomplished by Jimenez, who failed to conduct a proper investigation and failed to follow the law.   Janet Feliciano was never under investigation for any crime.   Jimenez allegedly arrived at the scene to investigate a seat belt violation by a passenger in Janet Feliciano's

49236734 v1

vehicle. Jimenez failed to recognize the lack of probable cause or arguable probable cause, which showed a fundamental lack of understanding of the elements and potential charges that could be levied against a person accused of a seat belt violation. Janet Feliciano was never charged with a crime.

117. Jimenez used the allegation of probable cause to believe there was cannabis and cannabis paraphernalia in Janet Feliciano's home as a mere pretext or subterfuge for a criminal investigation, detention, or confinement.

118. Jimenez failed to make a full and fair disclosure about what he knew, and he used fraud and other corrupt means to detain and confine Janet Feliciano.

119. The primary, obvious, and sole purpose of Jimenez's actions was to deprive Janet Feliciano of her constitutional rights and to infringe upon Janet Feliciano's constitutional rights. Jimenez engaged in conduct with reckless disregard of whether the conduct violated Janet Feliciano's protected rights. As a result, Janet Feliciano was deprived of her clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Janet Feliciano to an award of damages for loss of those rights and for all damages that resulted therefrom.

120. Jimenez's conduct proximately caused the detention and confinement in the absence of probable cause or arguable probable cause that

Janet Feliciano committed any criminal offense. Jimenez' conduct was a moving force behind the improper detention and confinement.

121.   As a direct and proximate result of Jimenez's actions, Janet Feliciano has suffered damages.

122.   Janet Feliciano has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Jimenez a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, JANET FELICIANO, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, for compensatory damages, award Plaintiff, JANET FELICIANO, her attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, JANET FELICIANO seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

### COUNT II - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/DETENTION)
**(Federal Claim – Against Luke Austin by Janet Feliciano)**

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

123.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Austin.

49236734 v1

124.    Janet Feliciano re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

125.    Janet Feliciano has the right under the Constitution of the United States to be secure from unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

126.    Austin, acting under color of law and as an employee of OPD, deprived Janet Feliciano of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that Austin's actions were a proximate cause of the illegal detention of Janet Feliciano outside of her home on July 16, 2019 from approximately 1:00 p.m. until 10:00 p.m.

127.    Austin's actions proximately caused the detention of Janet Feliciano in the absence of probable cause that Janet Feliciano had committed any criminal offense.    Austin either accomplished the illegal detention, or participated in, investigated, or procured Janet Feliciano's nine (9) hour detention in her front yard.

128.    Austin caused Janet Feliciano to be deprived of her freedom and liberty and caused her to be restrained in her movements while forcing her to sit/stand in her front yard of her home for nine (9) hours, which continued until a search of her home was performed.

25

129.  The detention was accomplished without a valid, legal warrant, without probable cause, and without an exception to the warrant requirement.

130.  Janet Feliciano's detention and confinement to a specific area in her front yard were caused by and accomplished by Austin, who failed to conduct a proper investigation and failed to follow the law.  Janet Feliciano was never under investigation for any crime.  Austin allegedly arrived at the scene to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle.  Austin failed to recognize the lack of probable cause or arguable probable cause, which showed a fundamental lack of understanding of the elements and potential charges that could be levied against a person accused of a seat belt violation.  Janet Feliciano was never charged with a crime.

131.  Austin used the allegation of probable cause to believe there was cannabis and cannabis paraphernalia in Janet Feliciano's home as a mere pretext or subterfuge for a criminal investigation, detention, or confinement.

132.  Austin failed to make a full and fair disclosure about what he knew, and he used fraud and other corrupt means to detain and confine Janet Feliciano.

133.  The primary, obvious, and sole purpose of Austin's actions was to deprive Janet Feliciano of her constitutional rights and to infringe upon Janet Feliciano's constitutional rights.  Austin engaged in conduct with reckless disregard of whether the conduct violated Janet Feliciano's protected rights.

49236734 v1

As a result, Janet Feliciano was deprived of her clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Janet Feliciano to an award of damages for loss of those rights and for all damages that resulted therefrom.

134. Austin's conduct proximately caused the detention and confinement in the absence of probable cause or arguable probable cause that Janet Feliciano committed any criminal offense. Austin's conduct was a moving force behind the improper detention and confinement.

135. As a direct and proximate result of Austin's actions, Janet Feliciano has suffered damages.

136. Janet Feliciano has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Austin a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, JANET FELICIANO, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, for compensatory damages, award Plaintiff, JANET FELICIANO, her attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, JANET FELICIANO seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

27

## COUNT III - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/DETENTION)
### (Federal Claim – Against John Earle by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, JOHN EARLE, in his individual capacity, and in support thereof states as follows:

137.    This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Earle.

138.    Janet Feliciano re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

139.    Janet Feliciano has the right under the Constitution of the United States to be secure from unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

140.    Earle, acting under color of law and as an employee of OPD, deprived Janet Feliciano of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that Earle's actions were a proximate cause of the illegal detention of Janet Feliciano outside of her home on July 16, 2019 from approximately 1:00 p.m. until 10:00 pm.

141.    Earle's actions proximately caused the detention of Janet Feliciano in the absence of probable cause that Janet Feliciano had committed any criminal offense. Earle either accomplished the illegal detention, or

28

participated in, or procured Janet Feliciano's nine (9) hour detention in her
front yard.

142.   Earle caused Janet Feliciano to be deprived of her freedom and
liberty and caused her to be restrained in her movements while forcing her to
sit/stand in her front yard of her home for nine (9) hours, which continued until
a search of her home was performed.

143.   The detention was accomplished without a valid, legal warrant,
without probable cause, and without an exception to the warrant requirement.

144.   Janet Feliciano's detention and confinement to a specific area in
her front yard were caused by and accomplished by Earle, who failed to conduct
a proper investigation and failed to follow the law.  Janet Feliciano was never
under investigation for any crime.  Earle allegedly arrived at the scene to assist
officers who had originally made a vehicle stop to investigate a seat belt
violation by a passenger in Janet Feliciano's vehicle.  Earle failed to recognize
the lack of probable cause or arguable probable cause to detain Janet Feliciano
for a period of time that extended well past any reasonable time period.  Janet
Feliciano was never charged with a crime.

145.   Earle used the false allegation of the smell of cannabis as a mere
pretext or subterfuge for a criminal investigation and detention.

146.   Earle failed to make a full and fair disclosure and misrepresented
the facts in an attempt to justify the prolonged detention of Janet Feliciano.

147.   The primary, obvious, and sole purpose of Earle's actions was to deprive Janet Feliciano of her constitutional rights and to infringe upon Janet Feliciano's constitutional rights.   Earle engaged in conduct with reckless disregard of whether the conduct violated Janet Feliciano's protected rights. As a result, Janet Feliciano was deprived of her clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles Janet Feliciano to an award of damages for loss of those rights and for all damages that resulted therefrom.

148.   Earle's conduct proximately caused the detention and confinement of Janet Feliciano in the absence of probable cause, arguable probable cause, or justifiable concern of officer safety.   Earle's conduct was a moving force behind the improper detention and confinement.

149.   As a direct and proximate result of Earle's actions, Janet Feliciano has suffered damages.

150.   Janet Feliciano has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Earle a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, JANET FELICIANO, respectfully requests this Court enter judgment against Defendant, JOHN EARLE, for compensatory damages, award Plaintiff, JANET FELICIANO, her attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and

49236734 v1

provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, JANET FELICIANO seeks an award of punitive damages to punish Defendant, JOHN EARLE, for his conduct which would deter him and others from such conduct in the future.

### COUNT IV - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/DETENTION)
### (Federal Claim – Against Michael Brown by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, MICHAEL BROWN, in his individual capacity, and in support thereof states as follows:

151.    This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Brown.

152.    Janet Feliciano re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

153.    Janet Feliciano has the right under the Constitution of the United States to be secure from unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

154.    Brown, acting under color of law and as an employee of OPD, deprived Janet Feliciano of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that Brown's actions were a proximate cause of the illegal detention of Janet Feliciano outside of her home on July 16, 2019 from approximately 1:00 p.m. until 10:00 pm.

49236734 v1

155. Brown's actions proximately caused the detention of Janet Feliciano in the absence of probable cause that Janet Feliciano had committed any criminal offense. Brown either accomplished the illegal detention, or participated in, or procured Janet Feliciano's nine (9) hour detention in her front yard.

156. Brown caused Janet Feliciano to be deprived of her freedom and liberty and caused her to be restrained in her movements while forcing her to sit/stand in her front yard of her home for nine (9) hours which continued until a search of her home was performed.

157. The detention was accomplished without a valid, legal warrant, without probable cause, and without an exception to the warrant requirement.

158. Janet Feliciano's detention and confinement to a specific area in her front yard were caused by and accomplished by Brown, who failed to conduct a proper investigation and failed to follow the law. Janet Feliciano was never under investigation for any crime. Brown allegedly arrived at the scene to assist officers who had originally made a vehicle stop to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle. Brown failed to recognize the lack of probable cause or arguable probable cause to detain Janet Feliciano for a period of time that extended well past any reasonable time period. Janet Feliciano was never charged with a crime.

159.   Brown used the allegation of the smell of cannabis as a mere pretext or subterfuge for a criminal investigation and detention.

160.   Brown failed to make a full and fair disclosure and misrepresented facts in an attempt to justify the prolonged detention of Janet Feliciano.

161.   The primary, obvious, and sole purpose of Brown's actions was to deprive Janet Feliciano of her constitutional rights and to infringe upon Janet Feliciano's constitutional rights.   Brown engaged in conduct with reckless disregard of whether the conduct violated Janet Feliciano's protected rights. As a result, Janet Feliciano was deprived of her clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles Janet Feliciano to an award of damages for loss of those rights and for all damages that resulted therefrom.

162. Brown's conduct proximately caused the detention and confinement in the absence of probable cause, arguable probable cause, or any justifiable concern for officer safety.   Brown's conduct was a moving force behind the improper detention and confinement.

163.  As a direct and proximate result of Brown's actions, Janet Feliciano has suffered damages.

164.   Janet Feliciano has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Brown a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

49236734 v1

WHEREFORE, Plaintiff, JANET FELICIANO, respectfully requests this Court enter judgment against Defendant, MICHAEL BROWN, for compensatory damages, award Plaintiff, JANET FELICIANO, her attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, JANET FELICIANO seeks an award of punitive damages to punish Defendant, MICHAEL BROWN, for his conduct, which would deter him and others from such conduct in the future.

### COUNT V - 42 U.S.C. § 1983 (ILLEGAL AND UNREASONABLE SEARCH)
### (Federal Claim – Against William Jimenez by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

165.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Jimenez.

166.   Janet Feliciano re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

167.   Janet Feliciano has the right under the Constitution of the United States to be secure from unlawful searches of her lawful home, papers, and effects, which may only be intruded upon through due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

168.    Jimenez, acting under color of law and as an employee of OPD, deprived Janet Jiminez of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that, on more than one occasion, Jimenez, without probable cause, illegally entered and unreasonably searched Janet Feliciano's home, papers, and effects.  Jimenez also deprived Janet Feliciano of these rights when he entered Janet Feliciano's home without her consent, entered Janet Feliciano's home to physically remove Jalisa Gonzaga, and illegally searched the residence for alleged drugs without reason or cause to suspect such existed in the home.

169.    The primary, obvious, and sole purpose of the searches was to deprive Janet Feliciano of her constitutional rights and infringe upon those rights.  Jimenez engaged in conduct with reckless disregard of whether the conduct violated Janet Feliciano's protected rights.  As a result, Janet Feliciano was deprived of her clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles Janet Feliciano to an award of damages for loss of those rights and for all damages that resulted therefrom.

170.    Prior to obtaining a search warrant for the home, Jimenez entered without a warrant.

171.    Janet Feliciano was never under investigation for any crime. Jimenez allegedly arrived at the scene to investigate a seat belt violation by a

35

passenger in Janet Feliciano's vehicle. Jimenez failed to recognize that he did not have a right to enter the home to arrest for a seat belt violation or for an alleged crime of resisting without violence.

172.  Jimenez unlawfully prepared and executed the after-the-fact affidavit for a search warrant based on false information that he smelled cannabis.

173.  Even to the extent that Jimenez had a right to search the home, the search was unreasonable and excessive in the manner in which it was conducted. Jimenez was one of the officers in charge of the search, and during the search, extensive damage was caused to the home as described above.

174.  As a result of Jimenez's actions, Janet Feliciano has suffered damages.

175.  Janet Feliciano has also suffered damage as a result of her loss of constitutional rights as more specifically identified above.

176.  Janet Feliciano has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Jimenez a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, for the foregoing reasons, Plaintiff, JANET FELICIANO, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, for compensatory damages, award Plaintiff, JANET FELICIANO, her attorney's fees and costs pursuant to 42 U.S.C. §

49236734 v1

1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, Plaintiff, JANET FELICIANO, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT VI - 42 U.S.C. § 1983 (ILLEGAL AND UNREASONABLE SEARCH)
### (Federal Claim – Against Luke Austin by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

177. This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Austin.

178. Janet Feliciano re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

179. Janet Feliciano has the right under the Constitution of the United States to be secure from unlawful searches of her lawful home, papers, and effects, which may only be intruded upon through due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

180. Austin, acting under color of law and as an employee of OPD, deprived Janet Feliciano of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that Austin, without probable cause, (1)

37

searched Janet Feliciano's vehicle, and (2) on more than one occasion, illegally entered and unreasonably searched Janet Feliciano's home, papers, and effects. Austin also deprived Janet Feliciano of these rights when he entered Janet Feliciano's home without her consent, entered Janet Feliciano's home to physically remove persons inside the home, and illegally searched the residence for alleged drugs without reason or cause to suspect such existed in the home.

181.    The primary, obvious, and sole purpose of the searches was to deprive Janet Feliciano of her constitutional rights and infringe upon those rights. Austin engaged in conduct with reckless disregard of whether the conduct violated Janet Feliciano's protected rights. As a result, Janet Feliciano was deprived of her clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Janet Feliciano to an award of damages for loss of those rights and for all damages that resulted therefrom.

182.    Prior to obtaining a search warrant, Austin searched Janet Feliciano's car and entered the home without a warrant.

183.    Janet Feliciano was never under investigation for any crime. Austin allegedly arrived at the scene to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle. Austin failed to recognize that he did not have a right to enter the vehicle or home for a seat belt violation or for an

alleged crime of resisting without violence. Janet Feliciano was never charged with a crime.

184. Even to the extent Austin had a right to search the vehicle or home, the search was unreasonable and excessive in the manner in which it was conducted. Austin was one of the officers in charge of the search, and during the search, extensive damage was caused to the home as described above.

185. Austin's unlawful search cannot be used as mere pretext or subterfuge for a criminal investigation, detention, arrest or confinement of law-abiding citizens.

186. As a result of Austin's actions, Janet Feliciano has suffered damages.

187. Janet Feliciano has also suffered damage as a result of her loss of constitutional rights as more specifically identified above.

188. Janet Feliciano has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Austin a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, for the foregoing reasons, Plaintiff, JANET FELICIANO, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, for compensatory damages, award Plaintiff, JANET FELICIANO, her attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that

the Court deems necessary and proper under the circumstances. Further, Plaintiff, JANET FELICIANO, seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT VII - BATTERY
**(State Claim – Against William Jimenez by Janet Feliciano)**

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

189.  This is a cause of action for battery against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

190.  Janet Feliciano re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

191.  Without justification and in violation of Janet Feliciano's rights, Jimenez caused Janet Feliciano to suffer a harmful and offensive contact when he struck her and forcefully shoved her when she was attempting to enter the front door of her home on July 16, 2019.

192.  At all relevant times, Jimenez intended to cause harm or offensive conduct to Janet Feliciano, which in fact occurred.

193.  The officer's conduct was done in bad faith, with malice and with a reckless disregard for Janet Feliciano's right.

49236734 v1

194.   As a direct and proximate result of Jimenez's actions, Janet Feliciano has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

195.   Jimenez was without legal justification to cause the offensive conduct.

WHEREFORE, for the foregoing reasons, Plaintiff, JANET FELICIANO, respectfully requests this Court to enter judgment against Defendant, WILLIAM JIMENEZ, for all compensatory damages, all costs of this action, and for such other and further relief as this Court deems just and proper under the circumstances.   Further, Plaintiff, JANET FELICIANO, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT VIII – INVASION OF PRIVACY
### (State Claim – Against William Jimenez by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

49236734 v1

196.   This is a cause of action for invasion of privacy against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

197.   Janet Feliciano re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

198.   Janet Feliciano is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into her private life.

199.   Jimenez violated Janet Feliciano's right to privacy when he intruded into Janet Feliciano's solitude and seclusion by entering her residence without a warrant and removed and damaged Janet Feliciano's property.

200.   Jimenez invaded Janet Feliciano's privacy with bad faith, malice, and with a reckless disregard for Janet Feliciano's rights.

201.   As a direct and proximate result of Jimenez' actions, Janet Feliciano has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, JANET FELICIANO, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, JANET FELICIANO, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

49236734 v1

## COUNT IX – INVASION OF PRIVACY
### (State Claim – Against Luke Austin by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel,

sues Defendant, LUKE AUSTIN, in his individual capacity, and in support

thereof states as follows:

202.   This is a cause of action for invasion of privacy against Austin, and

for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

203.   Janet Feliciano re-alleges the allegations contained in paragraphs

1-16 and 18-108, above, as if fully set forth herein.

204.   Janet Feliciano is guaranteed the right to privacy and the right to

be let alone and free from governmental intrusion into her private life.

205.   Austin violated Janet Feliciano's right to privacy when he intruded

into Janet Feliciano's solitude and seclusion by entering her vehicle and

residence without a warrant and removed and damaged Janet Feliciano's

property.

206.   Austin invaded Janet Feliciano's privacy in bad faith, malice, and

with a reckless disregard for Janet Feliciano's rights.

207.   As a direct and proximate result of Austin's actions, Janet

Feliciano has suffered damages.

WHEREFORE,    for    the    foregoing    reasons,    Plaintiff,    JANET

FELICIANO, respectfully requests this Court enter judgment against

Defendant, LUKE AUSTIN, an individual, for all compensatory damages, all

49236734 v1

costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, JANET FELICIANO, seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT X – INVASION OF PRIVACY
**(State Claim – Against John Earle by Janet Feliciano)**

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, JOHN EARLE, in his individual capacity, and in support thereof states as follows:

208.   This is a cause of action for invasion of privacy against Earle, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

209.   Janet Feliciano re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

210.   Janet Feliciano is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into her private life.

211.   Earle violated Janet Feliciano's right to privacy when he intruded into Janet Feliciano's solitude and seclusion by entering her residence without a warrant and removed and damaged Janet Feliciano's property.

212.   Earle invaded Janet Feliciano's privacy in bad faith and with malice and a reckless disregard for Janet Feliciano's rights.

44

213.   As a direct and proximate result of Earle's actions, Janet Feliciano has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, JANET FELICIANO, respectfully requests this Court enter judgment against Defendant, JOHN EARLE, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, JANET FELICIANO, seeks an award of punitive damages to punish Defendant, JOHN EARLE, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XI – INVASION OF PRIVACY
**(State Claim – Against Michael Brown by Janet Feliciano)**

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, MICHAEL BROWN, in his individual capacity, and in support thereof states as follows:

214.   This is a cause of action for invasion of privacy against Brown, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

215.   Janet Feliciano re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

216.   Janet Feliciano is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into her private life.

49236734 v1

217.  Brown violated Janet Feliciano's right to privacy when he intruded into Janet Feliciano's solitude and seclusion by entering her residence without a warrant and removed and damaged Janet Feliciano's property.

218.  Brown invaded Janet Feliciano's privacy in bad faith and with malice and a reckless disregard for Janet Feliciano's rights.

219.  As a direct and proximate result of Brown's actions, Janet Feliciano has suffered damages.

WHEREFORE,  for  the  foregoing  reasons,  Plaintiff,  JANET FELICIANO,  respectfully  requests  this  Court  enter  judgment  against Defendant, MICHAEL BROWN, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, JANET  FELICIANO,  seeks  an  award  of  punitive  damages  to  punish Defendant, MICHAEL BROWN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XII – TRESPASS
### (State Claim – Against William Jimenez by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

220.  This is a cause of action for trespass against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

46

49236734 v1

221.   Janet Feliciano re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

222.   Jimenez trespassed on multiple occasions when he wrongfully entered, searched, seized property, and destroyed property belonging to Janet Feliciano and interfered with her enjoyment of that property.

223.   Jimenez entered Janet Feliciano's property without a warrant and seized Janet Feliciano's property.

224.   Jimenez's affidavit for the after-the-fact search warrant and any probable cause determination was based on false and misleading statements.

225.   Jimenez used false statements as a basis for trespassing on Janet Feliciano's property. Jimenez knew or should have known that the information used to substantiate the alleged probable cause to enter and search Janet Feliciano's home was fabricated and falsified, but he recklessly, maliciously, and in bad faith used the false evidence to justify probable cause.

226.   Jimenez acted with bad faith, malice, and disregard for Janet Feliciano's rights.

227.   As a result of Jimenez's actions, Janet Feliciano has suffered damages.

WHEREFORE, for the forgoing reasons, Plaintiff, JANET FELICIANO, respectfully request this Court enter judgment against Defendant, WILLIAM JIMENEZ, individually, award compensatory damages and all costs incurred

49236734 v1

for the prosecution of this matter, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, JANET FELICIANO, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XIII – TRESPASS
### (State Claim – Against Luke Austin by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

228.  This is a cause of action for trespass against Austin, and for damages in excess of Thirty Thousand and 00/100 Dollars ($30,000.00).

229.  Janet Feliciano re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

230.  Austin trespassed on multiple occasions when he wrongfully entered, searched, seized property, destroyed property belonging to Janet Feliciano, and interfered with Janet Feliciano's enjoyment of that property.

231.  Austin entered Janet Feliciano's property without a warrant.

232.  The after-the-fact search warrant and any probable cause determination was based on false and misleading statements.

233.  Austin used false statements as a basis for trespassing on Janet Feliciano's property. Austin knew or should have known that the information

49236734 v1

used to substantiate the alleged probable cause to enter and search Janet Feliciano's vehicle and home was fabricated and falsified but he recklessly, maliciously, and in bad faith used the false evidence to justify probable cause.

234.    Austin acted in bad faith, with actual malice and a disregard for Janet Feliciano's rights.

235.    As a result of Austin's actions, Janet Feliciano has suffered damages.

WHEREFORE, for the forgoing reasons, Plaintiff, JANET FELICIANO, respectfully request this Court enter judgment against Defendant, LUKE AUSTIN, individually, award compensatory damages and all costs incurred for the prosecution of this matter, and for such other and further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, JANET FELICIANO, seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XIV – FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against William Jimenez by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

236.   This is a cause of action for false imprisonment/false detention against William Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

237.   Janet Feliciano re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

238.   Jimenez's actions proximately caused the detention of Janet Feliciano for nine hours in the hot Florida weather in the middle of summer on July 16, 2019.  Jimenez, in the absence of probable cause that Janet Feliciano committed any criminal offense, either accomplished the detention, or participated in or procured Janet Feliciano's detention.

239.   Jimenez caused Janet Feliciano to be deprived of her freedom and liberty and caused her to be restrained in her movements (confined to her yard and not allowed to leave for any reason, including to use the bathroom or drink water for nine hours).  During her detention, Janet Feliciano was unable to leave and under threat of arrest if she attempted to go in her home or leave in her car, which continued for a full 9 hours until her home had been searched.

240.   The detention and confinement was accomplished without a valid, legal warrant, without probable cause, and without an exception to the warrant requirement.

241.   Jimenez willfully detained and confined Janet Feliciano.

242.   Janet Feliciano's detention was without her consent.

243.    The detention and confinement was unlawful.

244.    Janet Feliciano was aware of the detention and confinement and further aware that she could not leave until allowed to by the officers.

245.    Jimenez acted in bad faith and with malice and a disregard for Janet Feliciano's rights.

246.    As a direct and proximate result of Jimenez' actions, Janet Feliciano has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, JANET FELICIANO, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, for compensatory damages and all costs in the prosecution of this matter and such other further relief as this Court deems just and proper under the circumstances.    Further, Plaintiff, JANET FELICIANO, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ for his conduct, which would deter him and others from such conduct in the future.

## COUNT XV – FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against Luke Austin by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

49236734 v1

247.   This is a cause of action for false imprisonment/false detention against Austin, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

248.   Janet Feliciano re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

249.   Austin's actions proximately caused the detention of Janet Feliciano for nine hours.  Austin, in the absence of probable cause that Janet Feliciano committed any criminal offense, either accomplished the detention, or participated in, or procured Janet Feliciano's detention.

250.   Austin caused Janet Feliciano to be deprived of her freedom and liberty and caused her to be restrained in her movements (confined to her yard and not allowed to leave for any reason, including to use the bathroom or drink water for nine hours).  During her detention, Janet Feliciano was unable to leave and under threat of arrest if she attempted to go in her home or leave in her car, which continued for a full 9 hours until her home had been searched.

251.   The detention and confinement was accomplished without a valid, legal warrant, without probable cause.

252.   Austin willfully detained and confined Janet Feliciano.

253.   Janet Feliciano's detention was without her consent.

254.   The detention and confinement was unlawful.

255.   Janet Feliciano was aware of the detention and confinement and further aware that she could not leave until allowed to by the officers.

256.   Austin acted in bad faith and with malice and a disregard for Janet Feliciano's rights.

257.   As a direct and proximate result of Austin's actions, Janet Feliciano has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, JANET FELICIANO, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, for compensatory damages and all costs in the prosecution of this matter, and such other further relief as this Court deems just and proper under the circumstances.   Further, Plaintiff, JANET FELICIANO, seeks an award of punitive damages to punish Defendant, LUKE AUSTIN for his conduct, which would deter him and others from such conduct in the future.

### COUNT XVI – FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against John Earle by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, JOHN EARLE, in his individual capacity, and in support thereof state as follows:

258.   This is a cause of action for false imprisonment/false detention against Earle, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

49236734 v1

259.   Janet Feliciano re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

260.   Earle's actions proximately caused the detention of Janet Feliciano for nine hours in the hot Florida weather in the middle of summer on July 16, 2019.  Earle, in the absence of probable cause that Janet Feliciano committed any criminal offense, either accomplished the detention, or participated in, or procured Janet Feliciano's detention.

261.   Earle caused Janet Feliciano to be deprived of her freedom and liberty and caused her to be restrained in her movements (confined to her yard and not allowed to leave for any reason, including to use bathroom or drink water for nine hours).  During her detention, Janet Feliciano was unable to leave and under threat of arrest if she attempted to go in her home or leave in her car, which continued for a full 9 hours until her home had been searched.

262.   The detention and confinement was accomplished without a valid, legal warrant, without probable cause.

263.   Earle willfully detained and confined Janet Feliciano.

264.   Janet Feliciano's detention was without her consent.

265.   The detention and confinement was unlawful.

266.   Janet Feliciano was aware of the detention and confinement and further aware that she could not leave until allowed to by the officers.

54

267.    Earle acted in bad faith and with malice and a disregard for Janet
Feliciano rights.

268.    As a direct and proximate result of Earle's actions, Janet Feliciano
has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, JANET
FELICIANO, respectfully requests this Court enter judgment against
Defendant, JOHN EARLE, for compensatory damages and all costs in the
prosecution of this matter, and such other further relief as this Court deems
just and proper under the circumstances.    Further, Plaintiff, JANET
FELICIANO, seeks an award of punitive damages to punish Defendant, JOHN
EARLE for his conduct, which would deter him and others from such conduct
in the future.

## COUNT XVII – FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against Michael Brown by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel,
sues Defendant, MICHAEL BROWN, in his individual capacity, and in support
thereof states as follows:

269.    This is a cause of action for false imprisonment/false detention
against Brown, and for damages in excess of Thirty Thousand and no/100
Dollars ($30,000.00).

270.    Janet Feliciano re-alleges the allegations contained in paragraphs
1-16 and 18-108, above, as if fully set forth herein.

49236734 v1

271. Brown's actions proximately caused the detention of Janet Feliciano for nine hours in the hot Florida weather in the middle of summer on July 16, 2019. Brown, in the absence of probable cause that Janet Feliciano committed any criminal offense, either accomplished the detention, or participated in, or procured Janet Feliciano's detention.

272. Brown caused Janet Feliciano to be deprived of her freedom and liberty and caused her to be restrained in her movements (confined to her yard and not allowed to leave for any reason, including to use the bathroom or drink water for nine hours). During her detention, Janet Feliciano was unable to leave and under threat of arrest if she attempted to go in her home or leave in her car, which continued for a full 9 hours until her home had been searched.

273. The detention and confinement was accomplished without a valid, legal warrant, without probable cause.

274. Brown willfully detained and confined Janet Feliciano.

275. Janet Feliciano's detention was without her consent.

276. The detention and confinement was unlawful.

277. Janet Feliciano was aware of the detention and confinement and further aware that she could not leave until allowed to by the officers.

278. Brown acted in bad faith and with malice and a disregard for Janet Feliciano's rights.

56

279.  As a direct and proximate result of Brown's actions, Janet Feliciano has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, JANET FELICIANO, respectfully requests this Court enter judgment against Defendant, MICHAEL BROWN, for compensatory damages and all costs in the prosecution of this matter, and such other further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, JANET FELICIANO, seeks an award of punitive damages to punish Defendant, MICHAEL BROWN for his conduct, which would deter him and others from such conduct in the future.

### COUNT XVIII - 42 U.S.C. § 1983
### (Federal Claim – Against The City of Orlando by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, CITY OF ORLANDO ("City"), and in support thereof states as follows:

280.  This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against the City.

281.  Janet Feliciano re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

282.  Janet Feliciano has a right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable

searches and seizures of her person and property, and to be secure that no
search or restraint of her person shall occur except upon due process of law.

283.  Janet Feliciano has the right to be free from violations to her
constitutional rights.

284.  On or about July 16, 2019, OPD, as a law enforcement agency of
the City and through its employees and agents acting in the scope of their
employment, under color of law, deprived Janet Feliciano of her rights under
the United States Constitution in violation of 42 U.S.C. § 1983, in that OPD,
without probable cause that Janet Feliciano had committed a violation of any
law, illegally detained and confined Janet Feliciano and caused Janet Feliciano
to be deprived of her liberty, thereby causing Janet Feliciano physical and
emotional pain and suffering.

285.  Further, OPD acted with the deliberate indifference to Janet
Feliciano's constitutional rights as a result of having either no policy in place,
or a policy that permitted the wrongful detention and/or confinement of Janet
Feliciano and the violation of her constitutional rights.

286.  OPD had a custom and policy that permitted, encouraged,
condoned, and ratified the violation of Janet Feliciano's constitutional rights.

287.  The actions of OPD, as well as other employees and/or agents of
OPD, were done pursuant to OPD's customs and practices and with the

authorization and direction of its final policy maker, Police Chief Orlando Rolon.

288.    OPD failed to properly train its officers and demonstrated a deliberate indifference by failing to train its officers in the guidelines required for maintaining proper seizures, detention, and confinement of citizens.

289.    OPD's employees had inadequate training in the constitutional rights guaranteed by the United States Constitution and in the requirements for detainment or confinement of citizenry while officers were on "proactive patrol." OPD made proactive patrol a priority, but failed to properly train officers in active police stops for seatbelt violations initiated simply because of the way a person looks (i.e., the color of their skin).  There was an obvious need for training in this area, and OPD deliberately chose not to train or properly supervise officers in this area.  But for this improper, inadequate, or non-existent training, the incidents described in this Complaint would not have occurred.  OPD officers were inadequately trained on entering a home without a warrant and in how long, where, and in what circumstances a person can be held outside in the Florida heat (in this instance it was for nine hours).

290.    The final policy maker for OPD, Chief Rolon, approved and ratified the conduct of the OPD officers named as Defendants herein. Chief Rolon publically stated that this specific case presents an opportunity to train OPD officers:

49236734 v1

> [When discussing how a seatbelt violation could lead to the actions taken by OPD officers on July 16, 2019]: "It is a valid concern if you see the disparity of vehicle stops in one segment of the community versus other.  I think this is once scenario that allows us to reflect on that.  That allows us to look at ourselves and say, 'Hey, to what extent to we want to exercise vehicle stops for seat belt violations in the city as a whole?'  So our biggest takeaway is not only the vehicle stop, what reason they had to do the vehicle stop." (Chief Rolon indicated he saw this incident as an opportunity to provide better training for officers.)

291.  The acts of OPD's employees were a direct and proximate result of the failure of OPD to train its officers and the final policy decisions of the City.

292.  OPD, by and through its final decision maker Chief Rolon, directly under color of law, directed, approved, ratified and ordered the unlawful and deliberate conduct of OPD as described above and was involved in and made the decision to detain and arrest Janet Feliciano.

293.  As a direct and proximate result cause of OPD's actions, Janet Feliciano has suffered damages, including physical pain and suffering, emotional anguish, and damages including physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

294.  Janet Feliciano also suffers as a result of the loss of her constitutional rights.

295.   Janet Feliciano has retained the services of the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from City a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, JANET FELICIANO, respectfully requests this Court to enter an award of compensatory damages against Defendant, THE CITY OF ORLANDO, award attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and other applicable laws, and provide any other and further relief that the Court finds is necessary and proper under the circumstances.

## COUNT XIX – TRESPASS
### (State Claim – Against The City of Orlando by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, the CITY OF ORLANDO, and in support thereof states as follows:

296.   This is a cause of action for trespass against the City, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

297.   Plaintiff re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

298.   On July 16, 2019, the employees and agents of OPD, acting within the course and scope of their employment, did trespass when an officer entered Janet Feliciano's home without a warrant.

299.   Additionally, OPD officers trespassed when they destroyed and damaged Janet Feliciano's personal property described above.

49236734 v1

300.  As a result of the actions of the agents and employees of OPD, Janet Feliciano has suffered damages, including emotional anguish and suffering, all of which continue to this day and are likely to continue into the future.

WHEREFORE, Plaintiff, JANET FELICIANO, respectfully requests this Court to enter a judgment against Defendant, THE CITY OF ORLANDO, for all compensatory damages and costs incurred in the prosecution of this action, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT XX – FALSE ARREST/FALSE IMPRISONMENT AND DETENTION
### (State Claim – Against The City of Orlando by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, the CITY OF ORLANDO, and in support thereof states as follows:

301.  This is a cause of action for false arrest/imprisonment and false detention against the City, and for damages in excess of Thirty Thousand and 00/100 Dollars ($30,000.00).

302.  Janet Feliciano re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

303.  On or about July 16, 2019, City, through its employees and agents acting in the course and scope of their duties as OPD police officers, caused

49236734 v1

Janet Feliciano to be deprived of her freedom and liberty and restrained her movements for nine (9) hours as more fully described above.

304.   Janet Feliciano did not consent to the aforementioned actions of City and its employees and agents, and said actions were against Janet Feliciano's will.

305.   The City's restraint of Janet Feliciano, through its employees and agents acting in the course and scope of their duties as OPD police officers, was unlawful and not based upon any lawfully-issued process of court.

306.   As a direct and proximate result of the City's actions, Janet Feliciano has suffered damages, which include injury to reputation, hurt feelings, mental anguish, physical inconvenience, physical discomfort, loss of earnings, loss of time, loss of income, lost working time and loss of ability to earn money sustained in the past and future embarrassment, humiliation, and disgrace, which are continuing to this day and are likely to continue in the future.

WHEREFORE, for the foregoing reasons, Plaintiff, JANET FELICIANO, respectfully requests this Court to enter judgment against Defendant, THE CITY OF ORLANDO, a municipal corporation, for compensatory damages and all costs in the prosecution of this matter, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT XXI – BATTERY
### (State Claim – Against The City of Orlando by Janet Feliciano)

Plaintiff, JANET FELICIANO, by and through her undersigned counsel, sues Defendant, the CITY OF ORLANDO, and in support thereof states as follows:

307.   This is a cause of action for battery against the City, and for damages exceeding Thirty Thousand and 00/100 Dollars ($30,000.00).

308.   Janet Feliciano re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

309.   Without justification and in violation of Janet Feliciano's rights, the City, through the actions of its police officers, employees, and agents acting in the course and scope of their employment, caused Janet Feliciano to suffer a harmful and offensive contact.

310.   At all relevant times, the City, through the actions of its officers, agents or employees, intended to cause harm or offensive conduct to Janet Feliciano, which in fact occurred.

311.   As a direct and proximate result of the City's actions through its employees and agents, for which the City is responsible, Janet Feliciano has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the physical

64

and emotional aspects of which are continuing to this day and are likely to continue in the future.

312.    The City was without legal justification to cause the offensive conduct.

313.    All OPD officers named as Defendants herein were acting in their capacity as OPD police officers under color of law.

WHEREFORE, for the foregoing reasons, Plaintiff, JANET FELICIANO, respectfully requests this Court to enter judgment against Defendant, THE CITY OF ORLANDO, for all compensatory damages, all costs of this action, and for such other and further relief as this Court deems just and proper under the circumstances.

### COUNT XXII - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/DETENTION) (Federal Claim – Against William Jimenez by Ethan Gonzaga)

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

314.    This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Jimenez.

315.    Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

316.    Ethan Gonzaga has the right under the Constitution of the United States to be secure from unlawful restraint of his person and liberty, which

may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

317.    Jimenez, acting under color of law and as an OPD employee, deprived Ethan Gonzaga of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that Jimenez's actions were a proximate cause of the illegal detention of Ethan Gonzaga outside of his home on July 16, 2019 from approximately 1:00 p.m. until 10:00 p.m.

318.    Jimenez's actions proximately caused Ethan Gonzaga's detention in the absence of probable cause that Ethan Gonzaga had committed any criminal offense. Jimenez either accomplished the illegal detention, or participated in, or procured Ethan Gonzaga's nine (9) hour detention in his front yard.

319.    Jimenez caused Ethan Gonzaga to be deprived of his freedom and liberty and caused him to be restrained in his movements while forcing him to sit/stand in his front yard of his home for nine (9) hours, which continued until a search of his home was performed.

320.    The detention was accomplished without a valid legal warrant, without probable cause, and without an exception to the warrant requirement.

321.    Ethan Gonzaga's detention and confinement to a specific area in his front yard were caused and accomplished by Jimenez, who failed to conduct a proper investigation and failed to follow the law. Ethan Gonzaga was never

49236734 v1

under investigation for any crime. Jimenez allegedly arrived at the scene to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle. Jimenez failed to recognize the lack of probable cause or arguable probable cause. Ethan Gonzaga was never charged with a crime.

322. Jimenez used the allegation of probable cause to believe there was cannabis and cannabis paraphernalia in Ethan Gonzaga's home as a mere pretext or subterfuge for a criminal investigation, detention, or confinement.

323. Jimenez failed to make a full and fair disclosure about what he knew, and he used fraud and other corrupt means to detain and confine Ethan Gonzaga.

324. The primary, obvious, and sole purpose of Jimenez's actions was to deprive Ethan Gonzaga of his constitutional rights and to infringe upon Ethan Gonzaga's constitutional rights. Jimenez engaged in conduct with reckless disregard of whether the conduct violated Ethan Gonzaga's protected rights. As a result, Ethan Gonzaga was deprived of his clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Ethan Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

325. Jimenez's conduct proximately caused Ethan Gonzaga's detention and confinement in the absence of probable cause or arguable probable cause

that Ethan Gonzaga committed any criminal offense. Jimenez's conduct was a moving force behind the improper detention and confinement.

326.   As a direct and proximate result of Jimenez' actions, Ethan Gonzaga has suffered damages.

327.   Ethan Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Jimenez a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, ETHAN GONZAGA, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, for compensatory damages, award Plaintiff, ETHAN GONZAGA, his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.   Further, ETHAN GONZAGA seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XXIII - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/DETENTION)
### (Federal Claim – Against Luke Austin by Ethan Gonzaga)

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

328.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Austin.

68

329.   Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

330.   Ethan Gonzaga has the right under the Constitution of the United States to be secure from unlawful restraint of his person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

331.   Austin, acting under color of law and as an OPD employee, deprived Ethan Gonzaga of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that Austin' actions were a proximate cause of the illegal detention of Ethan Gonzaga outside of his home on July 16, 2019 from approximately 1:00 p.m. until 10:00 pm.

332.   Austin's actions proximately caused the detention of Ethan Gonzaga in the absence of probable cause that Ethan Gonzaga had committed any criminal offense.   Austin either accomplished the illegal detention, or participated in, or procured Ethan Gonzaga's nine (9) hour detention in his front yard.

333.   Austin caused Ethan Gonzaga to be deprived of his freedom and liberty and caused him to be restrained in his movements while forcing him to sit/stand in his front yard of his home for nine (9) hours, which continued until a search of his home was performed.

49236734 v1

334.   The detention was accomplished without a valid legal warrant, without probable cause, and without an exception to the warrant requirement.

335.   Ethan Gonzaga's detention and confinement to a specific area in his front yard were caused and accomplished by Austin, who failed to conduct a proper investigation and failed to follow the law.  Ethan Gonzaga was never under investigation for any crime.  Austin allegedly arrived at the scene to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle. Austin failed to recognize the lack of probable cause or arguable probable cause to detain Ethan Gonzaga for a period of time that extended well past any reasonable time period.  Ethan Gonzaga was never charged with a crime.

336.   Austin used the false allegation of the smell of cannabis as a mere pretext or subterfuge for a criminal investigation and detention.

337.   Austin failed to make a full and fair disclosure and misrepresented facts in an attempt to justify the prolonged detention of Ethan Gonzaga.

338.   The primary, obvious, and sole purpose of Austin's actions was to deprive Ethan Gonzaga of his constitutional rights and to infringe upon Ethan Gonzaga's constitutional rights.  Austin engaged in conduct with reckless disregard of whether the conduct violated Ethan Gonzaga's protected rights. As a result, Ethan Gonzaga was deprived of his clearly established rights under the Fourth and Fourteenth Amendments to the United States

Constitution.  Violation of these rights entitles Ethan Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

339.  Austin's conduct proximately caused Ethan Gonzaga's detention and confinement in the absence of probable cause, arguable probable cause, or any justifiable concern of officer safety. Austin's conduct was a moving force behind the improper detention and confinement.

340.  As a direct and proximate result of Austin's actions, Ethan Gonzaga has suffered damages.

341.  Ethan Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Austin a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, ETHAN GONZAGA, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, for compensatory damages, award Plaintiff, ETHAN GONZAGA, his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.  Further, ETHAN GONZAGA seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

**COUNT XXIV - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/DETENTION)**
**(Federal Claim – Against John Earle by Ethan Gonzaga)**

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, JOHN EARLE, in his individual capacity, and in support thereof states as follows:

342.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Earle.

343.   Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

344.   Ethan Gonzaga has the right under the Constitution of the United States to be secure from unlawful restraint of his person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

345.   Earle, acting under color of law and as an OPD employee, deprived Ethan Gonzaga of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that Earle's actions were a proximate cause of the illegal detention of Ethan Gonzaga outside of his home on July 16, 2019 from approximately 1:00 p.m. until 10:00 pm.

346. Earle's actions proximately caused the detention of Ethan Gonzaga in the absence of probable cause that Ethan Gonzaga had committed any criminal offense. Earle either accomplished the illegal detention, or participated in, or procured Ethan Gonzaga's nine (9) hour detention in his front yard.

347.   Earle caused Ethan Gonzaga to be deprived of his freedom and liberty and caused him to be restrained in his movements while forcing him to sit/stand in his front yard of his home for nine (9) hours, which continued until a search of his home was performed.

348.   The detention was accomplished without a valid legal warrant, without probable cause, and without an exception to the warrant requirement.

349.   Ethan Gonzaga's detention and confinement to a specific area in his front yard were caused and accomplished by Earle, who failed to conduct a proper investigation and failed to follow the law.  Ethan Gonzaga was never under investigation for any crime.  Earle allegedly arrived at the scene to assist officers who originally made a vehicle stop to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle.  Earle failed to recognize the lack of probable cause or arguable probable to detain Ethan Gonzaga for a period of time that extended well past any reasonable time period.  Ethan Gonzaga was never charged with a crime.

350.   Earle used the false allegation of the smell of cannabis as a mere pretext or subterfuge for a criminal investigation and detention.

351.   Earle failed to make a full and fair disclosure and misrepresented the facts in an attempt to justify the prolonged detention of Ethan Gonzaga.

352.   The primary, obvious, and sole purpose of Earle's actions was to deprive Ethan Gonzaga of his constitutional rights and to infringe upon Ethan

Gonzaga's constitutional rights.   Earle engaged in conduct with reckless disregard of whether the conduct violated Ethan Gonzaga's protected rights. As a result, Ethan Gonzaga was deprived of his clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Ethan Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

353.   Earle's conduct proximately caused Ethan Gonzaga's detention and confinement in the absence of probable cause, arguable probable cause, or justifiable concern of officer safety.   Earle's conduct was a moving force behind the improper detention and confinement.

354.   As a direct and proximate result of Earle's actions, Ethan Gonzaga has suffered damages.

355.   Ethan Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Earle a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, ETHAN GONZAGA, respectfully requests this Court enter judgment against Defendant, JOHN EARLE, for compensatory damages, award Plaintiff, ETHAN GONZAGA, his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.   Further, ETHAN GONZAGA seeks an award of punitive

74

damages to punish Defendant, JOHN EARLE, for his conduct, which would deter him and others from such conduct in the future.

### COUNT XXV - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/DETENTION)
### (Federal Claim – Against Michael Brown by Ethan Gonzaga)

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, MICHAEL BROWN, in his individual capacity, and in support thereof states as follows:

356.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Brown.

357.   Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

358.   Ethan Gonzaga has the right under the Constitution of the United States to be secure from unlawful restraint of his person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

359.   Brown, acting under color of law and as an OPD employee, deprived Ethan Gonzaga of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that Brown's actions were a proximate cause of the illegal detention of Ethan Gonzaga outside of his home on July 16, 2019 from approximately 1:00 p.m. until 10:00 pm.

360.   Brown's actions proximately caused the detention of Ethan Gonzaga in the absence of probable cause that Ethan Gonzaga had committed

49236734 v1

any criminal offense.  Brown either accomplished the illegal detention, or participated in, or procured Ethan Gonzaga's nine (9) hour detention in his front yard.

361.  Brown caused Ethan Gonzaga to be deprived of his freedom and liberty and caused him to be restrained in his movements while forcing him to sit/stand in his front yard of his home for nine (9) hours, which continued until a search of his home was performed.

362.  The detention was accomplished without a valid legal warrant, without probable cause, and without an exception to the warrant requirement.

363.  Ethan Gonzaga's detention and confinement to a specific area in his front yard were caused by and accomplished by Brown, who failed to conduct a proper investigation and failed to follow the law.  Ethan Gonzaga was never under investigation for any crime.  Brown allegedly arrived at the scene to assist officers who originally made a vehicle stop to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle.  Brown failed to recognize the lack of probable cause or arguable probable cause to detain Ethan Gonzaga for a period of time that extended well past any reasonable time period.  Ethan Gonzaga was never charged with a crime.

364.  Brown used the allegation of the smell of cannabis as a mere pretext or subterfuge for a criminal investigation and detention.

365.   Brown failed to make a full and fair disclosure and misrepresented facts in an attempt to justify the prolonged detention of Ethan Gonzaga.

366.   The primary, obvious, and sole purpose of Brown's actions was to deprive Ethan Gonzaga of his constitutional rights and to infringe upon Ethan Gonzaga's constitutional rights.   Brown engaged in conduct with reckless disregard of whether the conduct violates Ethan Gonzaga's protected rights. As a result, Ethan Gonzaga was deprived of his clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles Ethan Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

367.   Brown's conduct proximately caused Ethan Gonzaga's detention and confinement in the absence of probable cause, arguable probable cause, or any justifiable concern for officer safety.   Brown's conduct was a moving force behind the improper detention and confinement.

368.  As a direct and proximate result of Brown's actions, Ethan Gonzaga has suffered damages.

369.   Ethan Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Brown a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, ETHAN GONZAGA, respectfully requests this Court enter judgment against Defendant, MICHAEL BROWN, for

compensatory damages, award Plaintiff, ETHAN GONZAGA, his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, ETHAN GONZAGA seeks an award of punitive damages to punish Defendant, MICHAEL BROWN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XXVI - 42 U.S.C. § 1983 (ILLEGAL AND UNREASONABLE SEARCH)
### (Federal Claim – Against William Jimenez by Ethan Gonzaga)

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

370. This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Jimenez.

371. Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

372. Ethan Gonzaga has the right under the Constitution of the United States to be secure from unlawful searches of his lawful home, papers, and effects, which may only be intruded upon through due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

373. Jimenez, acting under color of law and as an OPD employee, deprived Ethan Gonzaga of his rights under the United States Constitution in

violation of 42 U.S.C. § 1983, in that, on more than one occasion, Jimenez, without probable cause, illegally entered and unreasonably searched Ethan Gonzaga's home, papers, and effects. Jimenez also deprived Ethan Gonzaga of these rights when he entered Ethan Gonzaga's home without his consent, entered Ethan Gonzaga's home to physically remove Jalisa Gonzaga, and illegally searched the residence for alleged drugs without reason or cause to suspect such existed in the home.

374.    The primary, obvious, and sole purpose of the searches was to deprive Ethan Gonzaga of his constitutional rights and infringe upon those rights. Jimenez engaged in conduct with reckless disregard of whether the conduct violates Ethan Gonzaga's protected rights. As a result, Ethan Gonzaga was deprived of his clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Ethan Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

375.    Prior to obtaining a search warrant for the home, Jimenez entered without a warrant.

376.    Ethan Gonzaga was never under investigation for any crime. Jimenez allegedly arrived at the scene to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle. Jimenez failed to recognize that he did

not have a right to enter the home to arrest for a seat belt violation or for an alleged crime of resisting without violence.

377.   Jimenez unlawfully prepared and executed the after-the-fact affidavit for a search warrant based on false information that he smelled cannabis.

378.   Even to the extent Jimenez had a right to search the home, the search was unreasonable and excessive in the manner in which it was conducted.  Jimenez was one of the officers in charge of the search, and during the search, extensive damage was caused to the home as described above.

379.   As a result of Jimenez's actions, Ethan Gonzaga has suffered damages.

380.   Ethan Gonzaga has also suffered damage as a result of his loss of constitutional rights as more specifically identified above.

381.   Ethan Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Jimenez a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, for the foregoing reasons, Plaintiff, ETHAN GONZAGA, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, for compensatory damages, award Plaintiff, ETHAN GONZAGA, his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary

and proper under the circumstances. Further, Plaintiff, ETHAN GONZAGA, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

**COUNT XXVII - 42 U.S.C. § 1983 (ILLEGAL AND UNREASONABLE SEARCH)**
**(Federal Claim – Against Luke Austin by Ethan Gonzaga)**

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

382.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Austin.

383.   Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

384.   Ethan Gonzaga has the right under the Constitution of the United States to be secure from unlawful searches of his lawful home, papers, and effects, which may only be intruded upon through due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

385.   Austin, acting under color of law and as an OPD employee, deprived Ethan Gonzaga of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that, on more than one occasion, Austin, without probable cause, illegally entered and unreasonably searched Ethan

81

Gonzaga's home, papers, and effects.  Austin also deprived Ethan Gonzaga of these rights when he entered Ethan Gonzaga's home without his consent, entered Ethan Gonzaga's home to physically remove persons inside the home, and illegally searched the residence for alleged drugs without reason or cause to suspect such existed in the home.

386.  The primary, obvious, and sole purpose of the searches was to deprive Ethan Gonzaga of his constitutional rights and infringe upon those rights.  Austin engaged in conduct with reckless disregard of whether the conduct violated Ethan Gonzaga's protected rights.  As a result, Ethan Gonzaga was deprived of his clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles Ethan Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

387.  Prior to obtaining a search warrant, Austin entered the home without a warrant.

388.  Ethan Gonzaga was never under investigation for any crime. Austin allegedly arrived at the scene to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle.  Austin failed to recognize that he did not have a right to enter the home for a seat belt violation or for an alleged crime of resisting without violence.  Ethan Gonzaga was never charged with a crime.

389.   Even to the extent Austin had a right to search the home, the search was unreasonable and excessive in the manner in which it was conducted.  Austin was one of the officers in charge of the search, and during the search, extensive damage was caused to the home as described above.

390.   Austin's unlawful search cannot be used as mere pretext or subterfuge for a criminal investigation, detention, arrest or confinement of law-abiding citizens.

391.   As a result of Austin's actions, Ethan Gonzaga suffered damages.

392.   Ethan Gonzaga has also suffered damage as a result of his loss of constitutional rights as more specifically identified above.

393.   Ethan Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Austin a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, for the foregoing reasons, Plaintiff, ETHAN GONZAGA, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, for compensatory damages, award Plaintiff, ETHAN GONZAGA, his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.  Further, Plaintiff, ETHAN GONZAGA, seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XXVIII – INVASION OF PRIVACY
**(State Claim – Against William Jimenez by Ethan Gonzaga)**

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

394.    This is a cause of action for invasion of privacy against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

395.    Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

396.    Ethan Gonzaga is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into his private life.

397.    Jimenez violated Ethan Gonzaga's right to privacy when he intruded into Ethan Gonzaga's solitude and seclusion by entering his residence without a warrant, and removed and damaged Ethan Gonzaga's property.

398.    Jimenez invaded Ethan Gonzaga's privacy with bad faith, malice, and a reckless disregard for Ethan Gonzaga's rights.

399.    As a direct and proximate result of Jimenez's actions, Ethan Gonzaga suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, ETHAN GONZAGA, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and

49236734 v1

proper under the circumstances.  Further, Plaintiff, ETHAN GONZAGA, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XXIX – INVASION OF PRIVACY
### (State Claim – Against Luke Austin by Ethan Gonzaga)

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

400.   This is a cause of action for invasion of privacy against Austin, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

401.   Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

402.   Ethan Gonzaga is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into his private life.

403.  Austin violated Ethan Gonzaga's right to privacy when he intruded into Ethan Gonzaga's solitude and seclusion by entering his residence without a warrant and removed and damaged Ethan Gonzaga's property.

404.   Austin invaded Ethan Gonzaga's privacy in bad faith and with malice and a reckless disregard for Ethan Gonzaga's rights.

405.   As a direct and proximate result of Austin's actions, Ethan Gonzaga has suffered damages.

85

WHEREFORE, for the foregoing reasons, Plaintiff, ETHAN GONZAGA, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, ETHAN GONZAGA, seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

### COUNT XXX – INVASION OF PRIVACY
**(State Claim – Against John Earle by Ethan Gonzaga)**

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, JOHN EARLE, in his individual capacity, and in support thereof states as follows:

406.   This is a cause of action for invasion of privacy against Earle, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

407.   Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

408.   Ethan Gonzaga is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into his private life.

409.   Earle violated Ethan Gonzaga's right to privacy when he intruded into Ethan Gonzaga's solitude and seclusion by entering his residence without a warrant and removed and damaged Ethan Gonzaga's property.

86

410.    Earle invaded Ethan Gonzaga's privacy in bad faith and with malice and a reckless disregard for Ethan Gonzaga's rights.

411.    As a direct and proximate result of Earle's actions, Ethan Gonzaga has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, ETHAN GONZAGA, respectfully requests this Court enter judgment against Defendant, JOHN EARLE, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, ETHAN GONZAGA, seeks an award of punitive damages to punish Defendant, JOHN EARLE, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XXXI – INVASION OF PRIVACY
### (State Claim – Against Michael Brown by Ethan Gonzaga)

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, MICHAEL BROWN, in his individual capacity, and in support thereof states as follows:

412.    This is a cause of action for invasion of privacy against Brown, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

413.    Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

414.    Ethan Gonzaga is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into his private life.

49236734 v1

415.   Brown violated Ethan Gonzaga's right to privacy when he intruded into Ethan Gonzaga's solitude and seclusion by entering his residence without a warrant and removed and damaged Ethan Gonzaga's property.

416.   Brown invaded Ethan Gonzaga's privacy in bad faith and with malice and a reckless disregard for Ethan Gonzaga's rights.

417.   As a direct and proximate result of Brown's actions, Ethan Gonzaga has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, ETHAN GONZAGA, respectfully requests this Court enter judgment against Defendant, MICHAEL BROWN, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, ETHAN GONZAGA, seeks an award of punitive damages to punish Defendant, MICHAEL BROWN, for his conduct, which would deter him and others from such conduct in the future.

### COUNT XXXII – TRESPASS
### (State Claim – Against William Jimenez by Ethan Gonzaga)

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

418.   This is a cause of action for trespass against William Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

49236734 v1

419.    Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

420.    Jimenez trespassed on multiple occasions when he wrongfully entered, searched, seized, and destroyed property belonging to Ethan Gonzaga and interfered with his enjoyment of that property.

421.    Jimenez entered Ethan Gonzaga's property without a warrant and seized Ethan Gonzaga's property.

422.    Jimenez's affidavit for the after-the-fact search warrant and any probable cause determination was based false and misleading statements.

423.    Jimenez used false statements as a basis for trespassing on Ethan Gonzaga's property. Jimenez knew or should have known that the information used to substantiate the alleged probable cause to enter and search Ethan Gonzaga's home was fabricated and falsified but he recklessly, maliciously, and in bad faith used false evidence to justify probable cause.

424.    Jimenez acted with bad faith, with malice and disregard for Ethan Gonzaga's rights.

425.    As a result of Jimenez's actions, Ethan Gonzaga has suffered damages.

WHEREFORE, for the forgoing reasons, Plaintiff, ETHAN GONZAGA, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, individually, award compensatory damages and all costs incurred

for the prosecution of this matter, and award such other and further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, ETHAN GONZAGA, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

### COUNT XXXIII – TRESPASS
**(State Claim – Against Luke Austin by Ethan Gonzaga)**

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

426.  This is a cause of action for trespass against Austin, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

427.  Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

428.  Austin trespassed on multiple occasions when he wrongfully entered, searched, seized, and destroyed property belonging to Ethan Gonzaga and interfered with his enjoyment of that property.

429.  Austin entered Ethan Gonzaga's property without a warrant.

430.  The after-the-fact search warrant and any probable cause determination was based on false and misleading statements.

431.  Austin used false statements as a basis for trespassing on Ethan Gonzaga's property. Austin knew or should have known that the information

used to substantiate the alleged probable cause to enter and search Ethan
Gonzaga's home was fabricated and falsified, but he recklessly, maliciously,
and in bad faith used false evidence to justify probable cause.

432.   Austin acted in bad faith and with actual malice and a disregard
for Ethan Gonzaga's rights.

433.   As a result of Austin's actions, Ethan Gonzaga has suffered
damages.

WHEREFORE, for the forgoing reasons, Plaintiff, ETHAN GONZAGA,
respectfully requests this Court enter judgment against Defendant, LUKE
AUSTIN, individually, award compensatory damages and all costs incurred for
the prosecution of this matter, and award such other and further relief as this
Court deems just and proper under the circumstances.  Further, Plaintiff,
ETHAN GONZAGA, seeks an award of punitive damages to punish Defendant,
LUKE AUSTIN, for his conduct, which would deter him and others from such
conduct in the future.

### COUNT XXXIV – FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against William Jimenez by Ethan Gonzaga)

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel,
sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in
support thereof states as follows:

49236734 v1

434.   This is a cause of action for false imprisonment/false detention against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

435.   Ethan Gonzaga re-alleges the allegations contained in paragraphs 16 and 18-108, above, as if fully set forth herein.

436.   Jimenez's actions proximately caused the detention of Ethan Gonzaga for nine hours in the hot Florida weather in the middle of summer on July 16, 2019.   Jimenez, in the absence of probable cause that Ethan Gonzaga committed any criminal offense, either accomplished the detention, or participated in or procured Ethan Gonzaga's detention.

437.   Jimenez caused Ethan Gonzaga to be deprived of his freedom and liberty and caused him to be restrained in his movements (confined to his yard and not allowed to leave for any reason, including to use bathroom or drink water for nine hours).   During his detention, Ethan Gonzaga was unable to leave and under threat of arrest if he attempted to go in his home or leave in his car, which continued for a full 9 hours until his home had been searched.

438.   The detention and confinement was accomplished without a valid legal warrant, without probable cause, and without an exception to the warrant requirement.

439.   Jimenez willfully detained and confined Ethan Gonzaga.

440.   Ethan Gonzaga's detention was without his consent.

49236734 v1

441.    The detention and confinement was unlawful.

442.    Ethan Gonzaga was aware of the detention and confinement and further aware that he could not leave until allowed to by the officers.

443.    Jimenez acted in bad faith and with malice and a disregard for Ethan Gonzaga's rights.

444.    As a direct and proximate result of Jimenez's actions, Ethan Gonzaga has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, ETHAN GONZAGA, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, for compensatory damages and all costs in the prosecution of this matter and such other further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, ETHAN GONZAGA, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ for his conduct, which would deter him and others from such conduct in the future.

## COUNT XXXV – FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against Luke Austin by Ethan Gonzaga)

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

445.    This is a cause of action for false imprisonment/false detention against Austin, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

49236734 v1

446.    Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

447.    Austin's actions proximately caused the detention of Ethan Gonzaga for nine hours.  Austin, in the absence of probable cause that Ethan Gonzaga committed any criminal offense, either accomplished the detention, or participated in, or procured Ethan Gonzaga's detention.

448.    Austin caused Ethan Gonzaga to be deprived of his freedom and liberty and caused him to be restrained in his movements (confined to his yard and not allowed to leave for any reason, including to use the bathroom or drink water for nine hours).  During his detention, Ethan Gonzaga was unable to leave and under threat of arrest if he attempted to go in his home or leave in his car, which continued for a full 9 hours until his home had been searched.

449.    The detention and confinement was accomplished without a valid legal warrant, without probable cause, and without an exception to the warrant requirement.

450.    Austin willfully detained and confined Ethan Gonzaga.

451.    Ethan Gonzaga's detention was without his consent.

452.    The detention and confinement was unlawful.

453.    Ethan Gonzaga was aware of the detention and confinement and further aware that he could not leave until allowed to by the officers.

454.  Austin acted in bad faith and with malice and a disregard for Ethan Gonzaga's rights.

455.  As a direct and proximate result of Austin's actions, Ethan Gonzaga has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, ETHAN GONZAGA, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, for compensatory damages and all costs in the prosecution of this matter and such other further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, ETHAN GONZAGA, seeks an award of punitive damages to punish Defendant, LUKE AUSTIN for his conduct, which would deter him and others from such conduct in the future.

## COUNT XXXVI – FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against John Earle by Ethan Gonzaga)

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, JOHN EARLE, in his individual capacity, and in support thereof states as follows:

456.  This is a cause of action for false imprisonment/false detention against Earle, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

457.  Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

458.  Earle's actions proximately caused the detention of Ethan Gonzaga for nine hours in the hot Florida weather in the middle of summer on July 16, 2019.  Earle, in the absence of probable cause that Ethan Gonzaga committed any criminal offense, either accomplished the detention, or participated in, or procured Ethan Gonzaga's detention.

459.  Earle caused Ethan Gonzaga to be deprived of his freedom and liberty and caused him to be restrained in his movements (confined to his yard and not allowed to leave for any reason, including to use the bathroom or drink water for nine hours).  During his detention, Ethan Gonzaga was unable to leave and under threat of arrest if he attempted to go in his home or leave in his car, which continued for a full 9 hours until his home had been searched.

460.  The detention and confinement was accomplished without a valid, legal warrant, without probable cause.

461.  Earle willfully detained and confined Ethan Gonzaga.

462.  Ethan Gonzaga's detention was without his consent.

463.  The detention and confinement was unlawful.

464.  Ethan Gonzaga was aware of the detention and confinement and further aware that he could not leave until allowed to by the officers.

465.  Earle acted in bad faith, with malice, and a disregard for Ethan Gonzaga's rights.

466.   As a direct and proximate result of Earle's actions, Ethan Gonzaga has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, ETHAN GONZAGA, respectfully requests this Court enter judgment against Defendant, JOHN EARLE, for compensatory damages and all costs in the prosecution of this matter and such other further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, ETHAN GONZAGA, seeks an award of punitive damages to punish Defendant, JOHN EARLE for his conduct, which would deter him and others from such conduct in the future.

## COUNT XXXVII – FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against Michael Brown by Ethan Gonzaga)

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, MICHAEL BROWN, in his individual capacity, and in support thereof states as follows:

467.   This is a cause of action for false imprisonment/false detention against Brown, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

468.   Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

469.   Brown's actions proximately caused the detention of Ethan Gonzaga for nine hours in the hot Florida weather in the middle of summer on July 16, 2019.  Brown, in the absence of probable cause that Ethan Gonzaga

committed any criminal offense, either accomplished the detention, or participated in, or procured Ethan Gonzaga's detention.

470.   Brown caused Ethan Gonzaga to be deprived of his freedom and liberty and caused him to be restrained in his movements (confined to his yard and not allowed to leave for any reason, including to use the bathroom or drink water for nine hours).  During his detention, Ethan Gonzaga was unable to leave and under threat of arrest if he attempted to go in his home or leave in his car, which continued for a full 9 hours until his home had been searched.

471.   The detention and confinement was accomplished without a valid, legal warrant, without probable cause.

472.   Brown willfully detained and confined Ethan Gonzaga.

473.   Ethan Gonzaga's detention was without his consent.

474.   The detention and confinement was unlawful.

475.   Ethan Gonzaga was aware of the detention and confinement and further aware that he could not leave until allowed to by the officers.

476.   Brown acted in bad faith, with malice, and a disregard for Ethan Gonzaga's rights.

477.   As a direct and proximate result of Brown's actions, Ethan Gonzaga has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, ETHAN GONZAGA, respectfully requests this Court enter judgment against Defendant, MICHAEL

BROWN, for compensatory damages and all costs in the prosecution of this matter and such other further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, ETHAN GONZAGA, seeks an award of punitive damages to punish Defendant, MICHAEL BROWN for his conduct, which would deter him and others from such conduct in the future.

## COUNT XXXVIII - 42 U.S.C. § 1983
## (Federal Claim – Against The City of Orlando by Ethan Gonzaga)

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, THE CITY OF ORLANDO, and in support thereof states as follows:

478.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against the City.

479.   Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

480.   Ethan Gonzaga has a right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures of his person and property, and to be secure that no search or restraint of his person shall occur except upon due process of law.

481.   Ethan Gonzaga has the right to be free from violations to his constitutional rights.

482.   On or about July 16, 2019, OPD, as a law enforcement agency of the City, and through its employees and agents acting in the scope of their

99

employment under color of law, deprived Ethan Gonzaga of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that, without probable cause that Ethan Gonzaga had committed a violation of any law, it illegally detained and confined Ethan Gonzaga and caused him to be deprived of his liberty, thereby causing him physical and emotional pain and suffering.

483.   Further, OPD acted with the deliberate indifference to Ethan Gonzaga's constitutional rights as a result of having either no policy in place, or a policy that permitted the wrongful detention and/or confinement of Ethan Gonzaga and the violation of his constitutional rights.

484.   OPD had a custom and policy that permitted, encouraged, condoned, and ratified the violation of Ethan Gonzaga's constitutional rights.

485.   The actions of OPD, as well as other employees and/or agents of OPD, were done pursuant to OPD's customs and practices and with the authorization and direction of its final policy maker, Police Chief Orlando Rolon.

486.   OPD failed to properly train its officers and demonstrated a deliberate indifference by failing to train its officers in the guidelines required for maintaining proper seizures, detention, and confinement of citizens.

487.   OPD's employees had inadequate training in the constitutional rights guaranteed by the United States Constitution and in the requirements for detainment or confinement of citizenry while officers were on "proactive

patrol." OPD made proactive patrol a priority, but failed to properly train officers in active police stops for seatbelt violations initiated simply because of the way a person looks (i.e., the color of their skin). There was an obvious need for training in this area, and OPD deliberately chose not to train or properly supervise officers in this area. But for this improper, inadequate, or non-existent training, the incidents described in this Complaint would not have occurred. OPD officers were inadequately trained on entering a home without a warrant and in how long, where, and in what circumstances a person can be held outside in the Florida heat (in this instance it was for nine hours).

488. The final policy maker for OPD, Chief Rolon, approved and ratified the conduct of the OPD officers named as Defendants herein. Chief Rolon publically stated that this specific case presents an opportunity to train OPD officers:

> [When discussing how a seatbelt violation could lead to the actions taken by OPD officers on July 16, 2019]: "It is a valid concern if you see the disparity of vehicle stops in one segment of the community versus other. I think this is once scenario that allows us to reflect on that. That allows us to look at ourselves and say, 'Hey, to what extent to we want to exercise vehicle stops for seat belt violations in the city as a whole?' So our biggest takeaway is not only the vehicle stop, what reason they had to do the vehicle stop." (Chief Rolon indicated he saw this incident as an opportunity to provide better training for officers.)

489. The acts of OPD's employees were a direct and proximate result of the failure of OPD to train its officers and the final policy decisions of the City.

490.   OPD, by and through its final decision maker Chief Rolon, directly under color of law, directed, approved, ratified and ordered the unlawful and deliberate conduct of OPD as described above and was involved in and made the decision to detain and arrest Ethan Gonzaga.

491.  As a direct and proximate result cause of OPD's actions, Ethan Gonzaga has suffered damages, including physical pain and suffering, emotional anguish, and damages including physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

492.  Ethan Gonzaga also suffers as a result of the loss of his constitutional rights.

493.  Ethan Gonzaga has retained the services of the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from City a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, ETHAN GONZAGA, respectfully requests this Court to enter an award of all compensatory damages against Defendant, THE CITY OF ORLANDO, award attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.

## COUNT XXXIX – TRESPASS
### (State Claim – Against The City of Orlando by Ethan Gonzaga)

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, THE CITY OF ORLANDO, and in support thereof states as follows:

494. This is a cause of action for trespass against the City and for damages in excess of Thirty Thousand and 00/100 Dollars ($30,000.00).

495. Ethan Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

496. On July 16, 2019, City, through its employees and agents acting within the course and scope of their employment as OPD officers, did trespass when an officer entered Ethan Gonzaga's home without a warrant.

497. Additionally, OPD officers trespassed when they destroyed and damaged Ethan Gonzaga's personal property described above.

498. As a result of the actions of the agents and employees of OPD, Ethan Gonzaga has suffered damages, including emotional anguish and suffering, all of which continue to this day and are likely to continue into the future.

WHEREFORE, Plaintiff, ETHAN GONZAGA, respectfully requests this Court to enter a judgment against Defendant, THE CITY OF ORLANDO, for all compensatory damages and costs incurred in the prosecution of this action,

49236734 v1

and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT XL – FALSE ARREST/FALSE IMPRISONMENT AND DETENTION
### (State Claim – Against The City of Orlando by Ethan Gonzaga)

Plaintiff, ETHAN GONZAGA, by and through his undersigned counsel, sues Defendant, THE CITY OF ORLANDO, and in support thereof states as follows:

499.   This is a cause of action for false arrest/false imprisonment and false detention against the City, and for damages in excess of Thirty Thousand and 00/100 Dollars ($30,000.00).

500.   Ethan Gonzaga alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

501.   On or about July 16, 2019, the City, through its employees and agents acting in the course and scope of their duties as OPD police officers, caused Ethan Gonzaga to be deprived of his freedom and liberty and restrained his movements for nine (9) hours as more fully described above.

502.   Ethan Gonzaga did not consent to the aforementioned actions the City, its employees, and its agents, and said actions were against Ethan Gonzaga's will.

503.   The restraint of Ethan Gonzaga by the City, through its employees and agents acting in the course and scope of their duties as police officers, was unlawful and not based upon any lawfully-issued process of court.

504.   The City, through its employees and agents acting in the course and scope of their duties as OPD police officers, caused the unlawful restraint of Ethan Gonzaga.

505.   As a direct and proximate result of the City's actions, Ethan Gonzaga has suffered damages, which include injury to reputation, hurt feelings, mental anguish, physical inconvenience, physical discomfort, loss of earnings, loss of time, loss of income, lost working time and loss of ability to earn money sustained in the past and future embarrassment, humiliation, and disgrace, which are continuing to this day and are likely to continue in the future.

WHEREFORE, for the foregoing reasons, Plaintiff, ETHAN GONZAGA, respectfully requests this Court to enter Judgment against Defendant, THE CITY OF ORLANDO, for compensatory damages and all costs in the prosecution of this matter, and such other and further relief as this Court deems just and proper under the circumstances.

### COUNT XLI - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/ARREST)
### (Federal Claim – Against William Jimenez by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, WILLIAM JIMENEZ, and in support thereof states as follows:

506.    This is a cause of action against Jimenez for violation of civil rights under 42 U.S.C. § 1983.

507.    Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

508.    Edgardo Gonzaga has the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of his person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

509.    On July 16, 2019, Jimenez, under color of law and as an OPD employee, deprived Edgardo Gonzaga of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that he, without probable cause or arguable probable cause that Edgardo Gonzaga had committed a violation of law, caused Edgardo Gonzaga to be arrested and deprived of his liberty, thereby causing Edgardo Gonzaga physical and emotional pain and suffering, all in direct violation of the United States Constitution.

510.    The primary, obvious, and sole purpose of the illegal and wrongful detention of Edgardo Gonzaga person was to deprive and infringe upon Edgardo Gonzaga's constitutional rights. As a result, Edgardo Gonzaga was

deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Edgardo Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

511.   Jimenez knew that his actions would deprive Edgardo Gonzaga of his constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

512.   Jimenez took the actions complained of with the knowledge that his actions were in direct violation of the United States Constitution and Edgardo Gonzaga's rights. Jimenez's acts violated Edgardo Gonzaga's clearly established constitutional rights, of which every reasonable member of the public or governmental entity knows or should know.

513.   Jimenez had no probable cause or arguable probable cause to believe that Edgardo Gonzaga had committed any crime and had no probable cause or arguable probable cause to detain, seize, search and otherwise violate Edgardo Gonzaga's constitutional rights.

514.   As a direct result of Jimenez's actions, Edgardo Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the physical

and emotional aspects of which are continuing to this day and are likely to continue in the future.

515.   Edgardo Gonzaga also suffered damage as a result of this loss of his constitutional rights as more specifically identified above.

516.   Edgardo Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Jimenez a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter an award of compensatory damages against Defendant, WILLIAM JIMENEZ, award Plaintiff his attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, Plaintiff seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XLII - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/ARREST)
### (Federal Claim – Against Luke Austin by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, LUKE AUSTIN, and in support thereof states as follows:

517.   This is a cause of action against Austin for violation of civil rights under 42 U.S.C. § 1983.

518.    Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

519.    Edgardo Gonzaga has the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of his person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

520.    On July 16, 2019, Austin, under color of law and as an OPD employee, deprived Edgardo Gonzaga of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that he, without probable cause or arguable probable cause that Edgardo Gonzaga had committed a violation of law, caused Edgardo Gonzaga to be arrested and deprived of his liberty, thereby causing Edgardo Gonzaga physical and emotional pain and suffering, all in direct violation of the United States Constitution.

521.    The primary, obvious, and sole purpose of the illegal and wrongful detention of Edgardo Gonzaga person was to deprive and infringe upon Edgardo Gonzaga's constitutional rights.  As a result, Edgardo Gonzaga was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles Edgardo Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

522.   Austin knew that his actions would deprive Edgardo Gonzaga of his constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

523.   Austin took the actions complained of with the knowledge that his actions were in direct violation of the United States Constitution and Edgardo Gonzaga's rights.  Austin's acts violated Edgardo Gonzaga's clearly established constitutional rights, of which every reasonable member of the public or governmental entity knows or should know.

524.   Austin had no probable cause or arguable probable cause to believe that Edgardo Gonzaga had committed any crime and had no probable cause or arguable probable cause to detain, seize, search and otherwise violate Edgardo Gonzaga's constitutional rights.

525.   As a direct result of Austin's actions, Edgardo Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

526.   Edgardo Gonzaga also suffered damage as a result of this loss of his constitutional rights as more specifically identified above.

527.   Edgardo Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Austin a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter an award of compensatory damages against Defendant, LUKE AUSTIN, award Plaintiff his attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.   Further, Plaintiff seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XLIII - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/ARREST)
### (Federal Claim – Against John Earle by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, JOHN EARLE, and in support thereof states as follows:

528.   This is a cause of action against Earle for violation of civil rights under 42 U.S.C. § 1983.

529.   Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

530.   Edgardo Gonzaga has the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of his

111

person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

531. On July 16, 2019, Earle, under color of law and as an OPD employee, deprived Edgardo Gonzaga of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that he, without probable cause or arguable probable cause that Edgardo Gonzaga had committed a violation of law, caused Edgardo Gonzaga to be arrested and deprived of his liberty, thereby causing Edgardo Gonzaga physical and emotional pain and suffering, all in direct violation of the United States Constitution.

532. The primary, obvious, and sole purpose of the illegal and wrongful detention of Edgardo Gonzaga person was to deprive and infringe upon Edgardo Gonzaga's constitutional rights. As a result, Edgardo Gonzaga was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Edgardo Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

533. Earle knew that his actions would deprive Edgardo Gonzaga of his constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

534. Earle took the actions complained of with the knowledge that his actions were in direct violation of the United States Constitution and Edgardo

112

Gonzaga's rights. Earle's acts violated Edgardo Gonzaga's clearly established constitutional rights, of which every reasonable member of the public or governmental entity knows or should know.

535.    Earle had no probable cause or arguable probable cause to believe that Edgardo Gonzaga had committed any crime and had no probable cause or arguable probable cause to detain, seize, search and otherwise violate Edgardo Gonzaga's constitutional rights.

536.    As a direct result of Earle's actions, Edgardo Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

537.    Edgardo Gonzaga also suffered damage as a result of this loss of his constitutional rights as more specifically identified above.

538.    Edgardo Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Earle a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter an award of compensatory damages against Defendant, JOHN EARLE, award Plaintiff his attorneys' fees and costs pursuant to 42 U.S.C. §

1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.  Further, Plaintiff seeks an award of punitive damages to punish Defendant, JOHN EARLE, for his conduct, which would deter him and others from such conduct in the future.

### COUNT XLIV - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/ARREST)
**(Federal Claim – Against Michael Brown by Edgardo Gonzaga)**

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, MICHAEL BROWN, and in support thereof states as follows:

539.   This is a cause of action against Brown for violation of civil rights under 42 U.S.C. § 1983.

540.   Plaintiff re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

541.   Edgardo Gonzaga has the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of his person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

542.   On July 16, 2019, Brown, under color of law and as an OPD employee, deprived Edgardo Gonzaga of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that he, without probable cause or arguable probable cause that Edgardo Gonzaga had committed a violation

of law, caused Edgardo Gonzaga to be arrested and deprived of his liberty,
thereby causing Edgardo Gonzaga physical and emotional pain and suffering,
all in direct violation of the United States Constitution.

543.   The primary, obvious, and sole purpose of the illegal and wrongful
detention of Edgardo Gonzaga person was to deprive and infringe upon
Edgardo Gonzaga's constitutional rights.  As a result, Edgardo Gonzaga was
deprived of his rights under the Fourth and Fourteenth Amendments to the
United States Constitution.  Violation of these rights entitles Edgardo Gonzaga
to an award of damages for loss of those rights and for all damages that
resulted therefrom.

544.   Brown knew that his actions would deprive Edgardo Gonzaga of
his constitutional rights, but proceeded with the unlawful actions with willful
disregard for the consequences of his actions.

545.   Brown took the actions complained of with the knowledge that his
actions were in direct violation of the United States Constitution and Edgardo
Gonzaga's rights.  Brown's acts violated Edgardo Gonzaga's clearly established
constitutional rights, of which every reasonable member of the public or
governmental entity knows or should know.

546.   Brown had no probable cause or arguable probable cause to believe
that Edgardo Gonzaga had committed any crime and had no probable cause or

arguable probable cause to detain, seize, search and otherwise violate Edgardo

Gonzaga's constitutional rights.

547.  As a direct result of Brown's actions, Edgardo Gonzaga has

suffered damages which include physical inconvenience, physical discomfort

and pain, physical suffering, loss of time, mental suffering, embarrassment,

humiliation, disgrace, and injury to his feelings and reputation, the physical

and emotional aspects of which are continuing to this day and are likely to

continue in the future.

548.  Edgardo Gonzaga also suffered damage as a result of this loss of

his constitutional rights as more specifically identified above.

549.  Edgardo Gonzaga has retained the undersigned counsel to bring

this action under 42 U.S.C. § 1983, and is entitled to recover from Brown a

reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests

this Court enter an award of compensatory damages against Defendant,

MICHAEL BROWN, award Plaintiff his attorneys' fees and costs pursuant to

42 U.S.C. § 1988 and other applicable laws, and provide any other and further

relief that the Court deems necessary and proper under the circumstances.

Further, Plaintiff seeks an award of punitive damages to punish Defendant,

MICHAEL BROWN, for his conduct, which would deter him and others from

such conduct in the future.

49236734 v1

## COUNT XLV - 42 U.S.C. § 1983 (ILLEGAL AND UNREASONABLE SEARCH)
### (Federal Claim – Against William Jimenez by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

550.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Jimenez.

551.   Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

552.   Edgardo Gonzaga has the right under the Constitution of the United States to be secure from unlawful searches of his lawful home, papers, and effects, which may only be intruded upon through due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

553.   Jimenez, acting under color of law and as an OPD employee, deprived Edgardo Gonzaga of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that, on more than one occasion, Jimenez, without probable cause, illegally entered and unreasonably searched Edgardo Gonzaga's home, papers, and effects.  Jimenez also deprived Edgardo Gonzaga of these rights when he entered Edgardo Gonzaga's home without his permission, entered Edgardo Gonzaga's home to physically remove Jalisa

Gonzaga, and illegally searched the residence for alleged drugs and paraphernalia without reason or cause to suspect such existed in the home.

554.    The primary, obvious, and sole purpose of the searches was to deprive Edgardo Gonzaga of his constitutional rights and infringe upon those rights.  Jimenez engaged in conduct with reckless disregard of whether the conduct violated Edgardo Gonzaga's protected rights.  As a result, Edgardo Gonzaga was deprived of his clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles Edgardo Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

555.  On multiple occasions, Jimenez entered and searched the residence for drugs and drug paraphernalia, and for a person (i.e., the unknown seatbelt violator) without a valid, legal warrant, without probable cause, and without an exception to the warrant requirement.

556.  The searches were caused by and accomplished by Jimenez, who conducted a biased investigation and who failed to follow the law.  Edgardo Gonzaga was never under investigation for any crime.  Jimenez allegedly arrived at the scene to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle.  Jimenez failed to recognize the lack of probable cause or arguable probable cause, which showed a fundamental lack of understanding of the elements and potential charges which could be levied against a person

118

accused of a seat belt violation.  Edgardo Gonzaga was never charged with a crime.

557.  Jimenez unlawfully prepared and executed the after-the-fact affidavit for a search warrant. Jimenez's unlawful search cannot be used as mere pretext or subterfuge for a criminal investigation, detention, arrest or confinement of law-abiding citizens.

558.  As a result of Jimenez's actions, Edgardo Gonzaga has suffered damages.

559.  Edgardo Gonzaga has also suffered damage as a result of his loss of constitutional rights as more specifically identified above.

560.  Edgardo Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Jimenez a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, for the foregoing reasons, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, for compensatory damages, award Plaintiff, EDGARDO GONZAGA, his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.  Further, Plaintiff, EDGARDO GONZAGA, seeks an award of punitive damages to

punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter

him and others from such conduct in the future.

### COUNT XLVI - 42 U.S.C. § 1983 (ILLEGAL AND UNREASONABLE SEARCH)
### (Federal Claim – Against Luke Austin by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned

counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in

support thereof states as follows:

561.  This is a cause of action for violation of civil rights under 42 U.S.C.

§ 1983 against Austin.

562.  Edgardo Gonzaga re-alleges the allegations contained in

paragraphs 1-17 and 19-108, above, as if fully set forth herein.

563.  Plaintiff has the right under the Constitution of the United States

to be secure from unlawful searches of his lawful home, papers, and effects,

which may only be intruded upon through due process of law under the Fourth

and Fourteenth Amendments of the United States Constitution.

564.  Austin, acting under color of law and as OPD employee, deprived

Edgardo Gonzaga of his rights under the United States Constitution in

violation of 42 U.S.C. § 1983, in that, on more than one occasion, Austin,

without probable cause, illegally entered and unreasonably searched Edgardo

Gonzaga's home, papers, and effects.  Austin also deprived Edgardo Gonzaga

of these rights when he entered Edgardo Gonzaga's home without his

permission, entered Edgardo Gonzaga's home to physically remove persons inside the home, and illegally searched the residence for alleged drugs and paraphernalia without reason or cause to suspect such existed in the home.

565.    The primary, obvious, and sole purpose of the searches was to deprive Edgardo Gonzaga of his constitutional rights and infringe upon those rights.  Austin engaged in conduct with reckless disregard of whether the conduct violates Edgardo Gonzaga protected rights.  As a result, Edgardo Gonzaga was deprived of his clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles Edgardo Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

566.    On multiple occasions, Austin entered and searched the residence for drugs and drug paraphernalia, and for a person (i.e., the unknown seatbelt violator) without a valid legal warrant, without probable cause, and without an exception to the warrant requirement.

567.    The searches were caused by and accomplished by Austin, who conducted a biased investigation and who failed to follow the law.  Edgardo Gonzaga was never under investigation for any crime.  Austin allegedly arrived at the scene to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle.  Austin failed to recognize the lack of probable cause or arguable probable cause which showed a fundamental lack of understanding

121

of the elements and potential charges which could be levied against a person accused of a seat belt violation. Edgardo Gonzaga was never charged with a crime.

568. Austin's unlawful search cannot be used as mere pretext or subterfuge for a criminal investigation, detention, arrest or confinement of law-abiding citizens.

569. As a result of Austin's actions, Edgardo Gonzaga has suffered damages.

570. Edgardo Gonzaga has also suffered damage as a result of his loss of constitutional rights as more specifically identified above.

571. Edgardo Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Austin a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, for the foregoing reasons, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, for compensatory damages, award Plaintiff, EDGARDO GONZAGA, his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, Plaintiff, EDGARDO GONZAGA, seeks an award of punitive damages to

punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XLVII - 42 U.S.C. § 1983 (MALICIOUS PROSECUTION)
### (Federal Claim – Against William Jimenez by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

572.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Jimenez.

573.   Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

574.   Jimenez owed a duty of care to the citizenry in general, and specifically, in this case, he owed a duty of care to Edgardo Gonzaga.

575.   On July 16, 2019 and thereafter, Jimenez, acting with malicious purpose, caused a prosecution and continued prosecution to be instituted against Edgardo Gonzaga.

576.   Said prosecution was instituted without probable cause by Jimenez, and the facts known by him would not have warranted a reasonable person to believe that any criminal offense had been committed by Edgardo Gonzaga.

577.   There was absence of probable cause to arrest and prosecute Edgardo Gonzaga and for the continued prosecution against Edgardo Gonzaga.

578.   In September 2019, the prosecution against Edgardo Gonzaga was terminated in favor of Edgardo Gonzaga on the merits by the filing of a No Information Notice.   This constituted a bona fide termination of the prosecution proceedings in favor of Edgardo Gonzaga.

579.   Jimenez acted maliciously and in bad faith against Edgardo Gonzaga at all times mentioned herein.   No prosecution or continued prosecution of Edgardo Gonzaga would have occurred but for the actions of Jimenez.

580.   As a direct result of Jimenez's actions, Edgardo Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

WHEREFORE, for the foregoing reasons, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, for compensatory damages, award Plaintiff, EDGARDO GONZAGA, his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.   Further, Plaintiff, EDGARDO GONZAGA, seeks an award of punitive damages to

49236734 v1

punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter
him and others from such conduct in the future.

### COUNT XLVIII - 42 U.S.C. § 1983 (MALICIOUS PROSECUTION)
### (Federal Claim – Against Luke Austin by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned
counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in
support thereof states as follows:

581.   This is a cause of action for violation of civil rights under 42 U.S.C.
§ 1983 against Austin.

582.   Edgardo Gonzaga re-alleges the allegations contained in
paragraphs 1-17 and 19-108, above, as if fully set forth herein.

583.   Austin owed a duty of care to the citizenry in general, and
specifically, in this case, he owed a duty of care to Edgardo Gonzaga.

584.   On July 16, 2019 and thereafter, Austin, acting with malicious
purpose, caused a prosecution and continued prosecution to be instituted
against Edgardo Gonzaga.

585.   Said prosecution was instituted without probable cause by Austin,
and the facts known by him would not have warranted a reasonable person to
believe that any criminal offense had been committed by Edgardo Gonzaga.

586.   There was absence of probable cause to arrest and prosecute
Edgardo Gonzaga and for the continued prosecution against Edgardo Gonzaga.

587.   In September 2019, the prosecution against Edgardo Gonzaga was terminated in favor of Edgardo Gonzaga on the merits by the filing of a No Information Notice.   This constituted a bona fide termination of the prosecution proceedings in favor of Edgardo Gonzaga.

588.   Austin acted maliciously and in bad faith against Edgardo Gonzaga at all times mentioned herein.   No prosecution or continued prosecution of Edgardo Gonzaga would have occurred but for the actions of Austin.

589.   As a direct result of Austin's actions, Edgardo Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

WHEREFORE, for the foregoing reasons, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, for compensatory damages, award Plaintiff, EDGARDO GONZAGA, his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.   Further, Plaintiff, EDGARDO GONZAGA, seeks an award of punitive damages to

49236734 v1

punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XLIX - 42 U.S.C. § 1983 (EXCESSIVE FORCE)
### (Federal Claim – Against Luke Austin by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

590.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Austin.

591.   Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

592.   Edgardo Gonzaga has the right under the Fourth and Fourteenth Amendments of the United States Constitution to be free from excessive force and battery.

593.   On July 16, 2019, Austin, under color of law and as an OPD employee, deprived Edgardo Gonzaga of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that he illegally battered and used an excessive amount of force against Edgardo Gonzaga, thereby causing Edgardo Gonzaga physical and emotional pain and suffering in direct violation of the United States Constitution.

594.   The primary, obvious, and sole purpose of the illegal and excessive use of force upon Edgardo Gonzaga was to deprive and infringe upon Edgardo

Gonzaga's constitutional rights.  As a result, Edgardo Gonzaga was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, of which every reasonable member of the public or governmental entity knows or should know.  Violation of these rights entitles Edgardo Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

595.  Austin knew that his actions would deprive Edgardo Gonzaga of his constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

596.  As a direct and proximate result of Austin's actions, Edgardo Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

597.  Edgardo Gonzaga also suffered damage as a result of his loss of constitutional rights as more specifically identified above.

598.  Edgardo Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Austin a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, for compensatory damages, award Plaintiff, EDGARDO GONZAGA, his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, Edgardo Gonzaga seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT L - 42 U.S.C. § 1983 (EXCESSIVE FORCE)
### (Federal Claim – Against John Earle by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, JOHN EARLE, in his individual capacity, and in support thereof states as follows:

599.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Earle.

600.   Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

601.   Edgardo Gonzaga has the right under the Fourth and Fourteenth Amendments of the United States Constitution to be free from excessive force and battery.

602.   On July 16, 2019, Earle, under color of law and as an OPD employee, deprived Edgardo Gonzaga of his rights under the United States

49236734 v1

Constitution in violation of 42 U.S.C. § 1983, in that he illegally battered and used an excessive amount of force against Edgardo Gonzaga, thereby causing Edgardo Gonzaga physical and emotional pain and suffering in direct violation of the United States Constitution.

603.   The primary, obvious, and sole purpose of the illegal and excessive use of force upon Edgardo Gonzaga was to deprive and infringe upon Edgardo Gonzaga's constitutional rights.  As a result, Edgardo Gonzaga was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, of which every reasonable member of the public or governmental entity knows or should know.  Violation of these rights entitles Edgardo Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

604.   Earle knew that his actions would deprive Edgardo Gonzaga of his constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

605.   As a direct and proximate result of Earle's actions, Edgardo Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

606.   Edgardo Gonzaga also suffered damage as a result of his loss of constitutional rights as more specifically identified above.

607.   Edgardo Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Earle a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, JOHN EARLE, for compensatory damages, award Plaintiff, EDGARDO GONZAGA, his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.   Further, Edgardo Gonzaga seeks an award of punitive damages to punish Defendant, JOHN EARLE, for his conduct, which would deter him and others from such conduct in the future.

### COUNT LI - 42 U.S.C. § 1983 (EXCESSIVE FORCE)
### (Federal Claim – Against William Jimenez by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

608.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Jimenez.

609.   Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

131

610.   Edgardo Gonzaga has the right under the Fourth and Fourteenth Amendments of the United States Constitution to be free from excessive force and battery.

611.   On July 16, 2019, Jimenez, under color of law and as an OPD employee, deprived Edgardo Gonzaga of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that he illegally battered and used an excessive amount of force against Edgardo Gonzaga, thereby causing Edgardo Gonzaga physical and emotional pain and suffering in direct violation of the United States Constitution.

612.   The primary, obvious, and sole purpose of the illegal and excessive use of force upon Edgardo Gonzaga was to deprive and infringe upon Edgardo Gonzaga's constitutional rights.  As a result, Edgardo Gonzaga was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, of which every reasonable member of the public or governmental entity knows or should know.  Violation of these rights entitles Edgardo Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

613.   Jimenez knew that his actions would deprive Edgardo Gonzaga of his constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

614. As a direct and proximate result of Jimenez's actions, Edgardo Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

615. Edgardo Gonzaga also suffered damage as a result of his loss of constitutional rights as more specifically identified above.

616. Edgardo Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Jimenez a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter enter judgment against Defendant, WILLIAM JIMENEZ, for compensatory damages, award Plaintiff, EDGARDO GONZAGA, his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, Edgardo Gonzaga seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LII - 42 U.S.C. § 1983 (EXCESSIVE FORCE)
### (Federal Claim – Against Michael Brown by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, MICHAEL BROWN, in his individual capacity, and in support thereof states as follows:

617.    This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Brown.

618.    Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

619.    Edgardo Gonzaga has the right under the Fourth and Fourteenth Amendments of the United States Constitution to be free from excessive force and battery.

620.    On July 16, 2019, Brown, under color of law and as an OPD employee, deprived Edgardo Gonzaga of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that he illegally battered and used an excessive amount of force against Edgardo Gonzaga, thereby causing Edgardo Gonzaga physical and emotional pain and suffering in direct violation of the United States Constitution.

621.    The primary, obvious, and sole purpose of the illegal and excessive use of force upon Edgardo Gonzaga was to deprive and infringe upon Edgardo Gonzaga's constitutional rights.  As a result, Edgardo Gonzaga was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, of which every reasonable member of the public or

governmental entity knows or should know. Violation of these rights entitles Edgardo Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

622.   Brown knew that his actions would deprive Edgardo Gonzaga of his constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

623.   As a direct and proximate result of Brown's actions, Edgardo Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

624.   Edgardo Gonzaga also suffered damage as a result of his loss of constitutional rights as more specifically identified above.

625.   Edgardo Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Brown a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, MICHAEL BROWN, for compensatory damages, award Plaintiff, EDGARDO GONZAGA, his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and

provide any other and further relief that the Court deems necessary and proper under the circumstances   Further, Edgardo Gonzaga seeks an award of punitive damages to punish Defendant, MICHAEL BROWN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LIII - BATTERY
### (State Claim – Against Luke Austin by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

626.  This is a cause of action for battery against Austin, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

627.  Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

628.  Without justification and in violation of Edgardo Gonzaga's rights, Austin caused Edgardo Gonzaga to suffer a harmful and offensive contact when Austin struck him and forcefully shoved him to the ground, where Austin and other police officers proceeded to use choke hold techniques on Edgardo Gonzaga when he was not resisting the officers.  Edgardo Gonzaga could not breathe as a result of the application of these techniques.

629.  At all relevant times, Austin intended to cause harm or offensive conduct to Edgardo Gonzaga, which in fact occurred.

49236734 v1

630.   As a direct and proximate result of Austin's actions, Edgardo Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

631.   Austin was without legal justification to cause the offensive conduct.

WHEREFORE, for the foregoing reasons, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court to enter judgment against Defendant, LUKE AUSTIN, for all compensatory damages, all costs of this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Edgardo Gonzaga seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LIV - BATTERY
### (State Claim – Against John Earle by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, JOHN EARLE, in his individual capacity, and in support thereof states as follows:

632.   This is a cause of action for battery against Earle, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

137

49236734 v1

633.  Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

634.  Without justification and in violation of Edgardo Gonzaga's rights, Earle caused Edgardo Gonzaga to suffer a harmful and offensive contact when Earle jumped on him while he was on the ground and proceeded to use chokehold techniques on Edgardo Gonzaga when he was not resisting the officers.  As a result of the application of these techniques, Edgardo Gonzaga could not breathe.

635.  At all relevant times Earle intended to cause harm or offensive conduct to Edgardo Gonzaga, which in fact occurred.

636. As a direct and proximate result of Earle's actions, Edgardo Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

637.  Earle was without legal justification to cause the offensive conduct.

WHEREFORE, for the foregoing reasons, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court to enter judgment against Defendant, JOHN EARLE, for all compensatory damages, all costs of this

action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Edgardo Gonzaga seeks an award of punitive damages to punish Defendant, JOHN EARLE, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LV - BATTERY
### (State Claim – Against William Jimenez by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

638.   This is a cause of action for battery against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

639.   Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

640.   Without justification and in violation of Edgardo Gonzaga's rights, Jimenez caused Edgardo Gonzaga to suffer a harmful and offensive contact when Jimenez struck him with a door while forcefully attempting to gain illegal entry into Edgardo Gonzaga's home.   The action caused injury to Edgardo Gonzaga's hand and fingers.

641.   At all relevant times, Jimenez intended to cause harm or offensive conduct to Edgardo Gonzaga, which in fact occurred.

642.   As a direct and proximate result of Jimenez's actions, Edgardo Gonzaga has suffered damages, which include physical inconvenience, physical

discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

643.    Jimenez was without legal justification to cause the offensive conduct.

WHEREFORE, for the foregoing reasons, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court to enter judgment against Defendant, WILLIAM JIMENEZ, for all compensatory damages, all costs of this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Edgardo Gonzaga seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## <u>COUNT LVI - BATTERY</u>
### (State Claim – Against Michael Brown by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, MICHAEL BROWN, in his individual capacity, and in support thereof states as follows:

644.    This is a cause of action for battery against Brown, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

645.    Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

140

49236734 v1

646.   Without justification and in violation of Edgardo Gonzaga's rights,

Brown caused Edgardo Gonzaga to suffer a harmful and offensive contact when

Brown struck him with a door while forcefully attempting to gain illegal entry

into Edgardo Gonzaga's home.  The action caused injury to Edgardo Gonzaga's

hand and fingers.

647.   At all relevant times, Brown intended to cause harm or offensive

conduct to Edgardo Gonzaga, which in fact occurred.

648.   As a direct and proximate result of Brown's actions, Edgardo

Gonzaga has suffered damages, which include physical inconvenience, physical

discomfort and pain, physical suffering, loss of time, mental suffering,

embarrassment, humiliation, disgrace, and injury to his feelings and

reputation, the physical and emotional aspects of which are continuing to this

day and are likely to continue in the future.

649.   Brown was without legal justification to cause the offensive

conduct.

WHEREFORE,  for  the  foregoing  reasons,  Plaintiff,  EDGARDO

GONZAGA,  respectfully  requests  this  Court  to  enter  judgment  against

Defendant, MICHAEL BROWN, for all compensatory damages, all costs of this

action, and for such other and further relief as this Court deems just and

proper under the circumstances. Further, Edgardo Gonzaga seeks an award of

punitive damages to punish Defendant, MICHAEL BROWN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LVII – INVASION OF PRIVACY
### (State Claim – Against William Jimenez by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

650.    This is a cause of action for invasion of privacy against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

651.    Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

652.    Edgardo Gonzaga is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into his private life.

653.    Jimenez violated Edgardo Gonzaga's right to privacy when he intruded into Edgardo Gonzaga's solitude and seclusion by entering his residence on multiple occasions without a warrant, probable cause, or exigent circumstances, and removing and damaging Edgardo Gonzaga's property.

654.    Jimenez invaded Edgardo Gonzaga's privacy with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

655.    As a direct and proximate result of Jimenez's actions, Edgardo Gonzaga has suffered damages.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Edgardo Gonzaga seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LVIII – INVASION OF PRIVACY
### (State Claim – Against Luke Austin by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

656.   This is a cause of action for invasion of privacy against Austin, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

657.   Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

658.   Edgardo Gonzaga is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into his private life.

659.   Austin violated Edgardo Gonzaga's right to privacy when he intruded into Edgardo Gonzaga's solitude and seclusion by entering his

residence on multiple occasions without a warrant, probable cause, or exigent circumstances, and removing and damaging Edgardo Gonzaga's property.

660.   Austin invaded Edgardo Gonzaga's privacy with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

661.   As a direct and proximate result of Austin's actions, Edgardo Gonzaga has suffered damages.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Edgardo Gonzaga seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LIX – INVASION OF PRIVACY
### (State Claim – Against John Earle by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, JOHN EARLE, in his individual capacity, and in support thereof states as follows:

662.   This is a cause of action for invasion of privacy against Earle, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

663.   Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

144

49236734 v1

664.    Edgardo Gonzaga is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into his private life.

665.    Earle violated Edgardo Gonzaga's right to privacy when he intruded into Edgardo Gonzaga's solitude and seclusion by entering his residence on multiple occasions without a warrant, probable cause, or exigent circumstances, and removing and damaging Edgardo Gonzaga's property.

666.    Earle invaded Edgardo Gonzaga's privacy with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

667.    As a direct and proximate result of Earle's actions, Edgardo Gonzaga has suffered damages.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, JOHN EARLE, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Edgardo Gonzaga seeks an award of punitive damages to punish Defendant, JOHN EARLE, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LX – INVASION OF PRIVACY
### (State Claim – Against Michael Brown by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, MICHAEL BROWN, in his individual capacity, and in support thereof states as follows:

145

49236734 v1

668.   This is a cause of action for invasion of privacy against Brown, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

669.   Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

670.   Edgardo Gonzaga is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into his private life.

671.   Brown violated Edgardo Gonzaga's right to privacy when he intruded into Edgardo Gonzaga's solitude and seclusion by entering his residence on multiple occasions without a warrant, probable cause, or exigent circumstances, and removing and damaging Edgardo Gonzaga's property.

672.   Brown invaded Edgardo Gonzaga's privacy with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

673.   As a direct and proximate result of Brown's actions, Edgardo Gonzaga has suffered damages.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, MICHAEL BROWN, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Edgardo Gonzaga seeks an award of punitive damages to punish Defendant, MICHAEL BROWN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXI – TRESPASS
### (State Claim – Against William Jimenez by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

674. This is a cause of action for trespass against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

675. Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

676. Jimenez trespassed on multiple occasions when he illegally entered Edgardo Gonzaga's home, searched and seized property, effects, and papers belonging to Edgardo Gonzaga, and interfered with Edgardo Gonzaga's enjoyment of his property.

677. Jimenez entered and searched Edgardo Gonzaga's property and seized Edgardo Gonzaga's property without a valid legal warrant, probable cause, or an exception to the warrant requirement.

678. Jimenez's affidavit for the after-the-fact search warrant and any probable cause were based on an improper and inadequate investigation and false and misleading statements and evidence.

679. Jimenez used false and manufactured evidence and misstatements as a basis for trespassing on Edgardo Gonzaga's property. Jimenez knew or should have known that the information used to substantiate the alleged

147

probable cause to enter and search Edgardo Gonzaga's home was fabricated and falsified, but he recklessly, maliciously, and in bad faith used the false evidence to justify probable cause.

680.   Jimenez acted with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

681.   As a result of Jimenez's actions, Edgardo Gonzaga has suffered damages.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, individually, award damages and costs incurred for the prosecution of this matter, and provide such other and further relief as this Court deems just and proper under the circumstances. Further, Edgardo Gonzaga seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXII – TRESPASS
### (State Claim – Against Luke Austin by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

682.   This is a cause of action for trespass against Austin, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

148

49236734 v1

683.   Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

684.   Austin trespassed on multiple occasions when he illegally entered Edgardo Gonzaga's home, searched and seized property, effects, and papers belonging to Edgardo Gonzaga, and interfered with Edgardo Gonzaga's enjoyment of his property.

685.   Austin entered and searched Edgardo Gonzaga's property and seized Edgardo Gonzaga's property without a valid legal warrant, probable cause, or an exception to the warrant requirement.

686.   Austin's affidavit for the after-the-fact search warrant and any probable cause were based on an improper and inadequate investigation and false and misleading statements and evidence.

687.   Austin used false and manufactured evidence and misstatements as a basis for trespassing on Edgardo Gonzaga's property. Austin knew or should have known that the information used to substantiate the alleged probable cause to enter and search Edgardo Gonzaga's home was fabricated and falsified, but he recklessly, maliciously, and in bad faith used the false evidence to justify probable cause.

688.   Austin acted with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

689.   As a result of Austin's actions, Edgardo Gonzaga has suffered damages.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, individually, award damages and costs incurred for the prosecution of this matter, and provide such other and further relief as this Court deems just and proper under the circumstances. Further, Edgardo Gonzaga seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXIII – FALSE ARREST/FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against William Jimenez by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

690.   This is a cause of action for false arrest/false imprisonment/false detention against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

691.   Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

692.   On or about July 16, 2019, Jimenez caused Edgardo Gonzaga to be deprived of his freedom and liberty and restrained in his movements at the

scene of his arrest and detention, which continued until he was released from custody.

693.  Edgardo Gonzaga's arrest, detention, and imprisonment was unlawful.

694.  As a direct and proximate cause of Jimenez's actions, Edgardo Gonzaga was illegally detained, arrested, and forced to be incarcerated, and suffered all consequences of the wrongful arrest.

695.  Jimenez acted in bad faith, with malice, and in reckless disregard for Edgardo Gonzaga's rights.

696.  Jimenez's actions proximately caused Edgardo Gonzaga to be deprived of his freedom and liberty and restrained in his movements at the scene of his arrest and detention, which continued until he was released from custody from the Orange County Jail.  Jimenez, in the absence of probable cause that Edgardo Gonzaga committed any criminal offense, either accomplished the arrest, detention, and imprisonment, or participated in or procured Edgardo Gonzaga's arrest, detention, and imprisonment.

697.  Edgardo Gonzaga's arrest, detention, and imprisonment were accomplished without a valid legal warrant, probable cause, or an exception to the warrant requirement.

698.  Edgardo Gonzaga's arrest, detention, and imprisonment were caused by and accomplished by Jimenez, who conducted a biased investigation

and failed to recognize the lack of probable cause or arguable probable cause to arrest, detain, and imprison Edgardo Gonzaga. Jimenez knowingly relied upon false information and failed to present the true and relevant facts to support Edgardo Gonzaga's arrest. This shows a lack of fundamental understanding of the elements of the law.

699.   Jimenez willfully arrested, detained, and imprisoned Edgardo Gonzaga.

700.   Edgardo Gonzaga's arrest, detention, and imprisonment was without his consent.

701.   The arrest, detention and imprisonment were unlawful.

702.   Jimenez acted with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

703.   As a direct and proximate result of Jimenez's actions, Edgardo Gonzaga has suffered damages including physical suffering, physical inconvenience, physical discomfort and pain, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the emotional and physical aspects of which are continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, for compensatory damages and all costs in the prosecution of this matter, and such

152

other further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, EDGARDO GONZAGA, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXIV – FALSE ARREST/FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against Luke Austin by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

704.  This is a cause of action for false arrest/false imprisonment/false detention against Austin, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

705.  Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

706.  On or about July 16, 2019, Austin caused Edgardo Gonzaga to be deprived of his freedom and liberty and restrained in his movements at the scene of his arrest and detention, which continued until he was released from custody.

707.  Edgardo Gonzaga's arrest, detention, and imprisonment was unlawful.

153

49236734 v1

708.  As a direct and proximate cause of Austin's actions, Edgardo Gonzaga was illegally detained, arrested, and forced to be incarcerated, and suffered all consequences of the wrongful arrest.

709.  Austin acted in bad faith, with malice, and in reckless disregard for Edgardo Gonzaga's rights.

710.  Austin's actions proximately caused Edgardo Gonzaga to be deprived of his freedom and liberty and restrained in his movements at the scene of his arrest and detention, which continued until he was released from custody from the Orange County Jail.  Austin, in the absence of probable cause that Edgardo Gonzaga committed any criminal offense, either accomplished the arrest, detention, and imprisonment, or participated in or procured Edgardo Gonzaga's arrest, detention, and imprisonment.

711.  Edgardo Gonzaga's arrest, detention, and imprisonment were accomplished without a valid legal warrant, probable cause, or an exception to the warrant requirement.

712.  Edgardo Gonzaga's arrest, detention, and imprisonment were caused by and accomplished by Austin, who conducted a biased investigation and failed to recognize the lack of probable cause or arguable probable cause to arrest, detain, and imprison Edgardo Gonzaga. Austin knowingly relied upon false information and failed to present the true and relevant facts to

support Edgardo Gonzaga's arrest. This shows a lack of fundamental understanding of the elements of the law.

713.   Austin willfully arrested, detained, and imprisoned Edgardo Gonzaga.

714.   Edgardo Gonzaga's arrest, detention, and imprisonment was without his consent.

715.   The arrest, detention and imprisonment were unlawful.

716.   Austin acted with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

717.   As a direct and proximate result of Austin's actions, Edgardo Gonzaga has suffered damages including physical suffering, physical inconvenience, physical discomfort and pain, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the emotional and physical aspects of which are continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, for compensatory damages and all costs in the prosecution of this matter, and such other further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, EDGARDO GONZAGA, seeks an award of

155

punitive damages to punish Defendant, LUKE AUSTIN for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXV – FALSE ARREST/FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against John Earle by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, JOHN EARLE, in his individual capacity, and in support thereof states as follows:

718.  This is a cause of action for false arrest/false imprisonment/false detention against Earle, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

719.  Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

720.  On or about July 16, 2019, Earle caused Edgardo Gonzaga to be deprived of his freedom and liberty and restrained in his movements at the scene of his arrest and detention, which continued until he was released from custody.

721.  Edgardo Gonzaga's arrest, detention, and imprisonment was unlawful.

722.  As a direct and proximate cause of Earle's actions, Edgardo Gonzaga was illegally detained, arrested, and forced to be incarcerated, and suffered all consequences of the wrongful arrest.

156

49236734 v1

723.   Earle acted in bad faith, with malice, and in reckless disregard for Edgardo Gonzaga's rights.

724.  Earle's actions proximately caused Edgardo Gonzaga to be deprived of his freedom and liberty and restrained in his movements at the scene of his arrest and detention, which continued until he was released from custody from the Orange County Jail.  Earle, in the absence of probable cause that Edgardo Gonzaga committed any criminal offense, either accomplished the arrest, detention, and imprisonment, or participated in or procured Edgardo Gonzaga's arrest, detention, and imprisonment.

725.  Edgardo Gonzaga's arrest, detention, and imprisonment were accomplished without a valid legal warrant, probable cause, or an exception to the warrant requirement.

726.  Edgardo Gonzaga's arrest, detention, and imprisonment were caused by and accomplished by Earle, who conducted a biased investigation and failed to recognize the lack of probable cause or arguable probable cause to arrest, detain, and imprison Edgardo Gonzaga. Earle knowingly relied upon false information and failed to present the true and relevant facts to support Edgardo Gonzaga's arrest. This shows a lack of fundamental understanding of the elements of the law.

727.  Earle willfully arrested, detained, and imprisoned Edgardo Gonzaga.

728.   Edgardo Gonzaga's arrest, detention, and imprisonment was without his consent.

729.   The arrest, detention and imprisonment were unlawful.

730.   Earle acted with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

731.   As a direct and proximate result of Earle's actions, Edgardo Gonzaga has suffered damages including physical suffering, physical inconvenience, physical discomfort and pain, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the emotional and physical aspects of which are continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, JOHN EARLE, for compensatory damages and all costs in the prosecution of this matter, and such other further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, EDGARDO GONZAGA, seeks an award of punitive damages to punish Defendant, JOHN EARLE for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXVI – FALSE ARREST/FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against Michael Brown by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, MICHAEL BROWN, in his individual capacity, and in support thereof as follows:

732.    This is a cause of action for false arrest/false imprisonment/false detention against Brown, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

733.    Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

734.    On or about July 16, 2019, Brown caused Edgardo Gonzaga to be deprived of his freedom and liberty and restrained in his movements at the scene of his arrest and detention, which continued until he was released from custody.

735.    Edgardo Gonzaga's arrest, detention, and imprisonment was unlawful.

736.    As a direct and proximate cause of Brown's actions, Edgardo Gonzaga was illegally detained, arrested, and forced to be incarcerated, and suffered all consequences of the wrongful arrest.

737.    Brown acted in bad faith, with malice, and in reckless disregard for Edgardo Gonzaga's rights.

738.    Brown's actions proximately caused Edgardo Gonzaga to be deprived of his freedom and liberty and restrained in his movements at the

scene of his arrest and detention, which continued until he was released from custody from the Orange County Jail.  Brown, in the absence of probable cause that Edgardo Gonzaga committed any criminal offense, either accomplished the arrest, detention, and imprisonment, or participated in or procured Edgardo Gonzaga's arrest, detention, and imprisonment.

739.   Edgardo Gonzaga's arrest, detention, and imprisonment were accomplished without a valid legal warrant, probable cause, or an exception to the warrant requirement.

740.   Edgardo Gonzaga's arrest, detention, and imprisonment were caused by and accomplished by Brown, who conducted a biased investigation and failed to recognize the lack of probable cause or arguable probable cause to arrest, detain, and imprison Edgardo Gonzaga. Brown knowingly relied upon false information and failed to present the true and relevant facts to support Edgardo Gonzaga's arrest. This shows a lack of fundamental understanding of the elements of the law.

741.   Brown willfully arrested, detained, and imprisoned Edgardo Gonzaga.

742.   Edgardo Gonzaga's arrest, detention, and imprisonment was without his consent.

743.   The arrest, detention and imprisonment were unlawful.

49236734 v1

744.    Brown acted with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

745.    As a direct and proximate result of Brown's actions, Edgardo Gonzaga has suffered damages including physical suffering, physical inconvenience, physical discomfort and pain, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the emotional and physical aspects of which are continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court enter judgment against Defendant, MICHAEL BROWN, for compensatory damages and all costs in the prosecution of this matter, and such other further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, EDGARDO GONZAGA, seeks an award of punitive damages to punish Defendant, MICHAEL BROWN for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXVII - 42 U.S.C. § 1983
### (Federal Claim – Against The City of Orlando by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, CITY OR ORLANDO, and in support thereof states as follows:

746.    This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against City.

49236734 v1

747.  Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-100, above, as if fully set forth herein.

748.  Edgardo Gonzaga has a right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures of his person and property, and to be secure that no search or restraint of his person shall occur except upon due process of law.

749.  Edgardo Gonzaga has the right to be free from violations to his constitutional rights.

750.  On or about July 16, 2019, OPD, as a law enforcement agency of the City, and through its employees and agents acting in the scope of their employment under color of law, deprived Edgardo Gonzaga of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that, without probable cause that Edgardo Gonzaga had committed a violation of any law, it illegally detained and confined Edgardo Gonzaga and caused him to be deprived of his liberty, thereby causing him physical and emotional pain and suffering.

751.  Further, OPD acted with the deliberate indifference to Edgardo Gonzaga's constitutional rights as a result of having either no policy in place, or a policy that permitted the wrongful detention and/or confinement of Edgardo Gonzaga and the violation of his constitutional rights.

49236734 v1

752.   OPD had a custom and policy that permitted, encouraged, condoned, and ratified the violation of Edgardo Gonzaga's constitutional rights.

753.   The actions of OPD, as well as other employees and/or agents of OPD, were done pursuant to OPD's customs and practices and with the authorization and direction of its final policy maker, Police Chief Orlando Rolon.

754.   OPD failed to properly train its officers and demonstrated a deliberate indifference by failing to train its officers in the guidelines required for maintaining proper seizures, detention, and confinement of citizens.

755.   OPD's employees had inadequate training in the constitutional rights guaranteed by the United States Constitution and in the requirements for detainment or confinement of citizenry while officers were on "proactive patrol." OPD made proactive patrol a priority, but failed to properly train officers in active police stops for seatbelt violations initiated simply because of the way a person looks (i.e., the color of their skin). There was an obvious need for training in this area, and OPD deliberately chose not to train or properly supervise officers in this area. But for this improper, inadequate, or non-existent training, the incidents described in this Complaint would not have occurred. OPD officers were inadequately trained on entering a home without

a warrant and in how long, where, and in what circumstances a person can be held outside in the Florida heat (in this instance it was for nine hours).

756.    The final policy maker for OPD, Chief Rolon, approved and ratified the conduct of the OPD officers named as Defendants herein. Chief Rolon publically stated that this specific case presents an opportunity to train OPD officers:

> [When discussing how a seatbelt violation could lead to the actions taken by OPD officers on July 16, 2019]: "It is a valid concern if you see the disparity of vehicle stops in one segment of the community versus other.  I think this is once scenario that allows us to reflect on that.  That allows us to look at ourselves and say, 'Hey, to what extent to we want to exercise vehicle stops for seat belt violations in the city as a whole?'  So our biggest takeaway is not only the vehicle stop, what reason they had to do the vehicle stop." (Chief Rolon indicated he saw this incident as an opportunity to provide better training for officers.)

757.    The acts of OPD's employees were a direct and proximate result of the failure of OPD to train its officers and the final policy decisions of the City.

758.    OPD, by and through its final decision maker Chief Rolon, directly under color of law, directed, approved, ratified and ordered the unlawful and deliberate conduct of OPD as described above and was involved in and made the decision to detain and arrest Edgardo Gonzaga.

759.    As a direct and proximate result cause of OPD's actions, Edgardo Gonzaga has suffered damages, including physical pain and suffering, emotional anguish, and damages including physical inconvenience, physical

discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

760.   Edgardo Gonzaga also suffers as a result of the loss of his constitutional rights.

761.   Edgardo Gonzaga has retained the services of the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from City a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court to enter an award of all compensatory damages against Defendant, THE CITY OF ORLANDO, to award attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.

## COUNT LXVIII – TRESPASS
### (State Claim – Against The City of Orlando by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, CITY OF ORLANDO, and in support thereof states as follows:

762.   This is a cause of action for trespass against City and for damages in excess of Thirty Thousand and 00/100 Dollars ($30,000.00).

763.  Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

764.  On July 16, 2019, OPD's employees and agents, acting within the course and scope of their employment, trespassed when an officer entered Edgardo Gonzaga's home without a warrant.

765.  Additionally, OPD officers trespassed when they destroyed and damaged Edgardo Gonzaga's personal property described above.

766.  As a result of the actions of OPD's agents and employees, Edgardo Gonzaga has suffered damages, including emotional anguish and suffering, all of which continue to this day and are likely to continue into the future.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court to enter a judgment against Defendant, CITY OF ORLANDO, for compensatory damages and all costs incurred in the prosecution of this action, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT LXIX – FALSE ARREST/FALSE IMPRISONMENT AND DETENTION
### (State Law Claim – Against The City of Orlando by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, CITY OF ORLANDO, and in support thereof states as follows:

49236734 v1

767.    This is a cause of action for false arrest/detention against City for damages in excess of Thirty Thousand Dollars ($30,000).

768.    Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

769.    On July 16, 2019, OPD's employees and agents, acting within the course and scope of their employment, arrested or illegally detained Edgardo Gonzaga and restrained him in his movement, took him to jail, and detained him for over twelve hours.

770.    Edgardo Gonzaga has the right to be secure from unlawful restraint of his person and liberty, which may be restricted only upon due process of law.

771.    On July 16, 2019, Austin, Jimenez, Earle, and Brown (collectively, the "Officers"), as OPD employees and officers and acting as agents of City under color of law, deprived Edgardo Gonzaga of his rights, in that they, without probable cause or arguable probable cause that Edgardo Gonzaga had committed a violation of law, caused Edgardo Gonzaga to be arrested and deprived of his liberty, thereby causing Edgardo Gonzaga physical and emotional pain and suffering, all in direct violation of the law of the State of Florida.

772.    The primary, obvious, and sole purpose of the illegal and wrongful detention of Edgardo Gonzaga's person was to deprive and infringe upon

Edgardo Gonzaga's rights.  As a result, Edgardo Gonzaga was deprived of his rights.  Violation of these rights entitles Edgardo Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

773.  The Officers knew that their actions would deprive Edgardo Gonzaga of his legal rights, but proceeded with their unlawful actions with willful disregard for the consequences of their actions.

774.  The Officers took their unlawful actions with the knowledge that their actions were in direct violation of the United States Constitution, the laws of the State of Florida, and Edgardo Gonzaga's rights.  The Officers violated Edgardo Gonzaga's clearly established rights, of which every reasonable member of the public or governmental entity knows or should know.

775.  The Officers had no probable cause or arguable probable cause to believe that Edgardo Gonzaga had committed any crime and had no probable cause or arguable probable cause to detain, seize, search and otherwise violate Edgardo Gonzaga's rights.

776.  As a direct result of the Officers' actions, Edgardo Gonzaga has suffered damages which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to

continue in the future and all other damages associated with the violation of Edgardo Gonzaga's rights, which exist to this day and which emotional suffering and damage is likely to continue in the future.

777.    Edgardo Gonzaga also suffered damage as a result of this loss of his constitutional rights as more specifically identified above.

778.    Edgardo Gonzaga has retained the undersigned counsel to bring this action and is entitled to recover from the City a reasonable fee for said counsel.

WHEREFORE, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court to enter a judgment against Defendant, CITY OF ORLANDO, for compensatory damages and all costs incurred in the prosecution of this action, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT LXX – BATTERY
### (State Claim – Against The City of Orlando by Edgardo Gonzaga)

Plaintiff, EDGARDO GONZAGA, by and through his undersigned counsel, sues Defendant, CITY OF ORLANDO, and in support thereof states as follows:

779.    This is a cause of action for battery against the City, and for damages exceeding Thirty Thousand and 00/100 Dollars ($30,000.00).

780.    Edgardo Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

49236734 v1

781.   Without justification and in violation of Edgardo Gonzaga's rights, the City, through the actions of its police officers, employees, and agents acting in the course and scope of their employment, caused Edgardo Gonzaga to suffer a harmful and offensive contact.

782.   At all relevant times, the City, through the actions of its officers, agents or employees, intended to cause harm or offensive conduct to Edgardo Gonzaga, which in fact occurred.

783.   As a direct and proximate result of the City's actions through its employees and agents, for which the City is responsible, Edgardo Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

784.   The City was without legal justification to cause the offensive conduct.

785.   All OPD officers named as Defendants herein were acting in their capacity as OPD police officers under color of law.

WHEREFORE, for the foregoing reasons, Plaintiff, EDGARDO GONZAGA, respectfully requests this Court to enter judgment against Defendant, THE CITY OF ORLANDO, for all compensatory damages, all costs

of this action, and for such other and further relief as this Court deems just and proper under the circumstances.

### COUNT LXXI - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/ARREST)
### (Federal Claim – Against William Jimenez by Jalisa Gonzaga)

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, and in support thereof states as follows:

786.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Jimenez.

787.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

788.   Jalisa Gonzaga has the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

789.   On July 16, 2019, Jimenez, under color of law and as an OPD employee, deprived Jalisa Gonzaga of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that he, without probable cause or arguable probable cause that Jalisa Gonzaga had committed a violation of law, caused Jalisa Gonzaga to be arrested and deprived of her liberty, thereby causing Jalisa Gonzaga physical and emotional pain and suffering, all in direct violation of the United States Constitution.

171

790.    The primary, obvious, and sole purpose of the illegal and wrongful detention of Jalisa Gonzaga person was to deprive and infringe upon Jalisa Gonzaga's constitutional rights.  As a result, Jalisa Gonzaga was deprived of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles Jalisa Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

791.    Jimenez knew that his actions would deprive Jalisa Gonzaga of her constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

792.    Jimenez took the actions complained of with the knowledge that his actions were in direct violation of the United States Constitution and Jalisa Gonzaga's rights.  Jimenez's acts violated Jalisa Gonzaga's clearly established constitutional rights, of which every reasonable member of the public or governmental entity knows or should know.

793.    Jimenez had no probable cause or arguable probable cause to believe that Jalisa Gonzaga had committed any crime and had no probable cause or arguable probable cause to detain, seize, search and otherwise violate Jalisa Gonzaga's constitutional rights.

794.    As a direct result of Jimenez's actions, Jalisa Gonzaga has suffered damages which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation,

disgrace, and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

795.   Jalisa Gonzaga also suffered damage as a result of this loss of her constitutional rights as more specifically identified above.

796.   Jalisa Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Jimenez a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter an award of compensatory damages against Defendant, WILLIAM JIMENEZ, award Plaintiff, JALISA GONZAGA, her attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

### COUNT LXXII - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/ARREST)
**(Federal Claim – Against Luke Austin by Jalisa Gonzaga)**

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, LUKE AUSTIN, and in support thereof states as follows:

797.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Austin.

49236734 v1

798.  Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

799.  Jalisa Gonzaga has the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

800.  On July 16, 2019, Austin, under color of law and as an OPD employee, deprived Jalisa Gonzaga of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that he, without probable cause or arguable probable cause that Jalisa Gonzaga had committed a violation of law, caused Jalisa Gonzaga to be arrested and deprived of her liberty, thereby causing Jalisa Gonzaga physical and emotional pain and suffering, all in direct violation of the United States Constitution.

801.  The primary, obvious, and sole purpose of the illegal and wrongful detention of Jalisa Gonzaga person was to deprive and infringe upon Jalisa Gonzaga's constitutional rights.  As a result, Jalisa Gonzaga was deprived of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles Jalisa Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

49236734 v1

802.   Austin knew that his actions would deprive Jalisa Gonzaga of her constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

803.   Austin took the actions complained of with the knowledge that his actions were in direct violation of the United States Constitution and Jalisa Gonzaga's rights.  Austin's acts violated Jalisa Gonzaga's clearly established constitutional rights, of which every reasonable member of the public or governmental entity knows or should know.

804.   Austin had no probable cause or arguable probable cause to believe that Jalisa Gonzaga had committed any crime and had no probable cause or arguable probable cause to detain, seize, search and otherwise violate Jalisa Gonzaga's constitutional rights.

805.   As a direct result of Austin's actions, Jalisa Gonzaga has suffered damages which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

806.   Jalisa Gonzaga also suffered damage as a result of this loss of her constitutional rights as more specifically identified above.

49236734 v1

807.   Jalisa Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Austin a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter an award of compensatory damages against Defendant, LUKE AUSTIN, award Plaintiff, JALISA GONZAGA, her attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXXIII - 42 U.S.C. § 1983 (ILLEGAL AND UNREASONABLE SEARCH)
### (Federal Claim – Against William Jimenez by Jalisa Gonzaga)

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

808.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Jimenez.

809.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

810.   Jalisa Gonzaga has the right under the Constitution of the United States to be secure from unlawful searches of her lawful home, papers, and effects, which may only be intruded upon through due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

811.   Jimenez, acting under color of law and as an OPD employee, deprived Jalisa Gonzaga of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that, on more than one occasion, Jimenez, without probable cause, illegally entered and unreasonably searched Jalisa Gonzaga's home, papers, and effects.  Jimenez also deprived Jalisa Gonzaga of these rights when he entered Jalisa Gonzaga's home without her permission, entered Jalisa Gonzaga's home to physically remove Jalisa Gonzaga, and illegally searched the residence for alleged drugs and paraphernalia without reason or cause to suspect such existed in the home.

812.   The primary, obvious, and sole purpose of the searches was to deprive Jalisa Gonzaga of her constitutional rights and infringe upon those rights.  Jimenez engaged in conduct with reckless disregard of whether the conduct violated Jalisa Gonzaga's protected rights.  As a result, Jalisa Gonzaga was deprived of her clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles Jalisa Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

49236734 v1

813.   On multiple occasions, Jimenez entered and searched the residence for drugs and drug paraphernalia, and for a person (i.e., the unknown seatbelt violator) without a valid, legal warrant, without probable cause, and without an exception to the warrant requirement.

814.   The searches were caused by and accomplished by Jimenez, who conducted a biased investigation and who failed to follow the law.   Jalisa Gonzaga was never under investigation for any crime.   Jimenez allegedly arrived at the scene to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle.   Jimenez failed to recognize the lack of probable cause or arguable probable cause, which showed a fundamental lack of understanding of the elements and potential charges which could be levied against a person accused of a seat belt violation.   Jalisa Gonzaga was never charged with a crime.

815.   Jimenez unlawfully prepared and executed the after-the-fact affidavit for a search warrant. Jimenez's unlawful search cannot be used as mere pretext or subterfuge for a criminal investigation, detention, arrest or confinement of law-abiding citizens.

816.   As a result of Jimenez's actions, Jalisa Gonzaga has suffered damages.

817.   Jalisa Gonzaga has also suffered damage as a result of her loss of constitutional rights as more specifically identified above.

178

818.   Jalisa Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Jimenez a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, for the foregoing reasons, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter an award of compensatory damages against Defendant, WILLIAM JIMENEZ, award Plaintiff, JALISA GONZAGA, her attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXXIV - 42 U.S.C. § 1983 (ILLEGAL AND UNREASONABLE SEARCH)
### (Federal Claim – Against Luke Austin by Jalisa Gonzaga)

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

819.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Austin.

820.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

49236734 v1

821.   Jalisa Gonzaga has the right under the Constitution of the United States to be secure from unlawful searches of her lawful home, papers, and effects, which may only be intruded upon through due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

822.   Austin, acting under color of law and as an OPD employee, deprived Jalisa Gonzaga of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that, on more than one occasion, Austin, without probable cause, illegally entered and unreasonably searched Jalisa Gonzaga's home, papers, and effects.  Austin also deprived Jalisa Gonzaga of these rights when he entered Jalisa Gonzaga's home without her permission, entered Jalisa Gonzaga's home to physically remove Jalisa Gonzaga, and illegally searched the residence for alleged drugs and paraphernalia without reason or cause to suspect such existed in the home.

823.   The primary, obvious, and sole purpose of the searches was to deprive Jalisa Gonzaga of her constitutional rights and infringe upon those rights.  Austin engaged in conduct with reckless disregard of whether the conduct violated Jalisa Gonzaga's protected rights.  As a result, Jalisa Gonzaga was deprived of her clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles Jalisa Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

49236734 v1

824.   On multiple occasions, Austin entered and searched the residence for drugs and drug paraphernalia, and for a person (i.e., the unknown seatbelt violator) without a valid, legal warrant, without probable cause, and without an exception to the warrant requirement.

825.   The searches were caused by and accomplished by Austin, who conducted a biased investigation and who failed to follow the law.   Jalisa Gonzaga was never under investigation for any crime.   Austin allegedly arrived at the scene to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle.   Austin failed to recognize the lack of probable cause or arguable probable cause, which showed a fundamental lack of understanding of the elements and potential charges which could be levied against a person accused of a seat belt violation.   Jalisa Gonzaga was never charged with a crime.

826.   Austin unlawfully prepared and executed the after-the-fact affidavit for a search warrant. Austin's unlawful search cannot be used as mere pretext or subterfuge for a criminal investigation, detention, arrest or confinement of law-abiding citizens.

827.   As a result of Austin's actions, Jalisa Gonzaga has suffered damages.

828.   Jalisa Gonzaga has also suffered damage as a result of her loss of constitutional rights as more specifically identified above.

829.   Jalisa Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Austin a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, for the foregoing reasons, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter an award of compensatory damages against Defendant, LUKE AUSTIN, award Plaintiff, JALISA GONZAGA, her attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXXV - 42 U.S.C. § 1983 (MALICIOUS PROSECUTION)
### (Federal Claim – Against William Jimenez by Jalisa Gonzaga)

Plaintiff, JALISA GONZAGA ("Jalisa" and/or "Plaintiff"), by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, and in support thereof states as follows:

830.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Jimenez.

831.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

832.   Jimenez owed a duty of care to the citizenry in general, and specifically, in this case, he owed a duty of care to Jalisa Gonzaga.

49236734 v1

833.   On July 16, 2019 and thereafter, Jimenez, acting with malicious purpose, caused a prosecution and continued prosecution to be instituted against Jalisa Gonzaga.

834.   Said prosecution was instituted without probable cause by Jimenez, and the facts known by him would not have warranted a reasonable person to believe that any criminal offense had been committed by Jalisa Gonzaga.

835.   There was absence of probable cause to arrest and prosecute Jalisa Gonzaga and for the continued prosecution against Jalisa Gonzaga.

836.   In September 2019, the prosecution against Jalisa Gonzaga was terminated in favor of Jalisa Gonzaga on the merits by the filing of a No Information Notice.   This constituted a bona fide termination of the prosecution proceedings in favor of Jalisa Gonzaga.

837.   Jimenez acted maliciously and in bad faith against Jalisa Gonzaga at all times mentioned herein.   No prosecution or continued prosecution of Jalisa Gonzaga would have occurred but for the actions of Jimenez.

838.   As a direct result of Jimenez's actions, Jalisa Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the physical and emotional

aspects of which are continuing to this day and are likely to continue in the future.

WHEREFORE, for the foregoing reasons, Plaintiff, JALISA GONZAGA, respectfully requests this Court to enter an award of compensatory damages against Defendant, WILLIAM JIMENEZ, award Plaintiff, JALISA GONZAGA, her attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXXVI - 42 U.S.C. § 1983 (MALICIOUS PROSECUTION)
**(Federal Claim – Against Luke Austin by Jalisa Gonzaga)**

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, LUKE AUSTIN, and in support thereof states as follows:

839.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Austin.

840.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

841.   Austin owed a duty of care to the citizenry in general, and specifically, in this case, he owed a duty of care to Jalisa Gonzaga.

842.   On July 16, 2019 and thereafter, Austin, acting with malicious purpose, caused a prosecution and continued prosecution to be instituted against Jalisa Gonzaga.

843.   Said prosecution was instituted without probable cause by Austin, and the facts known by him would not have warranted a reasonable person to believe that any criminal offense had been committed by Jalisa Gonzaga.

844.   There was absence of probable cause to arrest and prosecute Jalisa Gonzaga and for the continued prosecution against Jalisa Gonzaga.

845.   In September 2019, the prosecution against Jalisa Gonzaga was terminated in favor of Jalisa Gonzaga on the merits by the filing of a No Information Notice.   This constituted a bona fide termination of the prosecution proceedings in favor of Jalisa Gonzaga.

846.   Austin acted maliciously and in bad faith against Jalisa Gonzaga at all times mentioned herein.   No prosecution or continued prosecution of Jalisa Gonzaga would have occurred but for the actions of Austin.

847.   As a direct result of Austin's actions, Jalisa Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

WHEREFORE, for the foregoing reasons, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter an award of compensatory damages against Defendant, LUKE AUSTIN, award Plaintiff, JALISA GONZAGA, her attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXXVII - 42 U.S.C. § 1983 (EXCESSIVE FORCE)
### (Federal Claim – Against William Jimenez by Jalisa Gonzaga)

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

848.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Jimenez.

849.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

850.   Jalisa Gonzaga has the right under the Fourth and Fourteenth Amendments of the United States Constitution to be free from excessive force and battery.

851.   On July 16, 2019, Jimenez, under color of law and as an OPD employee, deprived Jalisa Gonzaga of her rights under the United States

186

Constitution in violation of 42 U.S.C. § 1983, in that he illegally battered and used an excessive amount of force against Jalisa Gonzaga, thereby causing Jalisa Gonzaga physical and emotional pain and suffering in direct violation of the United States Constitution.

852.   The primary, obvious, and sole purpose of the illegal and excessive use of force upon Jalisa Gonzaga was to deprive and infringe upon Jalisa Gonzaga's constitutional rights.  As a result, Jalisa Gonzaga was deprived of her rights under the Fourth and Fourteenth Amendments to the United States Constitution, of which every reasonable member of the public or governmental entity knows or should know.  Violation of these rights entitles Jalisa Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

853.   Jimenez knew that his actions would deprive Jalisa Gonzaga of her constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

854.   As a direct and proximate result of Jimenez's actions, Jalisa Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

855.   Jalisa Gonzaga also suffered damage as a result of her loss of constitutional rights as more specifically identified above.

856.   Jalisa Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Jimenez a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter an award of compensatory damages against Defendant, WILLIAM JIMENEZ, award Plaintiff, JALISA GONZAGA, her attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXXVIII - 42 U.S.C. § 1983 (EXCESSIVE FORCE)
### (Federal Claim – Against Luke Austin by Jalisa Gonzaga)

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

857.   This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Austin.

858.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

49236734 v1

859.   Jalisa Gonzaga has the right under the Fourth and Fourteenth Amendments of the United States Constitution to be free from excessive force and battery.

860.   On July 16, 2019, Austin, under color of law and as an OPD employee, deprived Jalisa Gonzaga of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that he illegally battered and used an excessive amount of force against Jalisa Gonzaga, thereby causing Jalisa Gonzaga physical and emotional pain and suffering in direct violation of the United States Constitution.

861.   The primary, obvious, and sole purpose of the illegal and excessive use of force upon Jalisa Gonzaga was to deprive and infringe upon Jalisa Gonzaga's constitutional rights.  As a result, Jalisa Gonzaga was deprived of her rights under the Fourth and Fourteenth Amendments to the United States Constitution, of which every reasonable member of the public or governmental entity knows or should know.  Violation of these rights entitles Jalisa Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

862.   Austin knew that his actions would deprive Jalisa Gonzaga of her constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

863.  As a direct and proximate result of Austin's actions, Jalisa Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

864.  Jalisa Gonzaga also suffered damage as a result of her loss of constitutional rights as more specifically identified above.

865.  Jalisa Gonzaga has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Austin a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter an award of compensatory damages against Defendant, WILLIAM JIMENEZ, award Plaintiff, JALISA GONZAGA, her attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

### COUNT LXXIX - BATTERY
**(State Claim – Against William Jimenez by Jalisa Gonzaga)**

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

866.   This is a cause of action for battery against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

867.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

868.   Without justification and in violation of Jalisa Gonzaga's rights, Jimenez caused Jalisa Gonzaga to suffer a harmful and offensive contact when Jimenez struck her with a door while forcefully attempting to gain illegal entry into Jalisa Gonzaga's home.  The action caused injury to Jalisa Gonzaga's face.

869.   Jimenez further injured Jalisa Gonzaga when he yanked her out of her home and threw her forcefully against a chair on her front porch, then continued to grab her and throw her face down onto the ground in her front yard.  Jalisa Gonzaga was pregnant at the time and suffered a detached uterus as a result of the attack by Jimenez.

870.   At all relevant times Jimenez intended to cause harm or offensive conduct to Jalisa Gonzaga, which in fact occurred.

871.   As a direct and proximate result of Jimenez's actions, Jalisa Gonzaga has suffered damages, which include medical treatment, medical costs, physical inconvenience, physical discomfort and pain, physical suffering,

loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

872. Jimenez was without legal justification to cause the offensive conduct.

WHEREFORE, for the foregoing reasons, Plaintiff, JALISA GONZAGA, respectfully requests this Court to enter judgment against Defendant, WILLIAM JIMENEZ, for all compensatory damages, all costs of this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXXX - BATTERY
### (State Claim – Against Luke Austin by Jalisa Gonzaga)

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, Luke Austin, in his individual capacity, and in support thereof states as follows:

873. This is a cause of action for battery against Austin, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

874. Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

875.   Without justification and in violation of Jalisa Gonzaga's rights, Defendant Austin caused Jalisa Gonzaga to suffer a harmful and offensive contact when he struck her by forcefully shoving the door to her home, slamming it into Jalisa Gonzaga's face while Austin attempted to illegally enter Jalisa Gonzaga's home.

876.   At all relevant times, Austin intended to cause harm or offensive conduct to Jalisa Gonzaga, which in fact occurred.

877.   As a direct and proximate result of Austin's actions, Jalisa Gonzaga has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

878.   Austin was without legal justification to cause the offensive conduct.

WHEREFORE, for the foregoing reasons, Plaintiff, JALISA GONZAGA, respectfully requests this Court to enter judgment against Defendant, LUKE AUSTIN, for all compensatory damages, all costs of this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of

49236734 v1

punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXXXI – INVASION OF PRIVACY
### (State Claim – Against William Jimenez by Jalisa Gonzaga)

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

879.   This is a cause of action for invasion of privacy against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

880.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

881.   Jalisa Gonzaga is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into her private life.

882.   Jimenez violated Jalisa Gonzaga's right to privacy when he intruded into Jalisa Gonzaga's solitude and seclusion by entering her residence on multiple occasions without a warrant, probable cause, or exigent circumstances, and removing and damaging Jalisa Gonzaga's property.

883.   Jimenez invaded Jalisa Gonzaga's privacy with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

884.   As a direct and proximate result of Jimenez's actions, Jalisa Gonzaga has suffered damages.

WHEREFORE, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXXXII – INVASION OF PRIVACY
### (State Claim – Against Luke Austin by Jalisa Gonzaga)

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

885.   This is a cause of action for invasion of privacy against Austin, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

886.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

887.   Jalisa Gonzaga is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into her private life.

888.   Austin violated Jalisa Gonzaga's right to privacy when he intruded into Jalisa Gonzaga's solitude and seclusion by entering her residence on multiple occasions without a warrant, probable cause, or exigent circumstances, and removing and damaging Jalisa Gonzaga's property.

889.  Austin invaded Jalisa Gonzaga's privacy with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

890.  As a direct and proximate result of Austin's actions, Jalisa Gonzaga has suffered damages.

WHEREFORE, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXXXIII – INVASION OF PRIVACY
### (State Claim – Against John Earle by Jalisa Gonzaga)

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, JOHN EARLE, in his individual capacity, and in support thereof states as follows:

891.  This is a cause of action for invasion of privacy against Earle, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

892.  Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

893.  Jalisa Gonzaga is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into her private life.

49236734 v1

894.   Earle violated Jalisa Gonzaga's right to privacy when he intruded into Jalisa Gonzaga's solitude and seclusion by entering her residence on multiple occasions without a warrant, probable cause, or exigent circumstances, and removing and damaging Jalisa Gonzaga's property.

895.   Earle invaded Jalisa Gonzaga's privacy with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

896.   As a direct and proximate result of Earle's actions, Jalisa Gonzaga has suffered damages.

WHEREFORE, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter judgment against Defendant, JOHN EARLE, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to punish Defendant, JOHN EARLE, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXXXIV – INVASION OF PRIVACY
### (State Claim – Against Michael Brown by Jalisa Gonzaga)

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, MICHAEL BROWN, in his individual capacity, and in support thereof states as follows:

897.   This is a cause of action for invasion of privacy against Brown, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

49236734 v1

898.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

899.   Jalisa Gonzaga is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into her private life.

900.   Brown violated Jalisa Gonzaga's right to privacy when he intruded into Jalisa Gonzaga's solitude and seclusion by entering her residence on multiple occasions without a warrant, probable cause, or exigent circumstances, and removing and damaging Jalisa Gonzaga's property.

901.   Brown invaded Jalisa Gonzaga's privacy with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

902.   As a direct and proximate result of Brown's actions, Jalisa Gonzaga has suffered damages.

WHEREFORE, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter judgment against Defendant, MICHAEL BROWN, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to punish Defendant, MICHAEL BROWN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXXXV – TRESPASS
### (State Claim – Against William Jimenez by Jalisa Gonzaga)

49236734 v1

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

903. This is a cause of action for trespass against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

904. Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

905. Jimenez trespassed on multiple occasions when he illegally entered Jalisa Gonzaga's home, searched and seized property, effects, and papers belonging to Jalisa Gonzaga, and interfered with Jalisa Gonzaga's enjoyment of her property.

906. Jimenez entered and searched Jalisa Gonzaga's property and seized Jalisa Gonzaga's property without a valid legal warrant, probable cause, or an exception to the warrant requirement.

907. Jimenez's affidavit for the after-the-fact search warrant and any probable cause were based on an improper and inadequate investigation and false and misleading statements and evidence.

908. Jimenez used false and manufactured evidence and misstatements as a basis for trespassing on Jalisa Gonzaga's property. Jimenez knew or should have known that the information used to substantiate the alleged probable cause to enter and search Jalisa Gonzaga's home was fabricated and

falsified, but he recklessly, maliciously, and in bad faith used the false evidence
to justify probable cause.

909.   Jimenez acted with actual malice, bad faith or ill will, and wanton
disregard for human rights and safety.

910.   As a result of Jimenez's actions, Jalisa Gonzaga has suffered
damages.

WHEREFORE, Plaintiff, JALISA GONZAGA, respectfully requests this
Court enter judgment against Defendant, WILLIAM JIMENEZ, an individual,
for all compensatory damages, all costs incurred in this action, and for such
other and further relief as this Court deems just and proper under the
circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of
punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct,
which would deter him and others from such conduct in the future.

## COUNT LXXXVI – TRESPASS
### (State Claim – Against Luke Austin by Jalisa Gonzaga)

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel,
sues Defendant, LUKE AUSTIN, in his individual capacity, and in support
thereof states as follows:

911.   This is a cause of action for trespass against Austin, and for
damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

912.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

913.   Austin trespassed on multiple occasions when he illegally entered Jalisa Gonzaga's home, searched and seized property, effects, and papers belonging to Jalisa Gonzaga, and interfered with Jalisa Gonzaga's enjoyment of her property.

914.   Austin entered and searched Jalisa Gonzaga's property and seized Jalisa Gonzaga's property without a valid legal warrant, probable cause, or an exception to the warrant requirement.

915.   Austin's affidavit for the after-the-fact search warrant and any probable cause were based on an improper and inadequate investigation and false and misleading statements and evidence.

916.   Austin used false and manufactured evidence and misstatements as a basis for trespassing on Jalisa Gonzaga's property. Austin knew or should have known that the information used to substantiate the alleged probable cause to enter and search Jalisa Gonzaga's home was fabricated and falsified, but he recklessly, maliciously, and in bad faith used the false evidence to justify probable cause.

917.   Austin acted with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

49236734 v1

918.   As a result of Austin's actions, Jalisa Gonzaga has suffered damages.

WHEREFORE, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXXXVII – FALSE ARREST/FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against William Jimenez by Jalisa  Gonzaga)

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support of this states as follows:

919.   This is a cause of action for false arrest/false imprisonment/false detention against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

920.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

921.   On or about July 16, 2019, Jimenez caused Jalisa Gonzaga to be deprived of her freedom and liberty and restrained in her movements at the

scene of her arrest and detention, which continued until she was released from custody.

922.  Jalisa Gonzaga's arrest, detention, and imprisonment was unlawful.

923.  As a direct and proximate cause of Jimenez's actions, Jalisa Gonzaga was illegally detained, arrested, and forced to be incarcerated, and suffered all consequences of the wrongful arrest.

924.  Jimenez acted in bad faith, with malice, and in reckless disregard for Jalisa Gonzaga's rights.

925.  Jimenez's actions proximately caused Jalisa Gonzaga to be deprived of her freedom and liberty and restrained in his movements at the scene of his arrest and detention, which continued until she was released from custody from the Orange County Jail.  Jimenez, in the absence of probable cause that Jalisa Gonzaga committed any criminal offense, either accomplished the arrest, detention, and imprisonment, or participated in or procured Jalisa Gonzaga's arrest, detention, and imprisonment.

926.  Jalisa Gonzaga's arrest, detention, and imprisonment were accomplished without a valid legal warrant, probable cause, or an exception to the warrant requirement.

927.  Jalisa Gonzaga's arrest, detention, and imprisonment were caused by and accomplished by Jimenez, who conducted a biased investigation and

failed to recognize the lack of probable cause or arguable probable cause to arrest, detain, and imprison Jalisa Gonzaga. Jimenez knowingly relied upon false information and failed to present the true and relevant facts to support Jalisa Gonzaga's arrest. This shows a lack of fundamental understanding of the elements of the law.

928.    Jimenez willfully arrested, detained, and imprisoned Jalisa Gonzaga.

929.    Jalisa Gonzaga's arrest, detention, and imprisonment was without her consent.

930.    The arrest, detention and imprisonment were unlawful.

931.    Jimenez acted with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

932.    As a direct and proximate result of Jimenez's actions, Jalisa Gonzaga has suffered damages including physical suffering, physical inconvenience, physical discomfort and pain, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the emotional and physical aspects of which are continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, an individual, for all compensatory damages, all costs incurred in this action, and for such

other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT LXXXVIII– FALSE ARREST/FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against Luke Austin by Jalisa  Gonzaga)

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support of this states as follows:

933.   This is a cause of action for false arrest/false imprisonment/false detention against Austin, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

934.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

935.   On or about July 16, 2019, Austin caused Jalisa Gonzaga to be deprived of her freedom and liberty and restrained in her movements at the scene of his arrest and detention, which continued until she was released from custody.

936. Jalisa Gonzaga's arrest, detention, and imprisonment was unlawful.

49236734 v1

937.   As a direct and proximate cause of Austin's actions, Jalisa Gonzaga was illegally detained, arrested, and forced to be incarcerated, and suffered all consequences of the wrongful arrest.

938.   Austin acted in bad faith, with malice, and in reckless disregard for Jalisa Gonzaga's rights.

939.   Austin's actions proximately caused Jalisa Gonzaga to be deprived of her freedom and liberty and restrained in her movements at the scene of his arrest and detention, which continued until she was released from custody from the Orange County Jail.  Austin, in the absence of probable cause that Jalisa Gonzaga committed any criminal offense, either accomplished the arrest, detention, and imprisonment, or participated in or procured Jalisa Gonzaga's arrest, detention, and imprisonment.

940.  Jalisa Gonzaga's arrest, detention, and imprisonment were accomplished without a valid legal warrant, probable cause, or an exception to the warrant requirement.

941.   Jalisa Gonzaga's arrest, detention, and imprisonment were caused by and accomplished by Austin, who conducted a biased investigation and failed to recognize the lack of probable cause or arguable probable cause to arrest, detain, and imprison Jalisa Gonzaga. Austin knowingly relied upon false information and failed to present the true and relevant facts to support

Jalisa Gonzaga's arrest. This shows a lack of fundamental understanding of the elements of the law.

942.    Austin willfully arrested, detained, and imprisoned Jalisa Gonzaga.

943.    Jalisa Gonzaga's arrest, detention, and imprisonment was without her consent.

944.    The arrest, detention and imprisonment were unlawful.

945.    Austin acted with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

946.    As a direct and proximate result of Austin's actions, Jalisa Gonzaga has suffered damages including physical suffering, physical inconvenience, physical discomfort and pain, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the emotional and physical aspects of which are continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, JALISA GONZAGA, seeks an award of punitive damages to

punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and
others from such conduct in the future.

### COUNT LXXXIX - 42 U.S.C. § 1983
**(Federal Claim – Against The City of Orlando by Jalisa Gonzaga)**

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel,
sues Defendant, CITY OF ORLANDO, in his individual capacity, and in
support thereof states as follows:

947.   This is a cause of action for violation of civil rights under 42 U.S.C.
§ 1983 against City.

948.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs
1-17 and 19-108, above, as if fully set forth herein.

949.   Jalisa Gonzaga has a right under the Fourth and Fourteenth
Amendments to the United States Constitution to be free from unreasonable
searches and seizures of her person and property, and to be secure that no
search or restraint of his person shall occur except upon due process of law.

950.   Jalisa Gonzaga has the right to be free from violations to her
constitutional rights.

951.   On or about July 16, 2019, OPD, as a law enforcement agency of
the City, and through its employees and agents acting in the scope of their
employment under color of law, deprived Jalisa Gonzaga of her rights under
the United States Constitution in violation of 42 U.S.C. § 1983, in that, without
probable cause that Jalisa Gonzaga had committed a violation of any law, it

208

illegally detained and confined Jalisa Gonzaga and caused her to be deprived of her liberty, thereby causing her physical and emotional pain and suffering.

952.   Further, OPD acted with the deliberate indifference to Jalisa Gonzaga's constitutional rights as a result of having either no policy in place, or a policy that permitted the wrongful detention and/or confinement of Jalisa Gonzaga and the violation of her constitutional rights.

953.   OPD had a custom and policy that permitted, encouraged, condoned, and ratified the violation of Jalisa Gonzaga's constitutional rights.

954.   The actions of OPD, as well as other employees and/or agents of OPD, were done pursuant to OPD's customs and practices and with the authorization and direction of its final policy maker, Police Chief Orlando Rolon.

955.   OPD failed to properly train its officers and demonstrated a deliberate indifference by failing to train its officers in the guidelines required for maintaining proper seizures, detention, and confinement of citizens.

956.   OPD's employees had inadequate training in the constitutional rights guaranteed by the United States Constitution and in the requirements for detainment or confinement of citizenry while officers were on "proactive patrol." OPD made proactive patrol a priority, but failed to properly train officers in active police stops for seatbelt violations initiated simply because of the way a person looks (i.e., the color of their skin). There was an obvious need

for training in this area, and OPD deliberately chose not to train or properly

supervise officers in this area.  But for this improper, inadequate, or non-

existent training, the incidents described in this Complaint would not have

occurred.  OPD officers were inadequately trained on entering a home without

a warrant and in how long, where, and in what circumstances a person can be

held outside in the Florida heat (in this instance it was for nine hours).

957.   The final policy maker for OPD, Chief Rolon, approved and ratified

the conduct of the OPD officers named as Defendants herein. Chief Rolon

publically stated that this specific case presents an opportunity to train OPD

officers:

> [When discussing how a seatbelt violation could lead to the
> actions taken by OPD officers on July 16, 2019]: "It is a valid
> concern if you see the disparity of vehicle stops in one
> segment of the community versus other.  I think this is once
> scenario that allows us to reflect on that.  That allows us to
> look at ourselves and say, 'Hey, to what extent to we want to
> exercise vehicle stops for seat belt violations in the city as a
> whole?'  So our biggest takeaway is not only the vehicle stop,
> what reason they had to do the vehicle stop." (Chief Rolon
> indicated he saw this incident as an opportunity to provide
> better training for officers.)

958.   The acts of OPD's employees were a direct and proximate result of

the failure of OPD to train its officers and the final policy decisions of the City.

959.   OPD, by and through its final decision maker Chief Rolon, directly

under color of law, directed, approved, ratified and ordered the unlawful and

deliberate conduct of OPD as described above and was involved in and made the decision to detain and arrest Jalisa Gonzaga.

960.  As a direct and proximate result cause of OPD's actions, Jalisa Gonzaga has suffered damages, including physical pain and suffering, emotional anguish, and damages including physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

961.  Jalisa Gonzaga also suffers as a result of the loss of her constitutional rights.

962.  Jalisa Gonzaga has retained the services of the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from City a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter an award of all compensatory damages against Defendant, THE CITY OF ORLANDO, award attorneys' fees and costs to Plaintiff, JALISA GONZAGA, pursuant to 42 U.S.C. § 1988, and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.

## COUNT XC – TRESPASS
### (State Claim – Against The City of Orlando by Jalisa Gonzaga)

49236734 v1

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, CITY OF ORLANDO, and in support thereof states as follows:

963.   This is a cause of action for trespass against City and for damages in excess of Thirty Thousand and 00/100 Dollars ($30,000.00).

964.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

965.   On July 16, 2019, OPD's employees and agents, acting within the course and scope of their employment, trespassed when an officer entered Jalisa Gonzaga's home without a warrant.

966.   Additionally, OPD officers trespassed when they destroyed and damaged Jalisa Gonzaga's personal property described above.

967.   As a result of the actions of OPD's agents and employees, Jalisa Gonzaga has suffered damages, including emotional anguish and suffering, all of which continue to this day and are likely to continue into the future.

WHEREFORE, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter judgment against Defendant, CITY OF ORLANDO, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT XCI – FALSE ARREST/FALSE IMPRISONMENT AND DETENTION
### (State Law Claim – Against The City of Orlando by Jalisa Gonzaga)

49236734 v1

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, CITY OF ORLANDO, and in support thereof states as follows:

968.   This is a cause of action for false arrest/detention against City for damages in excess of Thirty Thousand Dollars ($30,000).

969.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

970.   On July 16, 2019, OPD's employees and agents, acting within the course and scope of their employment, arrested or illegally detained Jalisa Gonzaga and restrained her in her movement, took her to jail, and detained her for over twelve hours.

971.   Jalisa Gonzaga has the right to be secure from unlawful restraint of her person and liberty, which may be restricted only upon due process of law.

972.   On July 16, 2019, the Officers, as OPD employees and officers and acting as agents of City under color of law, deprived Jalisa Gonzaga of her rights, in that they, without probable cause or arguable probable cause that Jalisa Gonzaga had committed a violation of law, caused Jalisa Gonzaga to be arrested and deprived of her liberty, thereby causing Jalisa Gonzaga physical and emotional pain and suffering, all in direct violation of the law of the State of Florida.

973.   The primary, obvious, and sole purpose of the illegal and wrongful detention of Jalisa Gonzaga's person was to deprive and infringe upon Jalisa Gonzaga's rights.   As a result, Jalisa Gonzaga was deprived of her rights. Violation of these rights entitles Jalisa Gonzaga to an award of damages for loss of those rights and for all damages that resulted therefrom.

974.   The Officers knew that their actions would deprive Jalisa Gonzaga of her legal rights, but proceeded with their unlawful actions with willful disregard for the consequences of their actions.

975.   The Officers took their unlawful actions with the knowledge that their actions were in direct violation of the United States Constitution, the laws of the State of Florida, and Jalisa Gonzaga's rights.   The Officers violated Jalisa Gonzaga's clearly established rights, of which every reasonable member of the public or governmental entity knows or should know.

976.   The Officers had no probable cause or arguable probable cause to believe that Jalisa Gonzaga had committed any crime and had no probable cause or arguable probable cause to detain, seize, search and otherwise violate Jalisa Gonzaga's rights.

977.   As a direct result of the Officers' actions, Jalisa Gonzaga has suffered damages which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the physical

214

and emotional aspects of which are continuing to this day and are likely to continue in the future.

978.   Jalisa Gonzaga also suffered damage as a result of this loss of her constitutional rights as more specifically identified above.

979.   Jalisa Gonzaga has retained the undersigned counsel to bring this action and is entitled to recover from the City a reasonable fee for said counsel.

WHEREFORE, Plaintiff, JALISA GONZAGA, respectfully requests this Court enter judgment against Defendant, CITY OF ORLANDO, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT XCII – BATTERY
### (State Claim – Against The City of Orlando by Jalisa Gonzaga)

Plaintiff, JALISA GONZAGA, by and through her undersigned counsel, sues Defendant, CITY OF ORLANDO, and in support thereof states as follows:

980.   This is a cause of action for battery against the City, and for damages exceeding Thirty Thousand and 00/100 Dollars ($30,000.00).

981.   Jalisa Gonzaga re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

982.   Without justification and in violation of Jalisa Gonzaga's rights, the City, through the actions of its police officers, employees, and agents acting

49236734 v1

in the course and scope of their employment, caused Jalisa Gonzaga to suffer
a harmful and offensive contact.

983.   At all relevant times, the City, through the actions of its officers,
agents or employees, intended to cause harm or offensive conduct to Jalisa
Gonzaga, which in fact occurred.

984.   As a direct and proximate result of the City's actions through its
employees and agents, for which the City is responsible, Jalisa Gonzaga has
suffered damages, which include physical inconvenience, physical discomfort
and pain, physical suffering, loss of time, mental suffering, embarrassment,
humiliation, disgrace, and injury to her feelings and reputation, the physical
and emotional aspects of which are continuing to this day and are likely to
continue in the future.

985.   The City was without legal justification to cause the offensive
conduct.

986.   All OPD officers named as Defendants herein were acting in their
capacity as OPD police officers under color of law.

WHEREFORE, for the foregoing reasons, Plaintiff, JALISA GONZAGA,
respectfully requests this Court to enter judgment against Defendant, CITY
OF ORLANDO, for all compensatory damages, all costs of this action, and for
such other and further relief as this Court deems just and proper under the
circumstances.

## COUNT XCIII - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/DETENTION)
### (Federal Claim – Against William Jimenez by D.F.)

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

987.  This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Jimenez.

988.  D.F. re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

989.  D.F. has the right under the Constitution of the United States to be secure from unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

990.  Jimenez, acting under color of law and as OPD employee, deprived D.F. of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that Jimenez's actions were a proximate cause of the D.F.'s illegal detention outside of her home on July 16, 2019 from approximately 1:00 p.m. until 10:00 pm.

991.  Jimenez's actions proximately caused D.F.'s detention in the absence of probable cause that D.F. had committed any criminal offense. Jimenez either accomplished the illegal detention, participated in, or procured D.F.'s nine (9) hour detention in her front yard.

217

49236734 v1

992.   Jimenez caused D.F. to be deprived of her freedom and liberty and caused her to be restrained in her movements while forcing her to sit/stand in her front yard of her home for nine (9) hours which continued until a search of her home was performed.

993.   The detention was accomplished without a valid, legal warrant, probable cause, or an exception to the warrant requirement.

994.   D.F.'s detention and confinement to a specific area in her front yard were caused by and accomplished by Jimenez, who failed to conduct a proper investigation and failed to follow the law.   D.F. was never under investigation for any crime.   Jimenez allegedly arrived at the scene to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle. Jimenez failed to recognize the lack of probable cause or arguable probable cause, which showed a fundamental lack of understanding of the elements and potential charges that can be levied against a person accused of a seat belt violation.   D.F. was never charged with a crime.

995.   Jimenez used the allegation of probable cause to believe there was cannabis and cannabis paraphernalia in D.F.'s home as a mere pretext or subterfuge for a criminal investigation, detention, or confinement.

996.   Jimenez failed to make a full and fair disclosure to the proper authorities about what he knew and he used fraud and other corrupt means to detain and confine D.F.

997.   The primary, obvious, and sole purpose of the illegal and wrongful detention of D.F. person was to deprive and infringe upon D.F.'s constitutional rights.   As a result, D.F. was deprived of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles D.F. to an award of damages for loss of those rights and for all damages that resulted therefrom.

998.  Jimenez knew that his actions would deprive D.F. of her constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

999.   Jimenez took the actions complained of with the knowledge that his actions were in direct violation of the United States Constitution and D.F.'s rights.  Jimenez's acts violated D.F.'s clearly established constitutional rights, of which every reasonable member of the public or governmental entity knows or should know.

1000. Jimenez had no probable cause or arguable probable cause to believe that D.F. had committed any crime and had no probable cause or arguable probable cause to detain, seize, search and otherwise violate D.F.'s constitutional rights.

1001. As a direct result of Jimenez's actions, D.F. has suffered damages which include physical inconvenience, physical discomfort and pain, physical suffering,  loss  of  time,  mental  suffering,  embarrassment,  humiliation,

disgrace, and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

1002. D.F. also suffered damage as a result of this loss of her constitutional rights as more specifically identified above.

1003. D.F. has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Jimenez a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, for compensatory damages, award Plaintiff, D.F., her attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, D.F. seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XCIV - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/DETENTION)
### (Federal Claim – Against Luke Austin by D.F.)

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

49236734 v1

1004. This is a cause of action for violation of civil rights under 42 U.S.C.
§ 1983 against Austin.

1005. D.F. re-alleges the allegations contained in paragraphs 1-17 and
19-108, above, as if fully set forth herein.

1006. D.F. has the right under the Constitution of the United States to
be secure from unlawful restraint of her person and liberty, which may be
restricted only upon due process of law under the Fourth and Fourteenth
Amendments of the United States Constitution.

1007. Austin, acting under color of law and as OPD employee, deprived
D.F. of her rights under the United States Constitution in violation of 42 U.S.C.
§ 1983, in that Austin's actions were a proximate cause of the D.F.'s illegal
detention outside of her home on July 16, 2019 from approximately 1:00 p.m.
until 10:00 pm.

1008. Austin's actions proximately caused D.F.'s detention in the
absence of probable cause that D.F. had committed any criminal offense.
Austin either accomplished the illegal detention, participated in, or procured
D.F.'s nine (9) hour detention in her front yard.

1009. Austin caused D.F. to be deprived of her freedom and liberty and
caused her to be restrained in her movements while forcing her to sit/stand in
her front yard of her home for nine (9) hours which continued until a search of
her home was performed.

1010. The detention was accomplished without a valid, legal warrant, probable cause, or an exception to the warrant requirement.

1011. D.F.'s detention and confinement to a specific area in her front yard were caused by and accomplished by Austin, who failed to conduct a proper investigation and failed to follow the law.  D.F. was never under investigation for any crime.  Austin allegedly arrived at the scene to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle.  Austin failed to recognize the lack of probable cause or arguable probable cause, which showed a fundamental lack of understanding of the elements and potential charges that can be levied against a person accused of a seat belt violation. D.F. was never charged with a crime.

1012. Austin used the allegation of probable cause to believe there was cannabis and cannabis paraphernalia in D.F.'s home as a mere pretext or subterfuge for a criminal investigation, detention, or confinement.

1013. Austin failed to make a full and fair disclosure to the proper authorities about what he knew and he used fraud and other corrupt means to detain and confine D.F.

1014. The primary, obvious, and sole purpose of the illegal and wrongful detention of D.F. person was to deprive and infringe upon D.F.'s constitutional rights.  As a result, D.F. was deprived of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these

222

rights entitles D.F. to an award of damages for loss of those rights and for all damages that resulted therefrom.

1015. Austin knew that his actions would deprive D.F. of her constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

1016. Austin took the actions complained of with the knowledge that his actions were in direct violation of the United States Constitution and D.F.'s rights. Jimenez's acts violated D.F.'s clearly established constitutional rights, of which every reasonable member of the public or governmental entity knows or should know.

1017. Austin had no probable cause or arguable probable cause to believe that D.F. had committed any crime and had no probable cause or arguable probable cause to detain, seize, search and otherwise violate D.F.'s constitutional rights.

1018. As a direct result of Austin's actions, D.F. has suffered damages which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

49236734 v1

1019. D.F. also suffered damage as a result of this loss of her constitutional rights as more specifically identified above.

1020. D.F. has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Austin a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, for compensatory damages, award Plaintiff, D.F., her attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.  Further, D.F. seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XCV - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/DETENTION)
### (Federal Claim – Against John Earle by D.F.)

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, JOHN EARLE, in his individual capacity, and in support thereof states as follows:

1021. This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Earle.

1022. D.F. re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

1023. D.F. has the right under the Constitution of the United States to be secure from unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

1024. Earle, acting under color of law and as an OPD employee, deprived D.F. of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that Earle's actions were a proximate cause of the illegal detention of D.F. outside of her home on July 16, 2019 from approximately 1:00 p.m. until 10:00 pm.

1025. Earle's actions proximately caused the detention of D.F. in the absence of probable cause that D.F. had committed any criminal offense.  Earle either accomplished the illegal detention, or participated in, investigated, or procured D.F.'s nine (9) hour detention in her front yard.

1026. Earle caused D.F. to be deprived of her freedom and liberty and caused her to be restrained in her movements while forcing her to sit/stand in her front yard of her home for nine (9) hours, which continued until a search of her home was performed.

1027. The detention was accomplished without a valid, legal warrant, without probable cause, and without an exception to the warrant requirement.

1028. D.F.'s detention and confinement to a specific area in her front yard were caused by and accomplished by Earle, who failed to conduct a proper

investigation and failed to follow the law. D.F. was never under investigation for any crime. Earle allegedly arrived at the scene to assist officers who originally made a vehicle stop to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle. Earle failed to recognize the lack of probable cause or arguable probable cause for D.F.'s detention and confinement, which shows a fundamental lack of understanding of the elements and potential charges that can be levied against a person accused of a seat belt violation. D.F. was never charged with a crime.

1029. Earle used the allegation of probable cause to believe there was cannabis and cannabis paraphernalia in D.F.'s home as a mere pretext or subterfuge for a criminal investigation, detention, or confinement.

1030. Earle failed to make a full and fair disclosure to the proper authorities about what he knew and used fraud and other corrupt means to detain and confine D.F..

1031. The primary, obvious, and sole purpose of Earle's actions was to deprive D.F. of her constitutional rights and to infringe upon D.F.'s constitutional rights. Earle engaged in conduct with reckless disregard of whether the conduct violates D.F.'s protected rights. Violation of these rights entitles D.F. to an award of damages for loss of those rights and for all damages that resulted therefrom.

49236734 v1

1032. Earle's conduct proximately caused the detention and confinement in the absence of probable cause or arguable probable cause that D.F. committed any criminal offense. Earle's conduct was a moving force behind the improper detention and confinement.

1033. As a direct and proximate result of Earle's actions, D.F. has suffered damages.

1034. D.F. has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Earle a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, JOHN EARLE, for compensatory damages, award Plaintiff, D.F., her attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, D.F. seeks an award of punitive damages to punish Defendant, JOHN EARLE, for his conduct which would deter him and others from such conduct in the future.

## COUNT XCVI - 42 U.S.C. § 1983 (ILLEGAL SEIZURE/DETENTION)
### (Federal Claim – Against Michael Brown by D.F.)

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, MICHAEL BROWN, in his individual capacity, and in support thereof states as follows:

1035. This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Brown.

1036. D.F. re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

1037. D.F. has the right under the Constitution of the United States to be secure from unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

1038. Brown, acting under color of law and as an OPD employee, deprived D.F. of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that Brown's actions were a proximate cause of the illegal detention of D.F. outside of her home on July 16, 2019 from approximately 1:00 p.m. until 10:00 pm.

1039. Brown's actions proximately caused the detention of D.F. in the absence of probable cause that D.F. had committed any criminal offense. Brown either accomplished the illegal detention, or participated in, investigated, or procured D.F.'s nine (9) hour detention in her front yard.

1040. Brown caused D.F. to be deprived of her freedom and liberty and caused her to be restrained in her movements while forcing her to sit/stand in her front yard of her home for nine (9) hours, which continued until a search of her home was performed.

1041. The detention was accomplished without a valid, legal warrant, without probable cause, and without an exception to the warrant requirement.

1042. D.F.'s detention and confinement to a specific area in her front yard were caused by and accomplished by Brown, who failed to conduct a proper investigation and failed to follow the law.  D.F. was never under investigation for any crime.  Brown allegedly arrived at the scene to assist officers who originally made a vehicle stop to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle.  Brown failed to recognize the lack of probable cause or arguable probable cause for D.F.'s detention and confinement, which shows a fundamental lack of understanding of the elements and potential charges that can be levied against a person accused of a seat belt violation.  D.F. was never charged with a crime.

1043. Brown used the allegation of probable cause to believe there was cannabis and cannabis paraphernalia in D.F.'s home as a mere pretext or subterfuge for a criminal investigation, detention, or confinement.

1044. Brown failed to make a full and fair disclosure to the proper authorities about what he knew and used fraud and other corrupt means to detain and confine D.F..

1045. The primary, obvious, and sole purpose of Brown's actions was to deprive D.F. of her constitutional rights and to infringe upon D.F.'s constitutional rights.  Brown engaged in conduct with reckless disregard of

whether the conduct violates D.F.'s protected rights. Violation of these rights entitles D.F. to an award of damages for loss of those rights and for all damages that resulted therefrom.

1046. Brown's conduct proximately caused the detention and confinement in the absence of probable cause or arguable probable cause that D.F. committed any criminal offense. Brown's conduct was a moving force behind the improper detention and confinement.

1047. As a direct and proximate result of Brown's actions, D.F. has suffered damages.

1048. D.F. has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Brown a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, MICHAEL BROWN, for compensatory damages, award Plaintiff, D.F., her attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances. Further, D.F. seeks an award of punitive damages to punish Defendant, MICHAEL BROWN, for his conduct which would deter him and others from such conduct in the future.

## COUNT XCVII - 42 U.S.C. § 1983 (ILLEGAL AND UNREASONABLE SEARCH)

49236734 v1

**(Federal Claim – Against William Jimenez by D.F.)**

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

1049. This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Jimenez.

1050. D.F. re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

1051. D.F. has the right under the Constitution of the United States to be secure from unlawful searches of her lawful home, papers, and effects, which may only be intruded upon through due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

1052. Jimenez, acting under color of law and as an OPD employee, deprived D.F. of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that, on more than one occasion, Jimenez, without probable cause, illegally entered and unreasonably searched D.F.'s home, papers, and effects.  Jimenez also deprived D.F. of these rights when he entered D.F.'s home without her permission, entered D.F.'s home to physically remove Jalisa Gonzaga, and illegally searched the residence for alleged drugs and paraphernalia without reason or cause to suspect such existed in the home.

1053.  The primary, obvious, and sole purpose of the searches was to deprive D.F. of her constitutional rights and infringe upon those rights. Jimenez engaged in conduct with reckless disregard of whether the conduct violated D.F.'s protected rights.  As a result, D.F. was deprived of her clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles D.F. to an award of damages for loss of those rights and for all damages that resulted therefrom.

1054. On multiple occasions, Jimenez entered and searched the residence for drugs and drug paraphernalia, and for a person (i.e., the unknown seatbelt violator) without a valid, legal warrant, without probable cause, and without an exception to the warrant requirement.

1055. The searches were caused by and accomplished by Jimenez, who conducted a biased investigation and who failed to follow the law. D.F. was never under investigation for any crime. Jimenez allegedly arrived at the scene to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle. Jimenez failed to recognize the lack of probable cause or arguable probable cause, which showed a fundamental lack of understanding of the elements and potential charges which could be levied against a person accused of a seat belt violation. D.F. was never charged with a crime.

1056. Jimenez unlawfully prepared and executed the after-the-fact affidavit for a search warrant. Jimenez's unlawful search cannot be used as

232

mere pretext or subterfuge for a criminal investigation, detention, arrest or confinement of law-abiding citizens.

1057. As a result of Jimenez's actions, D.F. has suffered damages.

1058. D.F. has also suffered damage as a result of her loss of constitutional rights as more specifically identified above.

1059. D.F. has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Jimenez a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, for the foregoing reasons, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, for compensatory damages, award Plaintiff, D.F., her attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.  Further, Plaintiff, D.F., seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XCVIII - 42 U.S.C. § 1983 (ILLEGAL AND UNREASONABLE SEARCH)
### (Federal Claim – Against Luke Austin by D.F.)

Plaintiff, D.F. by and through her undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

1060. This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against Austin.

1061. D.F. re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

1062. D.F. has the right under the Constitution of the United States to be secure from unlawful searches of her lawful home, papers, and effects, which may only be intruded upon through due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

1063. Austin, acting under color of law and as an OPD employee, deprived D.F. of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that, on more than one occasion, Austin, without probable cause, illegally entered and unreasonably searched D.F.'s home, papers, and effects. Austin also deprived D.F. of these rights when he entered D.F.'s home without her permission, entered D.F.'s home to physically remove Jalisa Gonzaga, and illegally searched the residence for alleged drugs and paraphernalia without reason or cause to suspect such existed in the home.

1064. The primary, obvious, and sole purpose of the searches was to deprive D.F. of her constitutional rights and infringe upon those rights. Austin engaged in conduct with reckless disregard of whether the conduct violated D.F.'s protected rights. As a result, D.F. was deprived of her clearly established rights under the Fourth and Fourteenth Amendments to the

234

United States Constitution.  Violation of these rights entitles D.F. to an award of damages for loss of those rights and for all damages that resulted therefrom.

1065. On multiple occasions, Austin entered and searched the residence for drugs and drug paraphernalia, and for a person (i.e., the unknown seatbelt violator) without a valid, legal warrant, without probable cause, and without an exception to the warrant requirement.

1066. The searches were caused by and accomplished by Austin, who conducted a biased investigation and who failed to follow the law.  D.F. was never under investigation for any crime.  Austin allegedly arrived at the scene to investigate a seat belt violation by a passenger in Janet Feliciano's vehicle. Austin failed to recognize the lack of probable cause or arguable probable cause, which showed a fundamental lack of understanding of the elements and potential charges which could be levied against a person accused of a seat belt violation.  D.F. was never charged with a crime.

1067. Austin unlawfully prepared and executed the after-the-fact affidavit for a search warrant. Austin's unlawful search cannot be used as mere pretext or subterfuge for a criminal investigation, detention, arrest or confinement of law-abiding citizens.

1068. As a result of Austin's actions, D.F. has suffered damages.

1069. D.F. has also suffered damage as a result of her loss of constitutional rights as more specifically identified above.

235

1070. D.F. has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from Austin a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

WHEREFORE, for the foregoing reasons, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, for compensatory damages, award Plaintiff, D.F., her attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.  Further, Plaintiff, D.F., seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT XCIX – INVASION OF PRIVACY
### (State Claim – Against William Jimenez by D.F.)

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

1071. This is a cause of action for invasion of privacy against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

1072. D.F. re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

1073. D.F. is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into her private life.

1074. Jimenez violated D.F.'s right to privacy when he intruded into D.F.'s solitude and seclusion by entering her residence on multiple occasions without a warrant, probable cause, or exigent circumstances, and removing and damaging D.F.'s property.

1075. Jimenez invaded D.F.'s privacy with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

1076. As a direct and proximate result of Jimenez's actions, D.F. has suffered damages.

WHEREFORE, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, D.F., seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT C – INVASION OF PRIVACY
### (State Claim – Against Luke Austin by D.F.)

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

1077. This is a cause of action for invasion of privacy against Austin, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

49236734 v1

1078. D.F. re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

1079. D.F. is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into her private life.

1080. Austin violated D.F.'s right to privacy when he intruded into D.F.'s solitude and seclusion by entering her residence on multiple occasions without a warrant, probable cause, or exigent circumstances, and removed and damaged D.F.'s property.

1081. Austin invaded D.F.'s privacy with actual malice, bad faith or ill will, and with wanton disregard for human rights and safety.

1082. As a direct and proximate result of Austin's actions, D.F. has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, D.F., seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT CI – INVASION OF PRIVACY
**(State Claim – Against John Earle by D.F.)**

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, JOHN EARLE, in his individual capacity, and in support thereof states as follows:

1083. This is a cause of action for invasion of privacy against Earle, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

1084. D.F. re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

1085. D.F. is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into her private life.

1086. Earle violated D.F.'s right to privacy when he intruded into D.F.'s solitude and seclusion by entering her residence on multiple occasions without a warrant, probable cause, or exigent circumstances, and removing and damaging D.F.'s property.

1087. Earle invaded D.F.'s privacy with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

1088. As a direct and proximate result of Earle's actions, D.F. has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, JOHN EARLE, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the

49236734 v1

circumstances. Further, Plaintiff, D.F., seeks an award of punitive damages to

punish Defendant, JOHN EARLE, for his conduct, which would deter him and

others from such conduct in the future.

### COUNT CII – INVASION OF PRIVACY
**(State Claim – Against Michael Brown by D.F.)**

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant,

MICHAEL BROWN, in his individual capacity, and in support thereof states

as follows:

1089. This is a cause of action for invasion of privacy against Brown, and

for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

1090. D.F. re-alleges the allegations contained in paragraphs 1-16 and

18-108, above, as if fully set forth herein.

1091. D.F. is guaranteed the right to privacy and the right to be let alone

and free from governmental intrusion into her private life.

1092. Brown violated D.F.'s right to privacy when he intruded into D.F.'s

solitude and seclusion by entering her residence on multiple occasions without

a warrant, probable cause, or exigent circumstances, and removing and

damaging D.F.'s property.

1093. Brown invaded D.F.'s privacy with actual malice, bad faith or ill

will, and wanton disregard for human rights and safety.

1094. As a direct and proximate result of Brown's actions, D.F. has

suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, MICHAEL BROWN, an individual, for all compensatory damages, all costs incurred in this action, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, D.F., seeks an award of punitive damages to punish Defendant, MICHAEL BROWN, for his conduct, which would deter him and others from such conduct in the future.

## COUNT CIII – TRESPASS
### (State Claim – Against William Jimenez by D.F.)

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states:

1095. This is a cause of action for trespass against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

1096. D.F. re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

1097. Jimenez trespassed on multiple occasions when he illegally entered D.F.'s home, searched and seized property, effects, and papers belonging to D.F., and interfered with D.F.'s enjoyment of her property.

1098. Jimenez entered and searched D.F.'s property and seized D.F.'s property without a valid legal warrant, probable cause, or an exception to the warrant requirement.

241

1099. Jimenez's affidavit for the after-the-fact search warrant and any probable cause were based on an improper and inadequate investigation and false and misleading statements and evidence.

1100. Jimenez used false and manufactured evidence and misstatements as a basis for trespassing on D.F.'s property. Jimenez knew or should have known that the information used to substantiate the alleged probable cause to enter and search D.F.'s home was fabricated and falsified, but he recklessly, maliciously, and in bad faith used the false evidence to justify probable cause.

1101. Jimenez acted with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

1102. As a result of Jimenez's actions, D.F. has suffered damages.

WHEREFORE, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, individually, for compensatory damages and all costs incurred for the prosecution of this matter, and provide such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, D.F., seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ, for his conduct, which would deter him and others from such conduct in the future.

## COUNT CIV – TRESPASS
### (State Claim – Against Luke Austin by D.F.)

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

1103. This is a cause of action for trespass against Luke Austin, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

1104. D.F. re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

1105. Austin trespassed on multiple occasions when he illegally entered D.F.'s home, searched and seized property, effects, and papers belonging to D.F., and interfered with D.F.'s enjoyment of her property.

1106. Austin entered and searched D.F.'s property and seized D.F.'s property without a valid legal warrant, probable cause, or an exception to the warrant requirement.

1107. Austin's affidavit for the after-the-fact search warrant and any probable cause were based on an improper and inadequate investigation and false and misleading statements and evidence.

1108. Austin used false and manufactured evidence and misstatements as a basis for trespassing on D.F.'s property. Austin knew or should have known that the information used to substantiate the alleged probable cause to enter and search D.F.'s home was fabricated and falsified, but he recklessly, maliciously, and in bad faith used the false evidence to justify probable cause.

1109. Austin acted with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

1110. As a result of Austin's actions, D.F. has suffered damages.

WHEREFORE, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, individually, for compensatory damages and all costs incurred for the prosecution of this matter, and provide such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, D.F., seeks an award of punitive damages to punish Defendant, LUKE AUSTIN, for his conduct which would deter him and others from such conduct in the future.

## COUNT CV – FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against William Jimenez by D.F.)

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, WILLIAM JIMENEZ, in his individual capacity, and in support thereof states as follows:

1111. This is a cause of action for false imprisonment/false detention against Jimenez, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

1112. D.F. re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

1113. Jimenez's actions proximately caused D.F.'s detention for nine hours in the hot Florida weather in the middle of summer on July 16, 2019.

49236734 v1

Jimenez, in the absence of probable cause that D.F. committed any criminal

offense, either accomplished the detention, participated in, or procured D.F.'s

detention.

1114. Jimenez caused D.F. to be deprived of her freedom and liberty and

to be restrained in her movements (confined to her yard and not allowed to

leave for any reason, including to use the bathroom or drink water for nine

hours). During her detention, D.F. was unable to leave and under threat of

arrest if she attempted to go in her home or leave in her car, which continued

for a full 9 hours until her home had been ransacked (illegally searched) by

OPD officers, including Jimenez.

1115. The detention and confinement was accomplished without a valid

legal warrant, probable cause, or an exception to the warrant requirement.

1116. Jimenez caused and accomplished D.F.'s detainment and

confinement, conducted a biased investigation, failed to recognize the lack of

probable cause or arguable probable cause to detain and confine D.F., and

knowingly relied upon false information and failed to present the true and

relevant facts to the judge who issued the search warrant. This shows a lack of

fundamental understanding of the elements of the law, including the elements

and potential charges that can be levied against a person accused of a seat belt

violation. D.F. was never charged with a crime.

1117. Jimenez failed to make a full and fair disclosure to the proper authorities about what he knew and used fraud and other corrupt means to falsely detain and confine D.F..

1118. Jimenez willfully detained and confined D.F..

1119. D.F.'s detention was without her consent.

1120. The detention and confinement was unlawful.

1121. D.F. was aware of the detention and confinement and further aware that she could not leave until allowed to by the officers.

1122. Jimenez acted with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

1123. As a direct and proximate result of Jimenez's actions, D.F. has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, WILLIAM JIMENEZ, for compensatory damages and all costs incurred for the prosecution of this matter, and provide such other and further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, D.F., seeks an award of punitive damages to punish Defendant, WILLIAM JIMENEZ for his conduct, which would deter him and others from such conduct in the future.

## COUNT CVI – FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against Luke Austin by D.F.)

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, LUKE AUSTIN, in his individual capacity, and in support thereof states as follows:

1124. This is a cause of action for false imprisonment/false detention against Austin, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

1125. D.F. re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

1126. Austin's actions proximately caused D.F.'s detention for nine hours in the hot Florida weather in the middle of summer on July 16, 2019. Austin, in the absence of probable cause that D.F. committed any criminal offense, either accomplished the detention, participated in, or procured D.F.'s detention.

1127. Austin caused D.F. to be deprived of her freedom and liberty and to be restrained in her movements (confined to her yard and not allowed to leave for any reason, including to use the bathroom or drink water for nine hours). During her detention, D.F. was unable to leave and under threat of arrest if she attempted to go in her home or leave in her car, which continued for a full 9 hours until her home had been ransacked (illegally searched) by OPD officers, including Austin.

1128. The detention and confinement was accomplished without a valid legal warrant, probable cause, or an exception to the warrant requirement.

1129. Austin caused and accomplished D.F.'s detainment and confinement, conducted a biased investigation, failed to recognize the lack of probable cause or arguable probable cause to detain and confine D.F., and knowingly relied upon false information and failed to present the true and relevant facts to the judge who issued the search warrant. This shows a lack of fundamental understanding of the elements of the law, including the elements and potential charges that can be levied against a person accused of a seat belt violation.  D.F. was never charged with a crime.

1130. Austin failed to make a full and fair disclosure to the proper authorities about what he knew and used fraud and other corrupt means to falsely detain and confine D.F..

1131. Austin willfully detained and confined D.F..

1132. D.F.'s detention was without her consent.

1133. The detention and confinement was unlawful.

1134. D.F. was aware of the detention and confinement and further aware that she could not leave until allowed to by the officers.

1135. Austin acted with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

1136. As a direct and proximate result of Austin's actions, D.F. has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, LUKE AUSTIN, for compensatory damages and all costs incurred for the prosecution of this matter, and provide such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, D.F., seeks an award of punitive damages to punish Defendant, LUKE AUSTIN for his conduct, which would deter him and others from such conduct in the future.

## COUNT CVII – FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against John Earle by D.F.)

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, JOHN EARLE, in his individual capacity, and in support thereof states as follows:

1137. This is a cause of action for false imprisonment/false detention against Earle, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

1138. D.F. re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

1139. Earle's actions proximately caused D.F.'s detention for nine hours in the hot Florida weather in the middle of summer on July 16, 2019. Earle, in the absence of probable cause that D.F. committed any criminal offense,

49236734 v1

either accomplished the detention, participated in, or procured D.F.'s detention.

1140. Earle caused D.F. to be deprived of her freedom and liberty and to be restrained in her movements (confined to her yard and not allowed to leave for any reason, including to use the bathroom or drink water for nine hours). During her detention, D.F. was unable to leave and under threat of arrest if she attempted to go in her home or leave in her car, which continued for a full 9 hours until her home had been ransacked (illegally searched) by OPD officers, including Earle.

1141. The detention and confinement was accomplished without a valid legal warrant, probable cause, or an exception to the warrant requirement.

1142. Earle caused and accomplished D.F.'s detainment and confinement, conducted a biased investigation, failed to recognize the lack of probable cause or arguable probable cause to detain and confine D.F., and knowingly relied upon false information and failed to present the true and relevant facts to the judge who issued the search warrant. This shows a lack of fundamental understanding of the elements of the law, including the elements and potential charges that can be levied against a person accused of a seat belt violation. D.F. was never charged with a crime.

49236734 v1

1143. Earle failed to make a full and fair disclosure to the proper authorities about what he knew and used fraud and other corrupt means to falsely detain and confine D.F..

1144. Earle willfully detained and confined D.F..

1145. D.F.'s detention was without her consent.

1146. The detention and confinement was unlawful.

1147. D.F. was aware of the detention and confinement and further aware that she could not leave until allowed to by the officers.

1148. Earle acted with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

1149. As a direct and proximate result of Earle's actions, D.F. has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, JOHN EARLE, for compensatory damages and all costs incurred for the prosecution of this matter, and provide such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, D.F., seeks an award of punitive damages to punish Defendant, JOHN EARLE for his conduct, which would deter him and others from such conduct in the future.

## COUNT CVIII – FALSE IMPRISONMENT/FALSE DETENTION
### (State Claim – Against Michael Brown by D.F.)

49236734 v1

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, MICHAEL BROWN, in his individual capacity, and in support thereof states as follows:

1150. This is a cause of action for false imprisonment/false detention against Brown, and for damages in excess of Thirty Thousand and no/100 Dollars ($30,000.00).

1151. D.F. re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

1152. Brown's actions proximately caused D.F.'s detention for nine hours in the hot Florida weather in the middle of summer on July 16, 2019. Brown, in the absence of probable cause that D.F. committed any criminal offense, either accomplished the detention, participated in, or procured D.F.'s detention.

1153. Brown caused D.F. to be deprived of her freedom and liberty and to be restrained in her movements (confined to her yard and not allowed to leave for any reason, including to use the bathroom or drink water for nine hours). During her detention, D.F. was unable to leave and under threat of arrest if she attempted to go in her home or leave in her car, which continued for a full 9 hours until her home had been ransacked (illegally searched) by OPD officers, including Brown.

1154. The detention and confinement was accomplished without a valid legal warrant, probable cause, or an exception to the warrant requirement.

1155. Brown caused and accomplished D.F.'s detainment and confinement, conducted a biased investigation, failed to recognize the lack of probable cause or arguable probable cause to detain and confine D.F., and knowingly relied upon false information and failed to present the true and relevant facts to the judge who issued the search warrant. This shows a lack of fundamental understanding of the elements of the law, including the elements and potential charges that can be levied against a person accused of a seat belt violation.  D.F. was never charged with a crime.

1156. Brown failed to make a full and fair disclosure to the proper authorities about what he knew and used fraud and other corrupt means to falsely detain and confine D.F..

1157. Brown willfully detained and confined D.F..

1158. D.F.'s detention was without her consent.

1159. The detention and confinement was unlawful.

1160. D.F. was aware of the detention and confinement and further aware that she could not leave until allowed to by the officers.

1161. Brown acted with actual malice, bad faith or ill will, and wanton disregard for human rights and safety.

1162. As a direct and proximate result of Jimenez's actions, D.F. has suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiff, D.F., respectfully requests this Court enter judgment against Defendant, MICHAEL BROWN, for compensatory damages and all costs incurred for the prosecution of this matter, and provide such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, D.F., seeks an award of punitive damages to punish Defendant, MICHAEL BROWN for his conduct, which would deter him and others from such conduct in the future.

## COUNT CIX - 42 U.S.C. § 1983
### (Federal Claim – Against The City of Orlando by D.F.)

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, CITY OF ORLANDO, and in support thereof states as follows:

1163. This is a cause of action for violation of civil rights under 42 U.S.C. § 1983 against City.

1164. D.F. re-alleges the allegations contained in paragraphs 1-17 and 19-108, above, as if fully set forth herein.

1165. D.F. has a right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures of her person and property, and to be secure that no search or restraint of his person shall occur except upon due process of law.

49236734 v1

1166. D.F. has the right to be free from violations to her constitutional rights.

1167. On or about July 16, 2019, OPD, as a law enforcement agency of the City, and through its employees and agents acting in the scope of their employment under color of law, deprived D.F. of her rights under the United States Constitution in violation of 42 U.S.C. § 1983, in that, without probable cause that D.F. had committed a violation of any law, it illegally detained and confined D.F. and caused her to be deprived of her liberty, thereby causing her physical and emotional pain and suffering.

1168. Further, OPD acted with the deliberate indifference to D.F.'s constitutional rights as a result of having either no policy in place, or a policy that permitted the wrongful detention and/or confinement of D.F. and the violation of her constitutional rights.

1169. OPD had a custom and policy that permitted, encouraged, condoned, and ratified the violation of D.F.'s constitutional rights.

1170. The actions of OPD, as well as other employees and/or agents of OPD, were done pursuant to OPD's customs and practices and with the authorization and direction of its final policy maker, Police Chief Orlando Rolon.

1171. OPD failed to properly train its officers and demonstrated a deliberate indifference by failing to train its officers in the guidelines required for maintaining proper seizures, detention, and confinement of citizens.

1172. OPD's employees had inadequate training in the constitutional rights guaranteed by the United States Constitution and in the requirements for detainment or confinement of citizenry while officers were on "proactive patrol." OPD made proactive patrol a priority, but failed to properly train officers in active police stops for seatbelt violations initiated simply because of the way a person looks (i.e., the color of their skin). There was an obvious need for training in this area, and OPD deliberately chose not to train or properly supervise officers in this area. But for this improper, inadequate, or non-existent training, the incidents described in this Complaint would not have occurred. OPD officers were inadequately trained on entering a home without a warrant and in how long, where, and in what circumstances a person can be held outside in the Florida heat (in this instance it was for nine hours).

1173. The final policy maker for OPD, Chief Rolon, approved and ratified the conduct of the OPD officers named as Defendants herein. Chief Rolon publically stated that this specific case presents an opportunity to train OPD officers:

> [When discussing how a seatbelt violation could lead to the actions taken by OPD officers on July 16, 2019]: "It is a valid concern if you see the disparity of vehicle stops in one segment of the community versus other. I think this is once

> scenario that allows us to reflect on that.  That allows us to
> look at ourselves and say, 'Hey, to what extent to we want to
> exercise vehicle stops for seat belt violations in the city as a
> whole?'  So our biggest takeaway is not only the vehicle stop,
> what reason they had to do the vehicle stop." (Chief Rolon
> indicated he saw this incident as an opportunity to provide
> better training for officers.)

1174. The acts of OPD's employees were a direct and proximate result of the failure of OPD to train its officers and the final policy decisions of the City.

1175. OPD, by and through its final decision maker Chief Rolon, directly under color of law, directed, approved, ratified and ordered the unlawful and deliberate conduct of OPD as described above and was involved in and made the decision to detain and arrest D.F..

1176. As a direct and proximate result cause of OPD's actions, D.F. has suffered damages, including physical pain and suffering, emotional anguish, and damages including physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

1177. D.F. also suffers as a result of the loss of her constitutional rights.

1178. D.F. has retained the services of the undersigned counsel to bring this action under 42 U.S.C. § 1983, and is entitled to recover from City a reasonable fee for said counsel pursuant to 42 U.S.C. § 1988.

257

WHEREFORE, Plaintiff, D.F., respectfully requests this Court to enter an award of all compensatory damages against Defendant, THE CITY OF ORLANDO, award attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and other applicable laws, and provide any other and further relief that the Court deems necessary and proper under the circumstances.

## COUNT CX – TRESPASS
**(State Claim – Against The City of Orlando by D.F.)**

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, CITY OF ORLANDO, and in support thereof states as follows:

1179. This is a cause of action for trespass against City and for damages in excess of Thirty Thousand and 00/100 Dollars ($30,000.00).

1180. D.F. re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

1181. On July 16, 2019, OPD's employees and agents, acting within the course and scope of their employment, trespassed when an officer entered D.F.'s home without a warrant.

1182. Additionally, OPD officers trespassed when they destroyed and damaged D.F.'s personal property described above.

1183. As a result of the actions of OPD's agents and employees, D.F. has suffered damages, including emotional anguish and suffering, all of which continue to this day and are likely to continue into the future.

49236734 v1

WHEREFORE, Plaintiff, D.F., respectfully requests this Court to enter a judgment against Defendant, THE CITY OF ORLANDO, for compensatory damages, all costs incurred in the prosecution of this action, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT CXI – FALSE ARREST/FALSE IMPRISONMENT AND DETENTION
**(State Claim – Against The City of Orlando by D.F.)**

Plaintiff, D.F., by and through her undersigned counsel, sues Defendant, CITY OF ORLANDO, and in support thereof states as follows:

1184. This is a cause of action for false arrest/detention against City for damages in excess of Thirty Thousand Dollars ($30,000).

1185. D.F. re-alleges the allegations contained in paragraphs 1-16 and 18-108, above, as if fully set forth herein.

1186. On July 16, 2019, OPD's employees and agents, acting within the course and scope of their employment, illegally detained D.F. and restrained her in her movement for over nine (9) hours.

1187. D.F. has the right to be secure from unlawful restraint of her person and liberty, which may be restricted only upon due process of law.

1188. On July 16, 2019, the Officers, as OPD employees and officers and acting as agents of City under color of law, deprived D.F. of her rights, in that they, without probable cause or arguable probable cause that D.F. had committed a violation of law, caused D.F. to be detained and deprived of her

49236734 v1

liberty, thereby causing D.F. physical and emotional pain and suffering, all in direct violation of the law of the State of Florida.

1189. The primary, obvious, and sole purpose of the illegal and wrongful detention of D.F.'s person was to deprive and infringe upon D.F.'s rights. As a result, D.F. was deprived of her rights. Violation of these rights entitles D.F. to an award of damages for loss of those rights and for all damages that resulted therefrom.

1190. The Officers knew that their actions would deprive D.F. of her legal rights, but proceeded with their unlawful actions with willful disregard for the consequences of their actions.

1191. The Officers took their unlawful actions with the knowledge that their actions were in direct violation of the United States Constitution, the laws of the State of Florida, and D.F.'s rights. The Officers violated D.F.'s clearly established rights, of which every reasonable member of the public or governmental entity knows or should know.

1192. The Officers had no probable cause or arguable probable cause to believe that D.F. had committed any crime and had no probable cause or arguable probable cause to detain, seize, search and otherwise violate D.F.'s rights.

1193. As a direct result of the Officers' actions, D.F. has suffered damages which include physical inconvenience, physical discomfort and pain,

physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

1194. D.F. also suffered damage as a result of this loss of her constitutional rights as more specifically identified above.

1195. D.F. has retained the undersigned counsel to bring this action and is entitled to recover from the City a reasonable fee for said counsel.

WHEREFORE, for the foregoing reasons, Plaintiff, D.F., respectfully requests this Court to enter Judgment against Defendant, THE CITY OF ORLANDO, a municipal corporation, for compensatory damages, all costs in the prosecution of this matter, and such other and further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs, JANET FELICIANO, JANET FELICIANO as next friend and Guardian of D.F., ETHAN GONZAGA, EDGARDO GONZAGA, and JALISA GONZAGA, through counsel, hereby demand a trial by jury on all issues so triable.

49236734 v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of October, 2022, a copy of the

foregoing was served via the Court's CM/ECF system on the following:

DEREK J. ANGELL
Primary Email:
dangell@roperpa.com
Secondary Email:
nzachman@roperpa.com
ROPER, P.A.
2707 E Jefferson St
Orlando, Florida 32803
(407) 897-5150 Telephone
*Attorney for Defendants*

*/s/ Howard S. Marks*
**HOWARD S. MARKS** (FL Bar #0750085)
Primary Email:  hmarks@burr.com
Secondary Email:  echaves@burr.com
Secondary Email: mjett@burr.com
**GENNIFER BRIDGES** (FL Bar #72333)
Email: gbridges@burr.com
Secondary Email: nwmosley@burr.com
**BURR & FORMAN LLP**
200 South Orange Avenue, Suite 800
Orlando, Florida  32801
Telephone: (407) 540-6600
*Attorneys for Plaintiffs*

49236734 v1